IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| WALTER RAGLIN | Case No. C-1-00-767 |
| Petitioner | Judge Rice |
| v. | Magistrate Merz |
| BETTY MITCHELL, WARDEN | |
| Respondent. | |

**MOTION TO DISMISS RAGLIN'S SECOND, THIRTY-SEVENTH
AND THIRTY-EIGHTH GROUNDS FOR RELIEF AND MOTION TO VACATE
ABATEMENT OF CASE**

**I.    Introduction**

Petitioner Walter Raglin is an Ohio death row inmate who has been sentenced to death for

the robbery and murder of Michael Bany.  Raglin has requested that this Court grant him a writ of

habeas corpus overturning his conviction and death sentence.

Walter Raglin filed his first habeas corpus petition on September 13, 2000.   (Doc. R. 14).

The Warden filed a timely Return of Writ.   Since that time, this case has had a tortured history.

Raglin's counsel have exceeded their budget by pursuing a range of patently meritless claims.

1



When this Court pushed Raglin's counsel off of the gravy train and cut off further payments, Raglin delayed this case by filing two separate appeals to the Sixth Circuit. He was rebuffed both times.

This Court granted Raglin leave to conduct discovery. To date, Raglin has deposed the trial prosecutors and performed a records deposition of the Cincinnati police department.

Raglin has seriously delayed filing his motion for an evidentiary hearing. This Court has granted Raglin extensions of time of more than 11 months to present this motion. On July 1, 2003 Raglin missed his third deadline for requesting an evidentiary hearing.

Now, after three years of litigation, Raglin has filed an amended habeas corpus petition that excises twelve claims and adds three new ones. Thos three new claims are: (1) an ineffective assistance of counsel claim (Second Ground for Relief, subpart D), (2) a *Brady* claim (Thirty-Seventh Ground for Relief), and (3) a *Giglio* claim (Thirty-Eighth Ground for Relief). Raglin has also sought to stay his case while he pursues these "newly discovered" claims in state court.

The Warden respectfully requests that this Court dismiss those three claims because Raglin has failed to seek to amend his habeas corpus petition within the statute of limitations. In the alternative, the Warden respectfully requests that these claims be excised because Raglin has not shown good cause for waiting over one year from the "discovery" of new information to come forward to the Court with a request to amend.

The Warden further requests that this Court vacate the abatement of the case that it entered on August 4, 2003 because the abatement was obtained to exhaust time-barred claims.

## II.     These Claims Are Barred By the Statute of Limitations

### A.     Legal Standards

Under 28 U.S.C. §2244(d)(1), a petitioner seeking a writ of habeas corpus must file their

petition within one year.   Under §2244(d)(2), the statute of limitations is tolled whenever a

"properly filed" application for post-conviction is pending.     These subsections state, in their

entirety:

> (d) (1)     A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment
> of a State court. The limitation period shall run from the latest of—
>
>> (A)     the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>>
>> (B)     the date on which the impediment to filing an application created
>> by State action in violation of the Constitution or laws of the
>> United States is removed, if the applicant was prevented from
>> filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; or
>>
>> (D)     the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2)     The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

The AEDPA statute of limitations begins to run from the latest of four circumstances,

one of which is "the date on which the [state court] judgment became final by the conclusion of

direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however,

by the amount of time that "a properly filed application for State post-conviction or other

3

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§2244(d)(2).  *See also Artuz v. Bennett,* 531 U.S. 4 (2000); *Israfil v. Russell,* 276 F.3d 768 (6th

Cir. 2001).

> **B.      Raglin Failed To File Within 365 Days Of The Completion Of His State Court Proceedings.**

Raglin's direct appeal in this matter concluded on March 1, 1999 – the date that the

United States Supreme Court denied certiorari on Raglin's direct appeal.  However, the one-year

clock did not start ticking on Raglin's case until the conclusion of his two post-conviction

matters:  his Application to Reopen (which concluded on March 3, 1999) and his post-conviction

petition (which concluded when the Ohio Supreme Court declined jurisdiction on October 27,

1999).    Thus, as a practical matter, Raglin had until October 26, 2000 to file his habeas corpus

petition and any amendments.

Raglin has now filed an amended petition with new claims.  These claims are barred by

the statute of limitations because they are nearly three years late.

> **C.      Raglin Has Failed To File His Amended Petition Within 365 Days Of The Discovery Of These Materials.**

Raglin expressly states in both his Motion to File Instanter that these facts are "based on

facts discovered by counsel for petitioner on June 8, 2001 during discovery conducted in these

federal habeas proceedings." *Motion to File Instanter* at 2.

However, the statute of limitations for newly discovered claims is not governed by the

date of discovery.    It is governed by the date that the factual predicate "could have been

discovered through the exercise of due diligence."   §2244(d)(2)(D).   In this case, Raglin's new

claim revolve around his assertion that he "demonstrated significant and profound remorse after

the shooting."  *Motion to Hold Proceedings in Abeyance* at 2.   All of these assertions center on

4

Raglin's conversations with Natasha Lowery and Ronnell Mumphrey. Raglin suggests that he was unable to discover this information until he obtained discovery in federal court. This suggestion is absurd. Raglin certainly was aware of his conversations with Natasha Lowery and Ronnell Mumphrey. Raglin "discovered" this evidence at the same moment that he was talking with these folks – in 1996, before the trial had even begun. This information is not "newly discovered" and Raglin can not take advantage of §2244(d)(2)(D).

Raglin has missed his statute of limitations *even* if the date of discovery is used under §2244(d)(2)(D). Raglin states that he discovered this evidence on June 8, 2001. That means that under §2244(d)(2)(D), he had one year in which to amend his habeas corpus petition. That date ended on June 8, 2002. Raglin has missed this date by over a year. These claims should be dismissed.

### III.    Conclusion

This Court should dismiss the following grounds for relief due to Raglin's failure to file within the statute of limitations: Second Ground for Relief (subpart D), Thirty-Seventh Ground for Relief, and Thirty-Eighth Ground for Relief.

Because this Court abated the case to permit Raglin to exhaust these three claims, the Warden also requests that this Court vacate its abatement of the case.

Respectfully submitted,

JIM PETRO
Attorney General for the State of Ohio


HENRY G. APPEL  (#0068479)
Assistant Attorney General


CHARLES L. WILLE (#0056444)
Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
Phone:  (614) 728-7055
Fax:      (614) 728-8600
Counsel for Respondent

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Motion To Dismiss Raglin's Second, Thirty-Seventh And Thirty-Eighth Grounds For Relief* was served on the following people by ordinary U.S. Mail, postage prepaid this 6th day of August, 2003.

James D. Owen, Esq.
CLOUD, KOENIG & OWEN
5354 North High St.  Suite 3D
Columbus, OH  43214


Henry G. Appel (#0068479)


F:\Capcrime\Henry\Raglin\Raglin.Motion To Dismiss Claims For Relief 37 & 38.Doc