IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WALTER RAGLIN,

    Petitioner,

Case No. 1:00-cv-767

    -vs-

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Respondent's Motion to Dismiss the Second, Thirty-Seventh, and Thirty-Eighth Grounds for Relief in Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 71).[1]

Respondent notes that the claims in question were not asserted until after this case had been pending for several years and argues this means the claims are barred by the one-year statute of limitations in 28 U.S.C. §2244(d). Respondent notes that Petitioner did not even move to amend the Petition to assert these claims until more than one year after the factual predicate for them was allegedly discovered.

---

[1] The Court granted the Petitioner's Motion to Amend on August 4, 2003 (Doc. No. 70), but at the same time stayed proceedings to permit Petitioner to exhaust state court remedies for these new claims. Therefore, the Amended Petition was not actually filed until March 8, 2005, after the stay was dissolved. However, Respondent's instant Motion is directed to claims newly made in the Amended Petition.

-1-

There is no dispute that the original Petition in this case was filed within the time allowed by §2244(d). That statute, which created a statute of limitations for the first time for habeas corpus petitions, does not speak to amendments to such petitions. Nor is that question addressed by the Rules Governing §2254 Cases. The Court must therefore have recourse to the Federal Rules of Civil Procedure. See Rule 11, Rules Governing §2254 Cases.

Fed. R. Civ. P. 15 governs amendments to pleadings in civil cases. Fed. R. Civ. P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." These new claims plainly related to the same transaction as the original Petition, to wit, Petitioner's conviction and sentence of death in the Ohio courts. Therefore the amendments relate back to the date the original Petition was filed.

Respondent's Motion to Dismiss should therefore be denied.

March 31, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).