## In The United States District Court
## For The Southern District of Ohio

| | |
|---|---|
| Walter Raglin | |
|       Petitioner | Case No. C-1-00-767 |
| v. | Judge Rice |
| Betty Mitchell, Warden | Magistrate Merz |
|       Respondent. | |

# Appeal of Magistrate Decision

## I.    Introduction

Walter Raglin is an Ohio death row inmate who has been sentenced to death for the 1995 murder of Michael Bany.

The Warden is hereby objecting under Fed. R. Civ. P. 72(b) to the Magistrate's March 31, 2005 Report and Recommendation which rejected the Warden's motion to dismiss several claims that were added in an untimely amended habeas petition.    The Warden acknowledges that there is a current Circuit split on this issue, and that the Magistrate's ruling is consistent with the approach taken by the Seventh and Ninth Circuits.    The Magistrate's approach is inconsistent with the Third, Fourth, Eighth, Eleventh and D.C. Circuits.    The Warden is raising these objections in order to preserve her rights to later appeal. *See generally*, *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001).

## II.    Brief Procedural History

Raglin filed a timely habeas corpus petition on September 13, 2000.  Doc. R. 14.  On August 4, 2003 Raglin filed a motion for leave to file an amended petition instanter. Doc. R. 68.  At the same time, Raglin filed  a motion to hold his case in abeyance while he exhausted claims that he raised in his amended petition. Doc. R. 69.  The Magistrate granted the motion to stay the case on the same day. Doc. R. 70.

On August 8, 2003, the Warden filed a motion seeking to (1) dismiss Raglin's new claims for relief, because they were barred by the statute of limitations and (2) vacate the abatement because the abatement was premised solely on untimely claims.  Doc. R. 71.  On September 30, 2003, this Court held that the Warden's motion would not be reviewed until Raglin had exhausted his claims.  Doc. R. 72.

On March 3, 2005, the Magistrate, noting that the Ohio Supreme Court had recently denied leave to appeal on Raglin's successive post-conviction action, *sua sponte* placed Raglin's case back on the active calendar, and ordered Raglin to file an opposition to the motion to dismiss by March 28, 2005.  Doc. R. 75. Raglin did not file any opposition.

On March 31, 2005, the Magistrate issued a Report and Recommendation rejecting the Warden's motion to dismiss, concluding that the additional claims were properly raised under Civ. R. 15(c)(2).  Doc. R. 77.

## III.   Raglin's New Claims Are Barred By the Statute of Limitations

### A.    Legal Standards

Under 28 U.S.C. §2244(d)(1), a petitioner seeking a writ of habeas corpus must file their petition within one year. Under §2244(d)(2), the statute of limitations is tolled whenever a "properly filed" application for post-conviction is pending. These subsections state, in their entirety:

(d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). *See also Artuz v. Bennett*, 531 U.S. 4 (2000); *Israfil v. Russell*, 276 F.3d 768 (6th Cir. 2001).

### B.    Raglin Failed To File Within 365 Days Of The Completion Of His State Court Proceedings.

Raglin's direct appeal in this matter concluded on March 1, 1999 – the date that the United States Supreme Court denied certiorari on Raglin's direct appeal. However, the one-year clock did not start ticking on Raglin's case until the conclusion of his two post-conviction matters: his Application to Reopen (which concluded on March 3, 1999) and his post-conviction petition (which concluded when the Ohio Supreme Court declined jurisdiction on October 27, 1999). Thus, as a practical matter, Raglin had until October 26, 2000 to file his habeas corpus petition and any amendments.

On August 4, 2003 Raglin filed an amended petition with the following new claims: (1) an ineffective assistance of counsel claim (Second Ground for Relief, subpart D), (2) a *Brady* claim (Thirty-Seventh Ground for Relief), and (3) a *Giglio* claim (Thirty-Eighth Ground for Relief). Doc. R. 69.

These claims are barred by the statute of limitations because they are nearly three years late.

### C.    Raglin Has Failed To File His Amended Petition Within 365 Days Of The Discovery Of These Materials.

4

Raglin expressly states in his Motion to File Instanter that the facts underlying these new claims were "discovered by counsel for petitioner on June 8, 2001 during discovery conducted in these federal habeas proceedings." Doc. R. 69, p. 2.

If this Court applies the date of discovery, Raglin will still have missed his statute of limitations. *See* §2244(d)(2)(D). Raglin states that he discovered this evidence on June 8, 2001. That means that under §2244(d)(2)(D), he had one year in which to amend his habeas corpus petition. That date ended on June 8, 2002. Raglin has missed this date by over a year.

