IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WALTER RAGLIN,
:
    Petitioner,                                Case No. 1:00-cv-767

:        District Judge Walter Herbert Rice
    -vs-                                   Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,
:
    Respondent.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Respondent's Motion to Dismiss the Second, Thirty-Seventh, and Thirty-Eighth Grounds for Relief in Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 71).

Procedural History

On August 4, 2003, the Court granted Petitioner's Motion to filed an amended petition forthwith and to stay these proceedings pending exhaustion of the newly-added claims in the state courts of Ohio (Doc. No. 70). Respondent immediately filed the instant Motion to Dismiss and sought to have the stay of proceedings vacated. The Court declined that relief and allowed the state court matter to proceed. When the Court learned in March, 2005, that the state court remedies had been exhausted, it vacated the stay, ordered Respondent to supplement the record, and set March

28, 2005, as the date by which Petitioner should respond to the Motion to Dismiss (Doc. No. 75). Although Petitioner filed no opposition, the Court concluded that the Motion to Dismiss was not well taken, based on the Court's interpretation of Fed. R. Civ. P. 15(c)(2), and recommended that the Motion to Dismiss be denied (Report and Recommendations, Doc. No. 77). Respondent objected to that Report (Doc. No. 82) and it was withdrawn (Doc. No. 83), based on the pendency of *Mayle v. Felix* before the United States Supreme Court.

On June 23, 2005, the Supreme Court decided *Mayle* and the Court thereupon ordered (Doc. No. 85) Petitioner to show cause not later than July 7, 2005, why the Motion to Dismiss should not be granted on the basis of that decision. Petitioner has filed no response to the Order to Show Cause.

**Analysis**

The Magistrate Judge had initially granted permission to add the new claims and then recommended denying the instant Motion to Dismiss based on the theory that, since the original Petition was timely filed, any amendments which related to the same trial and conviction would "relate back" to the date of the original Petition as provided in Fed. R. Civ. P. 15(c)(2). However, in *Mayle v. Felix*, ___ U.S. ___, ___ S.Ct. ___, 2005 WL 1469153 (June 23, 2005), the Supreme Court rejected this broad view of relation back. It held that the relation back doctrine will only apply to newly-added claims which share a "common core of operative facts" with claims which have been timely made. It interpreted the "conduct, occurrence, or transaction" language of Rule 15(c)(2) to refer to the facts giving rising to a particular habeas corpus claim, rather than to the trial

and eventual conviction which are being attacked in the habeas proceeding. It expressly held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

Although Petitioner's conviction became final on direct appeal on March 1, 1999, the date the United States Supreme Court denied certiorari, the statute of limitations was tolled by virtue of 28 U.S.C. §2244(d)(2) until his post-conviction case became final on October 27, 1999. The statute commenced to run on that date and expired October 27, 2000. The Amended Petition adding the three claims now sought to be dismissed was not filed until August 3, 2003. Thus the three claims are barred by the statute of limitations as interpreted by the Supreme Court in *Mayle* unless they rely on facts pled in the original Petition.

The newly-added claims are subpart D of the Second Ground for Relief and Grounds for Relief Thirty-seven and Thirty-eight. Those claims read as follows:

> **Ground Two:** "Walter Raglin was denied his right to the effective assistance of counsel at the mitigation phase of his capital trial in violation of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments [in that] Trial Counsel failed to adequately investigate and present significant evidence of remorse." (Amended Petition, Doc. No. 76, at 30).
>
> **Ground Thirty-Seven:** "The trial prosecutors failed in Walter Raglin's case to meet their constitutional obligations [under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), in that they failed] to inform defense counsel that statements taken by investigating police clearly indicated that Walter Raglin expressed remorse for his involvement in the shooting death of Michael Bany." *Id*. at 78.
>
> **Ground Thirty-Eight:** The trial prosecutors violated Petitioner's constitutional rights by arguing falsely that Petitioner showed no remorse, in violation of the doctrine established in *Giglio v. United*

*States*, 405 U.S. 150, 154 (1972). *Id*. at 79.

These newly-added claims do not relate back to the filing of the original Petition because they rely on different facts from those pleaded in support of any of the thirty-six claims made in that document. Nowhere in the original Petition does Mr. Raglin assert any facts relative to lack of investigation about remorse, to failure to disclose evidence, or to a claim of false argument by the prosecutors. While trial counsel are alleged to have been ineffective and the trial prosecutors are alleged to have engaged in misconduct, none of the facts relied upon for those allegations are part of a common core of operative facts with the facts relied upon for the newly-added claims.

Respondent notes in her Motion to Dismiss that Petitioner claims the facts supporting the newly-added claims are newly discovered during the course of discovery in this case. Were that so, Petitioner could avoid the need for relation back because the statute of limitations does not begin to run on such claims until they are discovered. However, that argument is unavailing. In the first place, Petitioner knew of his expressions of remorse made to Natasha Lowery and Ronnell Mumphrey at the time he made them in 1996. He did not "discover" them when his current counsel learned of them in discovery in this case in 2001. Secondly, as Respondent also notes, Petitioner waited more than a year after the date on which he claims he discovered this evidence to move to amend. Thus even if the statute began to run on the date Petitioner claims for discovery, the amendment would still have come to late.

Under Mayle v. Felix, supra, Petitioner's newly-added claims are barred by the statute of limitations and should be dismissed with prejudice.

July 12, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).