IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **WALTER RAGLIN,** | : | |
| Petitioner, | : | **CASE NO. 1:00-cv-767** |
| v. | : | **JUDGE WALTER H. RICE** |
| **BETTY MITCHELL, Warden** | : | **MAGISTRATE JUDGE MERZ** |
| Respondent. | : | |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO
RAGLIN'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S
FEBRUARY 2, 2006 REPORT AND RECOMMENDATIONS**

Respondent Betty Mitchell respectfully opposes Petitioner Walter Raglin's Objections and Appeal for the reasons contained in the attached memorandum.

Respectfully submitted,

**Jim Petro**
Ohio Attorney General

s/ *Carol A. Ellensohn*

**CAROL A. ELLENSOHN (0074598)***
***Trial and Lead Counsel**
Assistant Attorney General
Email: cellensohn@ag.state.oh.us

**CHARLES L. WILLE (0056444)**
Email: cwille@ag.state.oh.us
Assistant Attorney General

Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

**I.    STATEMENT OF THE CASE**

Petitioner Walter Raglin is an Ohio death row inmate who has been sentenced to death for the robbery and murder of Michael Bany. Raglin filed his first habeas corpus petition on September 13, 2000. Doc. R. 14. Respondent Betty Mitchell filed a timely return of writ. Doc. R. 15. On March 8, 2005, almost five years after filing his initial petition, Raglin filed an amended petition. Doc. R. 76.

On February 2, 2006, after the completion of briefing and discovery, the Chief Magistrate Judge issued a Report and Recommendations recommending Raglin's first amended petition be dismissed with prejudice. Doc. R. 89.

On May 26, 2006, after many extensions of time, Raglin finally filed Objections to the Chief Magistrate Judge's Report and Recommendations. Doc. R. 95. Respondent now files a Memorandum in Opposition to Raglin's Objections and Appeal.

**II.    APPLICABLE STANDARDS OF REVIEW**

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

2

>    (4)    A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate judge.

The substantive standard applicable to Tibbetts' claims of constitutional error is set forth by 28 U.S.C. Section 2254, which provides, in pertinent part:

>    (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>        (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>        (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### III. ARGUMENT IN RESPONSE

**The Chief Magistrate Judge correctly determined that none of Raglin's grounds warrant relief in Federal Habeas Corpus.**

Raglin specifically objects to the Chief Magistrate Judge's recommended dismissal of his **First**, **Second [Sub-Claim D]**, **Third**, **Fourth**, **Eighth**, **Ninth,** **Seventeenth**, **Twenty-Third**, **Thirty-Seventh** and **Thirty-Eighth** Grounds. For the most part, Raglin offers renewed arguments in support of his claims, as opposed to specific objections to the Chief Magistrate Judge's factual findings and legal determinations. Consequently, in addition to the specific responses provided below, Respondent relies on the disposition of the grounds in question in the Chief Magistrate Judge's 59-page comprehensive report. *See*, Doc. R. 89, February 2, 2006 Report and Recommendations. Thus, based on the Chief Magistrate Judge's Report and

Recommendations and the arguments below, the Court should overrule Raglin's objections and adopt the Chief Magistrate Judge's Report and Recommendations.

    **A.    The Chief Magistrate Judge correctly dismissed Raglin's First Ground for Relief as Procedurally Defaulted.**

In his First Ground for Relief as amended, Raglin contends that he was denied ineffective assistance of counsel throughout the voir dire and guilt phase of the trial. *See*, Doc. R. 76, Amended Petition, pp. 21-30. However, contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed this claim as procedurally defaulted since it was never presented on direct appeal. Doc. R. 89, February 2, 2006 Report and Recommendations, pp. 14-17.

In the Sixth Circuit, procedural default is analyzed under a four-part test: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) whether the petitioner can demonstrate cause for and actual prejudice resulting from the procedural default. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

In addition, the Sixth Circuit Court of Appeals has held repeatedly that the Ohio courts' application of *res judicata* to bar merits review of constitutional claims in post-conviction constitutes an adequate and independent state basis of decision which will support a procedural default holding in federal habeas corpus. Accordingly, the Sixth Circuit has held that claims not presented on direct appeal, and subsequently dismissed as *res judicata* in state post-conviction proceedings, are barred from merits review in federal habeas corpus. *See Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 520-522 (6th Cir. 2000); *Mapes v. Coyle*, 171 F.3d 408, 421 (6th Cir. 1999).

