# IN THE UNITED STATES DISTRICT COURT
## FOR THE SUOTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WALTER RAGLIN, | : | |
| Petitioner, | : | Case No. C-1-00-767 |
| vs. | : | Chief Judge Walter H. Rice |
| BETTY MITCHELL, Warden, | : | Magistrate Judge Michael R. Merz |
| Respondent. | : | |

**PETITIONER WALTER RAGLIN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JUNE 29, 2006, AMENDED SUPPLEMENTAL REPORT AND RECOMMENDATIONS THAT THE FIRST AMENDED PETITION BE DISMISSED WITH PREJUDICE**

JAMES D. OWEN (0003525)
Trial Counsel
5354 North High Street
Columbus, OH 43214
Telephone: (614) 436-3245
Fax: (614) 436-6788

Counsel for Petitioner Walter Raglin

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

I.     INTRODUCTION ............................................................................................... 1

II.    ARGUMENT ........................................................................................................ 1

       A.   Objection to Report and Recommendations on the First
            Ground for Relief ...................................................................................... 1
       B.   Objection to Report and Recommendations on the
            Second Ground for Relief ......................................................................... 2
       C.   Objection to Report and Recommendations on the Third
            Ground for Relief ...................................................................................... 4
       D.   Objection to Report and Recommendations on the Forth
            Ground for Relief ...................................................................................... 6
       E.   Objection to Report and Recommendations on the Eighth
            Ground for Relief ...................................................................................... 6
       F.   Objection to Report and Recommendations on the Ninth
            Ground for Relief ...................................................................................... 7
       G.   Objection to Report and Recommendations on the
            Seventeenth Ground for Relief ................................................................. 7
       H.   Objection to Report and Recommendations on the
            Twenty-Third Ground for Relief .............................................................. 9
       I.   Objection to Report and Recommendations on the Thirty-
            Seventh Ground for Relief ........................................................................ 9
       J.   Objection to Report and Recommendations on the Thirty-
            Eighth Ground for Relief ........................................................................ 11

III.   CONCLUSION .................................................................................................. 12

I.  **INTRODUCTION**

On June 29, 2006, Magistrate Judge Merz issued an Amended Supplemental Report and Recommendations that Raglin's First Amended Petition for Writ of Habeas Corpus be dismissed with prejudice. (Doc 100). Below, Petitioner sets forth the reasons why the Court should not adopt the Amended Supplemental Report and Recommendations as to Petitioner's First, Second, Third, Fourth, Eighth, Ninth, Seventeenth, Twenty-Third, Thirty-Seventh, and Thirty-Eighth Grounds for Relief.

II.  **ARGUMENT**

A.  **Objection to Amended Supplemental Report and Recommendations on the First Ground for Relief: Walter Raglin was denied his right to the effective assistance of counsel at the pretrial and trial phases of his capital trial in violation of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refilled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects as set forth below.

Instead of resolving the ineffective assistance of counsel claims set forth in this first ground for relief on the merits, the Magistrate incorrectly ruled that the

1

claims set forth therein were procedurally defaulted because they could have been raised in state court on direct appeal, but rather were first raised in state court in a post–conviction petition. As a result, the Magistrate found that the claims set forth in this ground were barred by the doctrine of *res judicata*. Petitioner objects to this finding for the reasons set forth below.

Ohio's doctrine of *res judicata* does not preclude a post–conviction claim if the claim is supported by evidence dehors the record. State v. Smith (1985), 17 Ohio St. 3d 98. In this case, Raglin did not fail to comply with Ohio's doctrine of *res judicata*, because when he presented his ineffective assistance of counsel claims to the court in state post–conviction, he supported those claims with evidence dehors the record. This evidence included thirteen exhibits containing nearly 900 pages of information derived from outside the trial court record.

    **B.    Objection to Amended Supplemental Report and Recommendations on the Second Ground for Relief: Walter Raglin was denied his right to the effective assistance of counsel at the mitigation phase of his capital trial in violation of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refilled on May 30, 2006 pursuant to the

request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects as set forth below.

The Magistrate incorrectly determined that this Second Ground for Relief, as amended, was barred by the statute of limitations. The Magistrate was wrong because this amended claim, which was added in Raglin's First Amended Petition, relates back to a common core of operative facts, contains facts that do not differ in both time and type, and are based on the same essential predicate as those the original petition set forth in the Third and Twenty-Third Grounds for Relief.

The determining issue as to whether this claim is barred by the statute of limitations is whether the original and amended petitions state claims are tied to a common core of operative facts; claims are tied to a common core of operative facts if they are based on the same essential predicate and are supported by facts that do not differ in both time and type.

