IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTDIVISION AT DAYTON

2006 OCT 17 AM 9:24

In re:: Walter L. RAGLIN,

    Petitiner.

Case No. C-1-00-767

Judge Walter H. Rice

Magistrate judge Michael R. Merz

---

Motion For Appointment OF COUNSEL/
Motion For Removal OF Counsel

---

**THIS IS A DEATH PENALTY CASE**

---

    Now comes Petitioner Walter L. Raglin, (Petitioner) requesting this court to appoint new counsel to represent him in proceedings under 28 U.S.C. 2254.

    Petitioner has been convicted of murder and sentenced to death in the state of Ohio Petitioner has filed a Petition Under 28 U.S.C. 2254 for a writ of Habeas Corpus by a person in state Custody. Petitioner is now before the Court seeking the dismissal of present counsel and the appointment of new counsel to represent him in Federal Habeas Corpus proceedings.

    Specifically, Petitioner moves as follows:

    1. That two attorneys, who are listed on the CJA Appointment Listing for the U.S. DISTRICT COURT for the Southern DIstrict of Ohio, appointed to represent petitioner, and,

(1)

2. That once counsel is appointed by this Court, an ex parte conference be scheduled for the court to meet with counsel in order to set forth specific details concerning this matter.

The reasons for this motion are stated in the attached Brief in support.

Respectfully submitted, Pro se.

_Raglin, Walter 338114_
Walter L. Raglin 338114

I hereby certify that a true copy of the foregoing MOTION FOR APPOINTMENT OF COUNSEL/MOTION FOR REMOVAL OF COUNSEL was forwarded by regular U.S. Mail to Judge Walter H. Rice, In The United States District Court for the Southern District of Ohio Western Division, on this _10_ day of _October_, 2006.

Witnessed by: _[signature]_

(2)

r. V. ujlas
y Public
In and For the State of Ohio
My Commission Expires:
3-8-2011

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re: Walter L. Raglin,<br><br>Petitioner. | Case No.C-1-00-767<br><br>Judge: Walter H. Rice |

Brief In Support of

## MOTION FOR APPOINTMENT OF NEW COUNSEL

Petitioner Walter L. Raglin, ("Petitioner") is now before hthe Court to seek dismissal of his appointed counsel and to appoint new counsel.

### ARGUUMENT

Section 848 of Title 21 of the UNITED STATES COde provides, in pertintnt part, that:

> In any post conviction procedding under section 2254 and 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishings of such other services in accordance with paragraphs (5), (6), (7), (8), and (9)

21 U.S.C. Section 848 (q) (4) (B) (West 1993). Pursuant to the statute this Court must ensure that persons who have been sentenced to death, and who are ~~financially~~ Financially eligible, <u>have adequate legal representation</u> in proceedings under 28 U.S.C. 2254.

(1)

"One of the central tenats of the Fox approach is that a client has an absolute right to discharge an attorney or a law firm at any time, with or without cause." Dr 2-110 (B) (4) requires that a lawyer representing a client ***SHALL withdraw from employment if: ***[ [H]e is discharged by his client. ( Emphasis added.) Along with the mandatory obligation to withdraw from a case when discharged, an attorney who is dischargeed must yield the case file. At the time appellant discharged the law firm, the firm was **required** to return his case file to him, and to cease any and all involvement in the case.

Reid, Johnson -V- Lansberry cite as: 629 N.E. 431 (Ohio 1994)

**Watterson v. King, 2006 Ohio 2305, 852 N.E.2d 1278,Ohio APP.,Stark County 2006.**

Walter Raglin A338114

October, 10, 2006

(2)

**PROCEDURE After Appointment of Counsel.**

**In the event the** Court appoints a member of the private bar to serve as counsel, Petitioner suggests that the Court schedule an ex parte conference with the appointed counsel in order to determine the hourly rate of appointed counsel, as well as other such fees generated in connection with the impending litigation. Consideration of the amount and use of funds sought under 21 U.S.C. 848(q)(4)(B)(9):
<u>GORDON v. Vasquez,</u> 859 F. Supp. 413, 415 ( E.D. CAL. 1994).

### CONCLUSION

WHEREFORE, Walter L. Raglin request the COurt to appoint two attorneys, both of whom meet the requirements of 21 U.S.C. 848 and are otherwise qualified to represent a person sentenced to death, to serve as counsel to petitioner in proceedings under 28 U.S.C. 2254 before this court.

Petitioner verifies that the foregoing **MOTION FOR APPOINTMENT OF COUNSEL/ REMOVAL OF COUNSEL IS TRUE.**

Respectfully submitted,

_Walter Raglin 338114_
Pro se
Walter L. Raglin 338114

Witnessed By: _[signature]_   Date - OCT / 10 / 06



David T. Wojtas
Notary Public
In and For the State of Ohio
My Commission Expires:
3-2-20__

(3)