IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WALTER RAGLIN, | : | |
| Petitioner, | : | Case No. C-1-00-767 |
| vs. | : | Chief Judge Walter H. Rice |
| BETTY MITCHELL, Warden, | : | Magistrate Judge Michael R. Merz |
| Respondent. | : | |

**PETITIONER WALTER RAGLIN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 18, 2008, DECISION AND ORDER DENYING PETITIONER'S THIRD MOTION FOR NEW COUNSEL**

Petitioner, pursuant to Fed. Civ. R. 72(a), Petitioner hereby submits his objections to the Magistrate Judge's August 18, 2008 Decision and Order Denying Petitioner's Third Motion for New Counsel, and pursuant to 18 U.S.C. 3006A(c), and 18 U.S.C. 3599(d), requests the District Court to issue an order appointing the Capital habeas Unit of the Federal Public Defender for the Southern District of Ohio as Trial Counsel for Petitioner, for the reasons set forth in the accompanying memorandum.

      s/James D. Owen

      _____
      James D. Owen (0003525)
      5354 North High Street
      Columbus, Ohio 43214
      (614) 436-3245
      jdo@jowenlaw.com
      Trial Attorney for Petitioner

1

## **MEMORANDUM IN SUPPORT**

On August 15, 2008, Petitioner Walter Raglin filed, *pro se*, a Third Motion for New Counsel. On August 18, 2008, Magistrate Judge Merz issued a Decision and Order Denying Third Motion for New Counsel based in part on the argument that this case "has been fully litigated" in the District Court. (Doc 114). Petitioner is currently represented in District Court by a single lawyer, James D. Owen. Although two other attorneys were initially appointed to represent Petitioner, they withdrew as counsel for Petitioner on June 3, 2002, based in major part on the denial by the District Court of a proposed budget providing for funding for legal representation.

Under the authority of 18 U.S.C. 3006A(c), and 18 U.S.C. 3599(d), petitioner also requests the District Court to issue an order appointing the Capital Habeas Unit of the Federal Public Defender for the Southern District of Ohio as Trial Counsel for Petitioner.

The magistrate judge issued an order denying the petitioner's request for replacement counsel on the basis that this case has been fully litigated and is ripe for decision. The magistrate further noted that the new habeas corpus unit of the Federal Public Defender's is not accepting transferred cases from other counsel in completed litigation.

The Magistrate Judge is simply wrong about the status of this litigation. Objections have been filed, and they have not been ruled upon. In addition, if the District Judge's ruling is adverse to the Petitioner, then additional litigation will be necessary, which could include motions filed pursuant to Fed. Civ. R. 59(e) and Fed. Civ. R. 60, as well as motion in the District Court regarding a certificate of appealablity. This is supported by the attached affidavit of Carol A. Wright, the supervising attorney for the Capital Habeas Unit in the Federal Public Defender's Office for the Southern District of Ohio. The affidavit shows that this case has not been fully litigated, and that additional litigation will be necessary, which could include motions filed pursuant to Fed. Civ. R. 59(e) and Fed. Civ. R. 60.

Second, as is shown in Ms. Wright's affidavit, there are substantial questions regarding whether Petitioner's current counsel has adequately or fully represented Petitioner in this case. (See Exhibit A, Affidavit of Carol A. Wright, ¶ 7). This includes the question of why his attorney never filed a Motion for an Evidentiary Hearing in this case. For this reason, it is important for Mr. Raglin to have counsel to represent him in the unconcluded litigation.

Third, despite the fact that the ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases requires that "no fewer than two attorneys" should be appointed to represent a Petitioner in a section 2254

federal habeas case. In this case, the Petitioner has only represented by one lawyer since June 3, 2002.

Finally, as is noted in the attached affidavit by the undersigned, there has been a complete breakdown in communication between the Petitioner and his attorney. (See Exhibit B, Affidavit of James D. Owen).

## CONCLUSION

In light of the arguments presented above, Petitioner respectfully requests that the Court should set aside the Magistrate Judge's August 18, 2008, Decision and Order. Further, Petitioner requests the Court to issue an order pursuant to 18 U.S.C. 3006A(c), and 18 U.S.C. 3599(d) appointing the Capital Habeas Unit in the Federal Public Defender's Office for the Southern District of Ohio as counsel for Petitioner.

Respectfully submitted,

s/James D. Owen
_____
James D. Owen (0003525)
5354 North High Street
Columbus, Ohio 43214
(614) 436-3245
jdo@jowenlaw.com
Trial Attorney for Petitioner

4

5

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 28th day of August, 2008, served electronically through the Court's ECF System a copy of the foregoing pleading to the following attorneys of record:

Justin Morgan Lovett
Assistant Ohio Attorney General
Capital Crimes Section- 23rd Floor
30 East Broad Street
Columbus, Ohio 43215

Daniel Ranke
Assistant Ohio Attorney General
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899

s/James D. Owen
_____
James D. Owen (0003525)