# AFFIDAVIT

State of Ohio:

County of Franklin:

I, Carol A. Wright, being first duly sworn, depose and state:

1) I am the supervising attorney for the newly formed Capital Habeas Unit in the Federal Public Defender's Office for the Southern District of Ohio.

2) The Capital Habeas Unit has been set up to provide representation and resources in federal habeas proceedings for those individuals convicted and sentenced to death in the State of Ohio.

3) Mr. Walter Raglin was convicted and sentenced to death in the State of Ohio. After proceedings in state court, Mr. Raglin pursued habeas corpus relief in the United States District Court for Southern Ohio. Counsel James Owen and Randolph Alden were appointed to represent Mr. Raglin. Additionally, Attorney Alden was permitted to use Attorney Kevin Durkin to assist him in representation of Mr. Raglin.

4) Attorneys Alden and Durkin were permitted to withdraw as counsel for Mr. Raglin on June 3, 2002. It appears from review of the docket that no additional counsel was appointed to represent Mr. Raglin.

5) Mr. Raglin sent a letter to the Court requesting new counsel on September 11, 2006. The Court issued an order on September 20, 2006 denying Mr. Raglin's request for new counsel and finding the case fully litigated on the merits.

6) Mr. Raglin subsequently sent a *pro se* motion to the Court on October 17, 2006. The Court denied the Motion in an Order dated October 18, 2006.

7) Mr. Raglin sent a letter to Judge Barrett on August 15, 2008 requesting new counsel and specifically noting the new Capital Habeas Unit in the Federal Public Defender's Office for Southern Ohio. In that letter, Mr. Raglin noted, among other concerns, that present counsel Mr. Owen never filed a Motion for Evidentiary Hearing. This fact is confirmed by a review of the docket and a review of the Amended Supplemental Report and Recommendations wherein Magistrate Judge Merz notes that although there was an assertion that Petitioner Raglin would need an evidentiary hearing to show cause and prejudice in his Traverse, he never moved for a hearing. (Amended Report at p. 5)

8) On that same date, August 15, 2008, Magistrate Judge Merz again denied Mr. Raglin's request for new counsel finding the case to be fully litigated and awaiting decision from Judge Barrett. Magistrate Judge Merz further noted that he would reconsider the request if Judge Barrett decided the case required additional litigation.

8)  I have reviewed Mr. Raglin's letters and motions requesting new counsel. I have also reviewed the Decisions and Orders denying the requests. I have briefly reviewed the Report and Recommendations, the Objections filed on behalf of Mr. Raglin, the Amended Supplemental Report and Recommendations.

9)  I have spoken with Attorney James Owen about the case and have permission from Mr. Owen to speak with Petitioner Raglin.

10) I have arranged to meet with Petitioner Raglin on Friday, August 29, 2008.

11) I am aware that the Capital Habeas Unit is going to be appointed to new capital habeas cases entering the United States District Court for Southern Ohio and to pending cases where attorneys are permitted to withdraw. It is my understanding that Counsel James Owen is filing a Motion to Withdraw and has acknowledged in that motion that he has been unable to fully represent Mr. Raglin in this matter. Based on that knowledge, it is likely that the Capital Habeas Unit will be appointed for any additional litigation on Mr. Raglin's behalf. This could include but is not limited to motions filed pursuant to Fed. Civ. R. 59(e), Fed. Civ. R. 60, a notice of appeal, and any request for a certificate of appealability.

12) The Capital Habeas Unit is willing to be appointed to Mr. Raglin's case at this time. In fact, the CHU would prefer to be appointed at this time prior to any decision by Judge Barrett. In light of Mr. Owen's acknowledgment of his inability to fully represent Mr. Raglin, it is likely that additional steps need to be taken to fully represent Mr. Raglin. At a minimum, the proceedings need to be reviewed to determine if a Motion for evidentiary hearing should be requested even at this late date. Since it is likely that the CHU will be appointed to represent Mr. Raglin in the Sixth Circuit, where representation may be futile if Mr. Raglin's issues were not fully and completely developed, the CHU requests appointment at this time. At a minimum, appointment at this time would be beneficial in order for the CHU to have sufficient time to review the record in case a Rule 59(e) motion needs to be pursued.

Further Affiant sayeth naught.

Carol A. Wright

Sworn to and before me this 27th day of August, 2008.

Notary Public

STEVEN S. NOLDER, Attorney At Law
NOTARY PUBLIC-STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.