IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WALTER RAGLIN,

:

    Petitioner,                                 Case No. 1:00-cv-767

:        District Judge Michael R. Barrett
    -vs-                                      Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

    Respondent.

**MEMORANDUM OPINION**

This capital habeas corpus case is ripe on the merits for decision by Judge Barrett.[1] On April 12, 2011, Respondent filed a Notice of Supplemental Authority, calling the Court's attention to *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), and claiming

> *Pinholster* is relevant to the following matters: (1) whether, or under what circumstances, a federal habeas court can consider evidence that was not presented to the state court that adjudicated the claim; (2) the propriety and necessity of discovery and/or evidentiary hearings on a claim adjudicated in state court on the merits; and (3) whether deference is owed to a state court adjudication summarily denying the claim on the merits.

(Notice, Doc. No. 155, PageID 1042). Because the Notice offered no argument as to the impact of *Cullen*, the Magistrate Judge ordered the parties to brief that question (Doc. No. 156) and they have

---

[1] Also pending before Judge Barrett is Petitioner's Appeal (Doc. No. 150) of the Magistrate Judge's Decision and Order (Doc. No. 149) denying Petitioner's Amended Motion for Discovery. If Petitioner were to be granted additional discovery as a result of the Appeal, the case would not be ripe for decision.

done so (Doc. Nos. 157, 158).

In *Cullen* the Supreme Court decided "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. That is, in deciding whether a state court adjudication of a claim on the merits was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, the federal habeas court is to consider only the record before the state court, and not any evidence added to the record in federal court.

In this case, although discovery was permitted, no evidentiary hearing was sought or held, so there is no evidence from such a hearing to exclude from consideration on the § 2254(d)(1) issue, as *Cullen* requires. Nor was any evidence gathered in discovery added to the record by way of a motion to expand. Therefore *Cullen* will not impact this Court's decision on the § 2254(d)(1) issue.

June 9, 2011.

                   s/ **Michael R. Merz**
                   United States Magistrate Judge