In reality, it is even worse than this. The statute of limitations for newly discovered claims is not governed by the date of discovery. It is governed by the date that the factual predicate "could have been discovered through the exercise of due diligence." §2244(d)(2)(D). In this case, Raglin's new claim revolve around his assertion that he "demonstrated significant and profound remorse after the shooting." Doc. R. 69, p. 2. All of these assertions center on Raglin's conversations with Natasha Lowery and Ronnell Mumphrey. Raglin suggests that he was unable to discover this information until he obtained discovery in federal court. This suggestion is absurd. Raglin certainly was aware of his conversations with Natasha Lowery and Ronnell Mumphrey. Raglin "discovered" this evidence at the same moment that he was talking with these folks – in 1996, before the trial had even begun. This information is not "newly discovered" and Raglin can not take advantage of §2244(d)(2)(D).

### D. The Doctrine of Relating Back Under Fed. R. Civ. P. 15(c)(2) Does Not Apply In This Situation

The Magistrate held that the Warden's motion to dismiss was not well-taken because of the doctrine of relation back under Fed. R. Civ. P. 15(c)(2). According to the Magistrate "These new claims plainly related to the same transaction as the original Petition, to wit, Petitioner's conviction and sentence of death in the Ohio courts." Doc. R. 77, p.2.

It bears noting that the United States Supreme Court has taken up this very issue, and this matter is scheduled to be argued on April 17, 2005. *See Mayle v. Felix*, 125 S.Ct. 824 (2005). The question presented before the United States Supreme Court is as follows:

> When a habeas petitioner challenging a state judgment amends his petition to include a new claim, does the amendment relate back to the date of the filing of his petition and thus avoid the one-year statute of limitations, 28 U.S.C. §2244(d)(1), so long as the new claim stems from the prisoner's trial, conviction, or sentence?

The Court has accepted this case to resolve a circuit split that exists about the extent to which Civil Rule 15(c)(2) permits habeas petitioners to amend their petitions to include new claims after the statute of limitations has expired.

The majority of the circuits have limited amendments to claims arising from the "same set of facts" as the timely filed claims, but prohibiting amendments with claims pertaining to events separate in "both time and type." *See generally United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002); *Davenport v. United States*, 217 F.3d 1341, 1344-45 (11th Cir. 2000); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337-38 (3rd Cir. 1999); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999). The circuits are split on this issue, with the Seventh and

Ninth Circuits taking the minority position that parallels the Magistrate's decision here.  *See Felix v. Mayle*, 379 F.3d 612 (9th Cir. 2004); *Ellzey v. United States*, 324 F.3d 521 (7th Cir. 2003).

Without belaboring the obvious, the "new" arguments undoubtedly arise from different facts – specifically, the conversation that Raglin allegedly had with Natasha Lowery and Ronnell Mumphrey.  That this is a "new" argument is proven by the fact that Raglin was required to exhaust the claim.   That is, if the new argument was based on existing facts, and merely clarified already-existing arguments, then there would have been no need to exhaust.  This position is supported by the Sixth Circuit's caselaw on fair presentation.  *See generally Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (establishing how a claim can be fairly presented); *Buell v. Mitchell*, 274 F.3d 337, 361 (6th Cir. 2001) (a legal claim will not be fairly presented when the petitioner relied upon a different legal theory during state court); *Lott v. Coyle*, 261 F.3d 594, 618-619 (6th Cir. 2001) (a claim is not fairly presented when the petitioner relied on different facts to the state court).

The Warden submits that this Court should adopt the majority position.  In capital cases, the Magistrate's reading of Rule 15(c)(2) allow all claims arising from a condemned inmate's trial, conviction or sentence to relate back to a timely filed petition.  This will give condemned inmates incentive to practice piecemeal litigation for purposes of delay. And delay in challenges to state convictions, especially in capital cases, is exactly what AEDPA was intended to eliminate.  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Indeed, that is what has happened in this case. Raglin fully litigated the claims in his habeas petition. He waited until he had completed the litigation of these original claims, to raise a *new* round of litigation. This effort was successful. Raglin obtained a stay of the proceedings in this Court, to allow him to exhaust his "new" claims in state court. This bought him an additional two years of delay.

The simple fact is that this delay would not have occurred if Raglin had promptly amended this petition when he received this information in discovery. But he did not. Instead, he chose to sit on this material for approximately two years. Ironically, this was almost the same amount of time that it took to exhaust his "new" claims in state court.

Had Raglin immediately sought to exhaust his claims in state court, the parties could have continued to litigate the other claims, and allowed the supplemental claims to "catch up."

In the alternative, the Warden submits that the Magistrate abused his discretion in permitting Raglin to amend his habeas petition where Raglin had clearly engaged in dilatory tactics to delay this case.

Respectfully submitted,

JIM PETRO
Attorney General for the State of Ohio

/s *Henry G. Appel*

HENRY G. APPEL  (#0068479
Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
Phone:  (614) 728-7055
Fax:      (614) 728-8600

Counsel for Respondent

## Certificate of Service

The Warden hereby notifies this Court that she has served the foregoing by ordinary mail postage prepaid to the following people on or before April 7, 2005:

James D. Owen, Esq.
CLOUD, KOENIG & OWEN
5354 North High St.  Suite 3D
Columbus, OH  43214

/s *Henry G. Appel*

HENRY G. APPEL  (#0068479