In this case, Raglin's First Ground was raised in post-conviction proceedings both at the state court and state appellate court level, and determined to be barred from merits review, under Ohio's doctrine of *res judicata*, based on Raglin's failure to present them on direct appeal. *See*, Doc. R. 15, Appendix to Return of Writ, Vol. X, Opinion of the Ohio Court of Appeals, pp. 2644-2655.

Moreover, Raglin never demonstrated cause and prejudice to excuse his procedural default. In fact, as noted by the Chief Magistrate Judge, Raglin initially claimed that he could demonstrate cause and prejudice at an evidentiary hearing. Doc. R. 89, February 2, 2006 Report and Recommendations, p. 17. However, Raglin *never* filed a motion for an evidentiary hearing. *Id*. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **First Ground** as procedurally defaulted.

Accordingly, this objection lacks merit and should be rejected.

**B.    The Chief Magistrate Judge correctly dismissed Raglin's Second Ground [Sub-Claim D] as Barred by the Statute of Limitations.**

In his Second Ground for Relief, Raglin abandoned sub-claims A, B and C and added sub-claim D alleging he was denied effective assistance of counsel at the mitigation phase of the trial. *See*, Doc. R. 76, Amended Petition, p. 30. However, contrary to Raglin's objection, the Chief Magistrate Judge, as well as, the District Court Judge correctly dismissed his newly added sub-claim as barred by the statute of limitations pursuant to *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562 (2005). *See*, Doc. R. 86, July 12, 2005 Report and Recommendations and Doc. R. 87, August 5, 2005 Order.

In *Mayle*, the Supreme Court held that an amended habeas petition does not relate back and (thereby avoid AEDPA's one year time limit) when it asserts a new ground for relief

5

supported by the facts that differ in both time and type from those set forth in the original pleading. 125 S. Ct. at 2566. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction and sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle*, 125 S. Ct. at 2573-74 (citations omitted). Thus, any facts or claims that are not set forth in a timely manner are barred by AEDPA's one year statute of limitations.

In this case, Raglin filed an amended petition almost five years after filing his original petition adding three new claims including this sub-claim. Doc. R. 76, Amended Petition. However, Raglin failed to amend his habeas corpus petition within the AEDPA one year statute of limitations. In addition, contrary to Raglin's allegations, he cannot overcome the AEDPA one year statute of limitations since his new sub-claim differs in both time and type from those set forth in his original petition. Thus, the Second Ground [Sub-Claim D] is barred by the statute of limitation since it was not presented before the statute expired as required by *Mayle,* 125 S. Ct. at 2573-74 (citations omitted).

Moreover, Raglin has completely waived this claim since he failed to file objections[1] to the Chief Magistrate Judge's July 12, 2005 Report and Recommendations dismissing all three newly added claims including the Second Ground as barred by the statute of limitations. *See*, Doc. R. 86. Thus, the District Judge correctly adopted the July 12, 2006 Report and Recommendations dismissing Raglin's **Second Ground [Sub-Claim D]** as barred by the statute of limitations.

Accordingly, this objection lacks merit and should be rejected.

---

[1] Respondent notes that Raglin also failed to respond to Respondent's Motion to Dismiss and the Chief Magistrate Judge's Show Cause Order. *See*, Docs. R. 71 and 85.

      **C.    The Chief Magistrate Judge correctly dismissed Raglin's Third Ground for Relief as Procedurally Defaulted.**

In his Third Ground for Relief, Raglin argues that he was denied ineffective assistance of counsel when his attorneys failed to object and properly preserve numerous errors for appeal. *See*, Doc. R. 76, First Amended Petition, p. 34. However, contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed this claim as procedurally defaulted since it was never presented on direct appeal. Doc. R. 89, February 2, 2006 Report and Recommendations, p. 18.

In the Sixth Circuit, procedural default is analyzed under a four-part test: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) whether the petitioner can demonstrate cause for and actual prejudice resulting from the procedural default. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

In addition, the Sixth Circuit Court of Appeals has held repeatedly that the Ohio courts' application of *res judicata* to bar merits review of constitutional claims in post-conviction constitutes an adequate and independent state basis of decision which will support a procedural default holding in federal habeas corpus. Accordingly, the Sixth Circuit has held that claims not presented on direct appeal, and subsequently dismissed as *res judicata* in state post-conviction proceedings, are barred from merits review in federal habeas corpus. *See Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 520-522 (6th Cir. 2000); *Mapes v. Coyle*, 171 F.3d 408, 421 (6th Cir. 1999).