Petitioner objects to the Magistrate's finding because he misapplied the test set forth by the Supreme Court in Mayle v. Felix regarding whether the claims are tied to a common core of operative facts. Mayle v. Felix, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005). In this case, the claims are based on the same essential predicate (whether Raglin showed remorse in the hours immediately following the homicide), and are supported by facts that do not differ in both time and type.

3

>   **C.   Objection to Amended Supplemental Report and Recommendations on the Third Ground for Relief: Walter Raglin was denied his right his right to the effective assistance of counsel under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments when his attorneys failed to object and properly preserve errors.**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refilled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein.  In addition, Petitioner further objects as set forth below.

Instead of resolving the ineffective assistance of counsel claims set forth in this third ground for relief on the merits, the Magistrate incorrectly ruled that the claims set forth therein were procedurally defaulted because they could have been raised in state court on direct appeal, but rather were first raised in state court in a post–conviction petition.  As a result, the Magistrate found that the claims set forth in this ground were barred by the doctrine of *res judicata*.  As previously argued by Petitioner, the Magistrate's determination that the claims are barred by Ohio's doctrine of *res judicata* is wrong.

Even if Raglin had violated Ohio's doctrine of *res judicata*, which he did not, the Magistrate was wrong because there was cause and prejudice sufficient to excuse the alleged procedural default.  Raglin's ineffective assistance claim can

serve as both cause and prejudice, excusing a procedural default in an underlying substantive claim. Edwards v. Carpenter, 529 U.S. 446 (2000). The Magistrate incorrectly determined that there could be no cause and prejudice resulting from ineffective assistance of appellate counsel because Petitioner had previously suggested in his Traverse that he would need an evidentiary hearing on this issue, but never sought one, and therefore abandoned the argument. However, a failure to request an evidentiary hearing on a claim cannot be deemed an abandonment of a claim. In this case, Petitioner alleged cause and prejudice based on ineffective assistance of appellate counsel, and the state court record supports it.

In this case, Raglin presented the extensive affidavit of attorney Laney Hawkins setting forth in detail the reasons why Raglin received deficient performance by his counsel on direct appeal. JA Vol. IX, pp. 2809-2833. This was supplemented by an additional affidavit of attorney Joseph E. Wilhelm, also explaining why Raglin's appellate counsel was deficient. JA Vol. IX, pp. 2884-2891. This evidence was never challenged by the Respondent either in state court or in this Federal Habeas Proceeding.

Given the extensive evidence contained in the state court record, which supports cause and prejudice based on ineffective assistance of appellate counsel, it was error for the Magistrate to conclude that Petitioner abandoned this argument merely because he did not request an evidentiary hearing to support it. There could

be many reasons why Petitioner elected not to request an evidentiary hearing on this issue, including but not limited to the fact that the Respondent never challenged the evidence submitted by the Petitioner in the state court record.

> **D. Objection to Amended Supplemental Report and Recommendations on the Fourth Ground for Relief: Walter Raglin was denied his right to the effective assistance of counsel on his direct appeal in violation of the Sixth and Fourteenth Amendments to the United States Constitution.**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refilled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects to the Magistrate's finding because the unchallenged evidence set forth by the Petitioner can lead to only one conclusion: the adverse adjudication in state court was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

> **E. Objection to Amended Supplemental Report and Recommendations on the Eighth Ground for Relief: Walter Raglin's Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Rights were violated when the judge refused to instruct the jury at the end of the trial phase that it could find Mr. Raglin guilty of involuntary manslaughter, a lesser included offense of aggravated murder.**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refiled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein.

> **F.     Objection to Amended Supplemental Report and Recommendations on the Ninth Ground for Relief: Walter Raglin's Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Rights were violated when the judge erroneously instructed the jury at the end of the trial phase on the issues of causation, forseeability, intent, and purpose.**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refiled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein.

> **G.     Objection to Amended Supplemental Report and Recommendations on the Seventeenth Ground for Relief: Walter Raglin's Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Rights were violated when the judge instructed the jury at the end of the mitigation phase in such a manner that the jury could conclude that it had to consider and reject a recommendation as to the imposition of death before it could consider either life sentence option.**

Petitioner reasserts his objections previously set forth in Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and

7

Recommendations that the First Amended Petition be Dismissed with Prejudice (Doc. 95) filed on May 26, 2006, and refiled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects as set forth below.

Rather than ruling on this claim on the merits, the Magistrate ruled that it was procedurally defaulted because it was presented to the Ohio Supreme Court as a state, as opposed to federal, question and that the Ohio Supreme Court therefore did not have the federal claim fairly presented to it. However, a review of the state court record demonstrates that this claim was presented to the Ohio Supreme Court as a federal question. Raglin presented this claim to the Ohio Supreme Court on direct appeal in his Merit Brief as Proposition of Law No. 9, stating:

> Where jury instructions at the penalty phase of capital proceedings misstate the law to the jury, fail to define mitigating factors, exclude relevant mitigation, and is otherwise erroneous and misleads the jury, the resulting death sentence violates the Eighth and Fourteenth Amendments, and Art. I, secs. 9 and 16 of the Ohio Constitution, and must be reversed.