In this case, Raglin's Third Ground was raised in post-conviction proceedings both at the state court and state appellate court level, and determined to be barred from merits review, under

7

Ohio's doctrine of *res judicata*, based on Raglin's failure to present them on direct appeal. *See*, Doc. R. 15, Appendix to Return of Writ, Vol. X, Opinion of the Ohio Court of Appeals, pp. 2644-2655.

Moreover, Raglin never demonstrated cause and prejudice to excuse his procedural default. In fact, as noted by the Chief Magistrate Judge, Raglin initially claimed that he could demonstrate cause and prejudice at an evidentiary hearing. Doc. R. 89, February 2, 2006 Report and Recommendations, p. 17. However, Raglin *never* filed a motion for an evidentiary hearing. *Id*. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **Third Ground** as procedurally defaulted.

Accordingly, this objection lacks merit and should be rejected.

**D. The Chief Magistrate Judge correctly dismissed Raglin's Fourth Ground for Relief as Meritless.**

In his Fourth Ground for Relief, Raglin claims that his appellate counsel were ineffective on direct appeal for failing to raise various claims. *See*, Doc. R. 76, Amended Petition, p. 36. However, contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed this claim as meritless since he presented "no argument as to why these omitted assignments of error are meritorious or how they are more meritorious than the assignments of error which actually were presented on direct appeal." Doc. R. 89, February 2, 2006 Report and Recommendations, p. 22.

In *Douglas v. California*, 372 U.S. 353 (1963), the United States Supreme Court recognized the constitutional right to counsel on initial direct appeal. In *Anders v. California*, 386 U.S. 738 (1967), the Court set forth minimum standards of appellate representation:

1. Counsel must act as an active advocate for his client and try to his utmost to represent him.

> 2. If, after conscientious examination of the record, counsel finds the appeal to be wholly frivolous, he must advise the court and request permission to withdraw.
>
> 3. Counsel must submit to the court a brief referring to any arguable basis of appeal.

*Anders v. California*, 386 U.S. at 744.

In *Jones v. Barnes*, 463 U.S. 745 (1983), the Court rejected the argument that competent counsel is obligated to raise every conceivable non-frivolous issue as it held:

> "Most cases present only one, two, or three significant questions. . . . Usually, . . . if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weak arguments will be to dilute the force of the stronger ones. R. Stern, Appellate Practice in the United States 266 (1981).

The Court went on to state at *Jones v. Barnes*, 463 U.S. at 752, 753:

> There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. This has assumed a greater importance in an era when oral argument is strictly limited in most courts -- often to as little as 15 minutes -- and when page limits on briefs are widely imposed. See e.g., Fed. Rule App. Proc. 28(g); McKinney's New York Rules of Court §§ 670.17(g)(2), 670.22 (1982). Even in a court that imposed no time or page limits, however, the new per se rule laid down by the Court of Appeals is contrary to all experience and logic. A brief that raises every colorable issue runs the risk of burying good arguments -- those that, in the words of the great advocate John W. Davis, 'go for the jugular,' Davis. The Argument of an Appeal, 26 A.B.A.J. 895, 897 (1940) -- in a verbal mound made up of strong and weak contentions. See generally, e.g., Godbold, Twenty Pages and Twenty Minutes -- Effective Advocacy on Appeal, 30 Sw.L.J. 801 (1976).

It is clear, therefore, that a defendant is not denied the effective assistance of counsel as measured by the test of *Strickland v. Washington*, 466 U.S. 668 (1984) where appellate counsel adheres to the guidance of the Supreme Court in *Jones v. Barnes. See also Evitts v. Lucey*, 469

U.S. 387 (1985). In *Smith v. Murray*, 477 U.S. 527, 535-536 (1986), the Court again specifically addressed the issue:

> After conducting a vigorous defense at both the guilty and sentencing phases of the trial, counsel surveyed the extensive transcript, researched a number of claims, and decided that, under the current state of the law, 13 issues were worth pursuing on direct appeal. This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 3312-3313, 77 L.Ed.2d 987 (1983). It will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule. But, as *Strickland v. Washington* made clear, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'

Once again, the Court made it clear that there is no duty of counsel to raise every conceivable claim but that the best advocacy is to separate the weak and raise only the strong. *See also, McCoy v. Wisconsin Court of Appeals,* 486 U.S. 429 (1988).