JA Vol. VI, p. 862. Immediately following the stated Proposition of Law, Raglin stated in his Merit Brief that:

> the penalty phase instruction of the trial court in several other respects were erroneous, with the result that an improperly instructed jury returned a constitutionally unreliable sentencing verdict, violating Appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Sections 9 and 16 of the Ohio Constitution.

JA Vol. VI, p. 863. It should be clear from the language contained in Proposition of Law No. 9 and the explanation set forth immediately thereafter that Raglin intended each and every part of this Proposition of Law to be based on violations of the United States Constitution.

> **H.  Objection to Amended Supplemental Report and Recommendations on the Twenty-Third Ground for Relief: Walter Raglin was denied his constitutional rights to a fair and impartial trail under the Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments as a result of prosecutorial misconduct during both phases of his capital proceedings.**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refiled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein.

> **I.  Objection to Amended Supplemental Report and Recommendations on the Thirty-Seventh Ground for Relief: Brady Claim**

Petitioner reasserts his objections previously set forth in "Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice" (Doc. 95) filed on May 26, 2006, and refiled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects as set forth below.

9

The Magistrate incorrectly determined that this Thirty-Seventh Ground for Relief, as amended, was barred by the statute of limitations. The Magistrate was wrong because this amended claim, which was added in Raglin's First Amended Petition, relates back to a common core of operative facts, contains facts that do not differ in both time and type, and are based on the same essential predicate as those the original petition set forth in the Third and Twenty-Third Grounds for Relief.

The determining issue as to whether this claim is barred by the statute of limitations is whether the original and amended petitions state claims are tied to a common core of operative facts; claims are tied to a common core of operative facts if they are based on the same essential predicate and are supported by facts that do not differ in both time and type.

Petitioner objects to the Magistrate's finding because he misapplied the test set forth by the Supreme Court in <u>Mayle v. Felix</u> regarding whether the claims are tied to a common core of operative facts. <u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005). In this case, the claims are based on the same essential predicate (whether Raglin showed remorse in the hours immediately following the homicide), and are supported by facts that do not differ in both time and type.

### J. Objection to Amended Supplemental Report and Recommendations on the Thirty-Eighth Ground for Relief: Giglio

Petitioner reasserts his objections previously set forth in Petitioner Walter Raglin's Objections to the Magistrate Judge's February 2, 2006, Report and Recommendations that the First Amended Petition be Dismissed with Prejudice (Doc. 95) filed on May 26, 2006, and refilled on May 30, 2006 pursuant to the request of the Clerk, as if fully rewritten herein. In addition, Petitioner further objects as set forth below.

The Magistrate incorrectly determined that this Thirty-Eighth Ground for Relief, as amended, was barred by the statute of limitations. The Magistrate was wrong because this amended claim, which was added in Raglin's First Amended Petition, relates back to a common core of operative facts, contains facts that do not differ in both time and type, and are based on the same essential predicate as those the original petition set forth in the Third and Twenty-Third Grounds for Relief.

The determining issue as to whether this claim is barred by the statute of limitations is whether the original and amended petitions state claims are tied to a common core of operative facts; claims are tied to a common core of operative facts if they are based on the same essential predicate and are supported by facts that do not differ in both time and type.

11

Petitioner objects to the Magistrate's finding because he misapplied the test set forth by the Supreme Court in Mayle v. Felix regarding whether the claims are tied to a common core of operative facts. Mayle v. Felix, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005). In this case, the claims are based on the same essential predicate (whether Raglin showed remorse in the hours immediately following the homicide), and are supported by facts that do not differ in both time and type.

**IV.   CONCLUSION**

In light of the arguments presented above, Petitioner respectfully requests that the Court not adopt the Magistrate Judge's Amended Supplemental Report and Recommendation. Instead, the Court should grant the writ.

Respectfully submitted,

s/James D. Owen

_____
James D. Owen (0003525)
5354 North High Street
Columbus, Ohio 43214
(614) 436-3245

owenjdo@aol.com
Trial Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 18th day of July, 2006, served electronically through the Court's ECF System a copy of the foregoing pleading to the following attorneys of record:

Carol Ann Ellenson
Charles L. Wille
ASSISTANT ATTORNEY GENERALS
Capital Crimes Section- 23rd Floor
30 East Broad Street
Columbus, Ohio 43215

                                                s/James D. Owen

                                                _____
                                                James D. Owen (0003525)