In the case at bar, Raglin attacks his appellate counsel for failing to raise seven[2] [1-5, 7-8] "meritorious" claims in the Ohio Supreme Court on direct appeal. Raglin did not allege or argue that any one of the supposedly meritorious claims was stronger than the claims actually raised, or more likely to result in relief. Nor did Raglin allege specifically in what manner or for what reason an effective appellate advocate should have presented such claims. Instead, he argued simply that counsel must have been ineffective because they did not raise all meritorious issues. In other words, his application amounted to nothing more than a request to obtain a second round of appeal to consider claims not presented previously. Indeed, Respondent is

---

[2] As noted by the Chief Magistrate Judge, Raglin's original Petition pled fourteen omitted assignments of error. However, he failed to present seven of those assignments of error in his First Amended Petition. Consequently, they are abandoned. Furthermore, Raglin's sixth assignment of error was not in the original Petition, so it is barred by the statute of limitations since it was not presented before the statute expired as required by *Mayle v. Felix,* 125 S. Ct at 2573-74 (citations omitted). Doc. R. 89, February 2, 2006 Report and Recommendations, p. 19.

10

unaware of any case in which the United States Supreme Court has held that an appellate counsel was ineffective for failing to raise "all meritorious" claims. Thus, the Chief Magistrate Judge correctly dismissed with prejudice Raglin's **Fourth Ground**.

Accordingly, this objection lacks merit and should be rejected.

### E. The Chief Magistrate Judge correctly dismissed Raglin's Eighth Ground for Relief as Meritless.

In his Eighth Ground for Relief, Raglin contends that his jury instructions were improper because they did not include an instruction on involuntary manslaughter, a lesser included offense of aggravated murder. *See*, Doc. R. 76, Amended Petition, pp. 42-43. However, contrary to Ralgin's objection, the Chief Magistrate Judge correctly dismissed the claim as meritless since "no jury could rationally have found that the victim's killing was not purposeful." Doc. R. 89, February 2, 2006 Report and Recommendations, p. 30.

In *Beck v. Alabama*, 447 U.S. 625, 636 (1980), the United States Supreme Court held that a sentence of death may not be constitutionally applied where the jury was not permitted to consider a verdict of guilt of a lesser included offense and the evidence would have supported such a verdict. However, in *Hopkins v. Reeves*, 524 U.S. 88, 118 S.Ct. 1895, 1902 (1998), the United States Supreme Court clarified its decision in *Beck* by emphasizing that lesser included offense instructions are required constitutionally in capital cases *only* where the lesser included offense is set forth under state law and the evidence warrants an instruction on the offense.

In this case, the Ohio Supreme Court's rejection of Raglin's claim is consistent with *Beck*, *supra*, and therefore patently reasonable. As explained in the record and in the Ohio Supreme Court decision, the evidence did not support a lesser included offense instruction. Raglin's discharge of a loaded, cocked, chambered, and deadly weapon was not accidental. Doc.

R. 15, Appendix to Return of Writ, Vol. III, Tr. p. 1429. The forensic evidence and Raglin's own admission indicate that Raglin intentionally aimed and fired his gun at the victim. Doc. R. 15, Appendix to Return of Writ, Vol. III, Tr. pp. 1429, 1451. Here, the facts simply do not support a conviction on the lesser included offense at the expense of the greater offense. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **Eighth Ground** as meritless.

Accordingly, this objection lacks merit and should be rejected.

### F.  The Chief Magistrate Judge correctly dismissed Raglin's Ninth Ground for Relief as Meritless.

In his Ninth Ground for Relief, Raglin alleges that the trial court erred by erroneously instructing on the issues of causation, forseeability, intent, and purpose. *See*, Doc. R. 76, Amended Petition, pp. 43-45. However, contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed the claim as meritless since the Ohio Supreme Court applied the "appropriate federal standard" and concluded that "the fairness of the instructions on *mens rea* taken on a whole" could not be construed in an unconstitutional manner. Doc. R. 89, February 2, 2006 Report and Recommendations, p. 36.

In *Estelle v. McGuire*, 502 U.S. 62 (1991), the United States Supreme Court thoroughly reviewed the appropriate standard to be applied where a habeas corpus petitioner contends that an erroneous jury instruction resulted in a deprivation of constitutional rights. Initially, the Supreme Court noted, "[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. at 71-72 (citing *Marshall v. Lonberger*, 459 U.S. 422 (1983)). Thus:

> The only question for us is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Nuaghten*, 414 U.S. 141, 147, 38 L.Ed. 2d 638, 94 S.Ct. 396 (1973); see also *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L.Ed. 2d 203, 97 S.Ct. 1730 (1977); *Donnelly v.*

12

> *DeChristoforo*, 416 U.S. 637, 643, 40 L.Ed. 2d 431, 94 S.Ct. 1868 (1974) ("It must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right'"). It is well established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. *Cupp v. Naughten*, *supra*, at 147. In addition, in reviewing an ambiguous instruction such as the one at issue here, we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. *Boyde v. California*, 494 U.S. 370, 380, 108 L.Ed. 2d 316, 110 S.Ct. 1190 (1990). And we also bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352, 107 L.Ed. 2d 708, 110 S.Ct. 668 (1990). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Ibid.

*Estelle v. McGuire*, 502 U.S. at 72-73.

In this case, the Ohio Supreme Court's rejection of Raglin's instructional claim was not contrary to nor involved an unreasonable application of United States Supreme Court precedents. It is readily apparent that the Ohio Supreme Court inferentially applied the correct constitutional standard, namely, whether the instructions taken as a whole could have been construed in an unconstitutional manner. The Ohio Supreme Court's application of the standard is supported clearly by the record, in view of the trial court's specific instructions. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **Ninth Ground** as meritless.

Accordingly, this objection lacks merit and should be rejected.

      **G.**    **The Chief Magistrate Judge correctly dismissed with prejudice Raglin's Seventeenth Ground for Relief as Procedurally Defaulted.**

In his Seventeenth Ground for Relief, Raglin complains that the mitigation phase instructions led the jury to conclude that it had to consider and reject the death sentence before considering life options. *See*, Doc. R. 76, Amended Petition, p. 50. However, contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed this claim as procedurally

defaulted since it was "phrased entirely as a matter of state law" and thus "not fairly presented to the Ohio Supreme Court." Doc. R. 89, February 2, 2006 Report and Recommendations, p. 44.

In the Sixth Circuit, a constitutional claim presented to the federal courts that does not rest on the *same theory* as was presented to the state courts is procedurally defaulted. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (rejecting ineffective assistance of counsel claim on theory that counsel ineffective for failing to investigate and find third expert because claim raised in state court alleged counsel ineffective for failing to present insanity defense - "This circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court"); *Lott v. Coyle*, 261 F.3d 594, 607, 611, 617, 619 (6th Cir. 2001); *Pillete v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

In this case, Raglin never presented this jury instruction claim as a constitution claim to the Ohio Supreme Court since he relied on state law and failed to cite to any controlling federal law. *See*, Doc. R. 15, Appendix to Return of Writ, Vol. VI, Appellant's Direct Appeal Brief, pp. 865-866. Moreover, the trial court did not instruct the jury that it had to consider and reject the death sentence before considering life options. Rather, the trial court accurately set forth all the options available as it read Ohio Revised Code Section 2929.03 to the jury. *See*, Doc. R. 15, Appendix to Return of Writ, Vol. IV, Tr. pp. 1916-17. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **Seventeenth Ground** as procedurally defaulted.

Accordingly, this objection lacks merit and should be rejected.

**H.     The Chief Magistrate Judge correctly dismissed Raglin's Twenty-Third Ground for Relief as Procedurally Defaulted in part and Meritless in part.**

In his Twenty-Third Ground for Relief, Raglin denied his right to a fair trial by numerous instances of prosecutorial misconduct. *See*, Doc. R. 76, Amended Petition, pp. 53-57. Contrary to Raglin's objection, the Chief Magistrate Judge correctly dismissed the claim as both partially defaulted since the allegations of guilt phase prosecutorial misconduct were not presented on direct appeal, as well as, partially meritless since the remaining allegations of prosecutorial misconduct were denied by the Ohio Supreme Court based on a reasonable application of federal law. Doc. R. 89, February 2, 2006 Report and Recommendations, pp. 48-51.

First, as to the procedural default, the Sixth Circuit has held that the failure to fairly present issues on direct appeal to the Ohio Supreme Court bars habeas consideration of the claim absent a showing of cause and prejudice. *Leroy v. Marshall*, 757 F.2d 94, 97-99 (6th Cir. 1983), *cert. denied*, 474 U.S. 831 (1985). In this instance, Raglin failed to present any of the alleged guilt phase prosecutorial misconduct claims on direct appeal. Moreover, Raglin never demonstrated cause and prejudice to excuse his procedural default.

Second, as to the merits of the claim, the United States Supreme Court has held that before habeas corpus relief can be granted, a prosecutor's statements must be so egregious as to render the trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). Accordingly, a claim of constitutional error cannot be substantiated via a mere showing that the prosecutor's comments were erroneous. Rather, the very existence of constitutional error depends on a showing of fundamental prejudice. *Id*. It is manifest that in testing the record for fundamental prejudice, the Ohio Supreme Court inferentially applied the constitutional standard set forth by *Donnelly*, *supra*. In this case, the Ohio Supreme Court reasonably applied *Donnelly*, *supra* in rejecting Raglin's

allegations. Thus, the Chief Magistrate Judge correctly dismissed Raglin's **Twenty-Third** as procedurally defaulted in part and meritless in part.

Accordingly, this objection lacks merit and should be rejected.

### I. The Chief Magistrate Judge correctly dismissed Raglin's Thirty-Seventh and Thirty-Eighth Grounds for Relief as Barred by the Statute of Limitations.

In his Thirty-Seventh and Thirty-Eighth Grounds for Relief, Raglin added two claims alleging prosecutorial misconduct in violation of *Brady v. Maryland* and *Giglio v. United States*. *See*, Doc. R. 76, Amended Petition, pp. 77-81. However, contrary to Raglin's objection, the Chief Magistrate Judge, as well as, the District Court Judge correctly dismissed these newly added claims as barred by the statute of limitations pursuant to *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562 (2005). *See*, Doc. R. 86, July 12, 2005 Report and Recommendations and Doc. R. 87, August 5, 2005 Order.

In *Mayle*, the Supreme Court held that an amended habeas petition does not relate back and (thereby avoid AEDPA's one year time limit) when it asserts a new ground for relief supported by the facts that differ in both time and type from those set forth in the original pleading. 125 S. Ct. at 2566. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction and sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle*, 125 S. Ct. at 2573-2574 (citations omitted). Thus, any facts or claims that are not set forth in a timely manner are barred by AEDPA's one year statute of limitations.

In this case, Raglin filed an amended petition almost five years after filing his initial petition adding three new claims including both of these claims. Doc. R. 76. However, Raglin failed to amend his habeas corpus petition within the AEDPA one year statute of limitations. In addition,

16

contrary to Raglin's allegations, he cannot overcome the AEDPA one year statute of limitations since his new claims differ in both time and type from those set forth in his original petition. Thus, both Thirty-Seventh and Thirty-Eighth Grounds are barred by the statute of limitation since they were not set forth in a timely manner as required by *Mayle,* 125 S. Ct. at 2573-2574 (citations omitted).

Moreover, Raglin has completely waived these claims since he failed to file objections[3] to the Chief Magistrate Judge's July 12, 2005 Report and Recommendations dismissing all three newly added claims including these two claims as barred by the statute of limitations. *See*, Doc. R. 86. Thus, the District Judge correctly adopted the Chief Magistrate Judge's July 12, 2006 Report and Recommendations dismissing Raglin's **Thirty-Seventh** and **Thirty-Eighth Grounds** as barred by the statute of limitations.

Accordingly, this objection lacks merit and should be rejected.

## IV. CONCLUSION AND REQUEST FOR RELIEF

For all the foregoing reasons, Respondent respectfully submits that Raglin has failed to substantiate his entitlement to relief in federal habeas corpus. Accordingly, Respondent respectfully requests that the Court overrule Raglin's objections, adopt the final recommendations of the Chief Magistrate Judge, and dismiss Raglin's petition with prejudice.

---

[3] Respondent notes that Raglin also failed to respond to Respondent's Motion to Dismiss and the Chief Magistrate Judge's Show Cause Order. *See*, Docs. R. 71 and 85.

Respectfully submitted,

**Jim Petro**
Ohio Attorney General

s/*Carol A. Ellensohn*
___
**CAROL A. ELLENSOHN (0074598)***
**Trial and Lead Counsel*
Assistant Attorney General
Email: cellensohn@ag.state.oh.us

**CHARLES L. WILLE (0056444)**
Email: cwille@ag.state.oh.us
Assistant Attorney General

Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, *Respondent's Memorandum in Opposition to Raglin's Objections to the Chief Magistrate Judge's February 2, 2006 Report and Recommendations*, has been forwarded this 8$^{\underline{th}}$ day of June 2006, via the court's electronic notification system to:

James D. Owen
Attorney at Law
5354 North High Street, Suite 3D
Columbus OH 43214
Email: owenjdo@aol.com

s/*Carol A. Ellensohn*
___
**CAROL A. ELLENSOHN (0074598)**
Assistant Attorney General

18