# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WALTER RAGLIN,

:

         Petitioner,                  Case No. 1:00-cv-767

                          :        District Judge Michael R. Barrett
    -vs-                      Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

                          :

         Respondent.

---

## REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION FOR
## CERTIFICATE OF APPEALABILITY

---

This case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc.

No. 165). The Motion was filed pursuant to the Magistrate Judge's Order (Doc. No. 159; affirmed

Doc. No. 163) requiring pre-judgment briefing of the appealability issue to comply with Rule 11(a)

of the Rules Governing § 2254 cases as amended effective December 1, 2009. The Warden has

opposed the Motion (Response, Doc. No. 167). Petitioner has not filed a reply in support and the

time for doing so under S. D. Ohio Civ. R. 7.2 has expired.

Petitioner's Motion is 118 pages long and was filed without compliance with Judge Barrett's

Civil Trial Practice Order which provides in pertinent part:

> **BRIEFS AND/OR MEMORANDA IN SUPPORT OF OR IN
> OPPOSITION TO ANY MOTION IN THIS COURT SHALL
> NOT EXCEED TWENTY PAGES WITHOUT FIRST
> OBTAINING LEAVE OF COURT.** A motion for leave must set
> forth the reasons excess pages are required and the number of pages
> sought.

> If leave of Court is granted, counsel must include: (1) a table of contents indicating the main sections of the memorandum, the arguments made in each section, and the pages on which each section and subsection may be found; and (2) a succinct, clear, and accurate summary not to exceed five pages of the principal arguments made and citations to the primary authorities relied upon in the memorandum. All briefs and memoranda shall comply with the formal requirements of S.D. Ohio Civ. R. 7.2.

(Trial Procedure Order - Civil Trial, Judge Michael R. Barrett, available on the Court's internet website, www.ohsd.uscourts.gov, emphasis in original.) In the interest of expedition, the Magistrate Judge will excuse noncompliance on this occasion. However, Judge Barrett's Order will be enforced in all future matters on Judge Barrett's docket in this or other cases.

The Petition (Doc. No. 14) contains thirty-six Grounds for Relief. In his First Amended Petition (Doc. No. 76), Petitioner abandoned Claims A.1, A.2, A.3, A.4, B.1, B.2, B 3, and D.2.b from the First Ground for Relief, Claims A, B, and C from the Second Ground for Relief and the Fifth, Seventh, Tenth, Eleventh, Twentieth, Twenty-Second, Twenty-Fourth, Twenty-Sixth, Twenty-Eighth, Thirty-First, Thirty-Third, and Thirty-Fifth Grounds for Relief in their entirety (Doc. No. 76 at i-vii and 57). Also in the First Amended Petition, Mr. Raglin added subpart D of the Second Ground for Relief and Grounds for Relief Thirty-Seven and Thirty-Eight. Those newly-added claims were dismissed as barred by the statute of limitations as interpreted in *Mayle v. Felix*, 545 U.S. 644 (2005)(Doc. Nos. 86, 87). In the original Report and Recommendations (Doc. No. 89, filed Feb. 2, 2006), the Magistrate Judge recommended dismissing the First Amended Petition with prejudice. *Id.* at PageID 416. After Petitioner filed Objections, the Magistrate Judge filed an Amended Supplemental Report and Recommendations again recommending dismissal of all claims in the First Amended Petition with prejudice (Doc. No. 100, filed June 29, 2006).

On August 30, 2008, the Court permitted substitution of counsel and Petitioner's current

counsel entered their appearance shortly thereafter (Doc. Nos. 118, 119, 120).  New counsel then moved to revive abandoned claims (Doc. No. 130), to supplement objections (Doc. No. 131) and to reopen discovery (Doc. Nos. 132, 134).  The Magistrate Judge denied revival of abandoned claims, granted supplementation of objections, and permitted limited additional discovery  (Doc. No. 140, affirmed on Petitioner's appeal Doc. No. 152).  Petitioner filed an Amended Motion for Discovery which the Magistrate Judge denied (Doc. No. 149).  Petitioner appealed that decision (Doc. No. 150) and that appeal remains pending before Judge Barrett.

Petitioner now seeks a certificate of appealability on his First, Second, Third, Fourth, Sixth, Eighth, Ninth, Twenty-Third, Thirtieth, Thirty-Second, and Thirty-Eighth Grounds for Relief and on his claim that he should have been allowed reopened discovery on firearms issues.  The Warden opposes issuance of a certificate on all Grounds for Relief and on the discovery issue.

## Standard for Certificate of Appealability

As provided in  28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding.  The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific  issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate

-3-

> Procedure 22. A motion to reconsider a denial does not extend the
> time to appeal.

The Rule codifies prior practice in the Sixth Circuit. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997)).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, *citing Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473 at 484 (2000), *quoting Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional

claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

## Analysis

## First Ground for Relief

The First Ground for Relief as pled in the Petition is

Walter Raglin was denied his right to the effective assistance of counsel at the pretrial and trial phases of his capital trial in violation of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments.

A.   Trial counsel was ineffective for failing to file, renew and conduct hearings on appropriate motions
    1.   Failure to file Motion to Suppress Statements obtained through Mr. Raglin's illegal arrest **[abandoned]**
    2.   Failure to appropriately renew Motion for Change of Venue after voir dire clearly indicated that potential jurors were biased as a result of media exposure **[abandoned]**
    3.   Failure to adequately present Motion for New Trial on issue of juror media exposure **[abandoned]**
    4.   Failure to adequately conduct hearing on Motion to Suppress Statements **[abandoned]**
B.   Trial counsel was ineffective for failing to conduct voir dire in a manner sufficient to choose a fair and impartial jury
    1.   Failure to adequately voir dire on racial basis **[abandoned]**
    2.   Failure to adequately voir dire regarding media exposure **[abandoned]**
    3.   Failure to adequately voir dire regarding mitigating factors **[abandoned]**
    4.   Failure to adequately voir dire and remove Juror Veesart

  C.  Trial counsel was ineffective for repeatedly conceding Mr. Raglin's guilt and then after such concession presenting conflicting arguments to the jury
    1.  Trial counsel's concession of Mr. Raglin's guilt
    2.  Conflicting arguments presented to the jury

  D.  Trial counsel was ineffective for failing to adequately present a defense, including failing to support counsel's request for a manslaughter instruction with evidence sufficient to warrant the instruction, failing to secure the assistance of experts, and failing to object to prosecutorial misconduct.
    1.  Failure to put on evidence in support of manslaughter instruction
    2.  Failure to secure the assistance of experts
      a.  Firearms expert
      b.  toxicologist **[abandoned]**
        1.  assistance with respect to behavior on the night of the offense
        2.  assistance with respect to behavior at time of arrest and during statement to police
        3.  assistance with respect to victim's intoxication
    3.  Failure to object to prosecutorial misconduct

Respondent contends each of the remaining sub-claims is procedurally defaulted because none of them were raised until Raglin's petition for post-conviction relief or, in the case of the prosecutorial misconduct sub-claim, not raised at all in the state courts. (Amended Return of Writ, Doc. No. 80 at 24-37.) The Magistrate Judge has recommended dismissing the First Ground for Relief on the basis of Raglin's procedural default as asserted by Respondent (Merits Report and Recommendations ("Merits R&R"), Doc. No. 89, PageID 374.) Raglin now asserts that this conclusion is debatable among reasonable jurists on a number of bases.

**1.  Adequate and independent state ground**

First, Raglin asserts "Ohio's *res judicata* doctrine is not an adequate and independent state ground with respect to claims of ineffective assistance of counsel." Raglin admits that, as noted in the Merits R&R, the Sixth Circuit has repeatedly held that Ohio's criminal *res judicata* doctrine is an adequate and independent state ground. Raglin notes that the Sixth Circuit has not considered the impact on its holdings of *Massaro v. United States*, 538 U.S. 500 (2003).

In *Massaro*, the Supreme Court held that ineffective assistance of trial counsel claims arising in federal prosecutions will not be procedurally defaulted if omitted on direct appeal and brought instead in a motion to vacate under 28 U.S.C. § 2255. Raglin claims "[a]s *Massaro* makes clear, *res judicata* serves no absolutely [sic] legitimate purpose when it is applied to claims of ineffective assistance of counsel." (Motion, Doc. No. 165, PageID 1090, *citing Massaro* at 506-508.) Raglin cites to a portion of Justice Kennedy's opinion which weighs the relative benefits of requiring ineffective assistance of trial counsel claims to be brought on direct appeal as opposed to collateral review, and concludes the balance favors collateral presentation. The Court does not suggest there is "absolutely no legitimate purpose" in requiring ineffective assistance of trial counsel claims to be brought on direct appeal.

Ohio, of course, distinguishes between ineffective assistance of trial counsel claims which are based on the record which can be raised on direct appeal and must, under the Ohio *res judicata* doctrine, be raised in that way when new counsel handles the direct appeal. The purpose served is the obvious one of requiring error to be raised and corrected as soon as possible.

The Court in *Massaro* recognized that some state court systems, indeed "a growing majority, follow the rule we adopt today." 538 U.S. at 508. But it did not suggest that the rule was constitutionally mandated.

Federal court deference to state court decisions on adequate state grounds serves an entirely separate purpose from the allocation of issues to different proceedings within federal practice which the Court was carrying out in *Massaro*. The adequacy of the state ground is determined by examining the State's legitimate interests in the procedural rule in light of the federal interest in considering federal claims. *Maupin, v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), *citing Henry v.*

*Mississippi,* 379 U.S. 443, 446-48 (1965). The adequacy of a state procedural bar is itself a federal

question. *Cone v. Bell,* 556 U.S. ___ , 129 S. Ct. 1769, 173 L. Ed. 2d 701 (2009), citing *Lee v.*

*Kemna*, 534 U.S. 362, 375 (2002); see also *Coleman v. Thompson*, 501 U.S. 722, 736 (1991).

Raglin fails to cite the Supreme Court's later distinction of *Massaro* from an asserted

obligation of state courts to hear certain claims in post-conviction proceedings.  In *Sanchez-Llamas*

*v. Oregon*, Chief Justice Roberts[1] wrote:

> Finally, relying on *Massaro v. United States*, 538 U.S. 500, 123 S.
> Ct. 1690, 155 L. Ed. 2d 714 (2003), Bustillo argues that Article 36
> claims "are most appropriately raised post-trial or on collateral
> review." Brief for Petitioner in No. 05-51, at 39. *Massaro* held that
> claims of ineffective assistance of counsel may be raised for the first
> time in a proceeding under 28 U.S.C. § 2255. That decision,
> however, involved the question of the proper forum for federal
> habeas claims. Bustillo, by contrast, asks us to require the States to
> hear Vienna Convention claims raised for the first time in state
> postconviction proceedings.   Given that the Convention itself
> imposes no such requirement, we do not perceive any grounds for us
> to revise state procedural rules in this fashion. *See Dickerson, supra,*
> at 438, 120 S. Ct. 2326, 147 L. Ed. 2d 405

548 U.S. 331, 359-360 (2006).  Given that no justice of the Supreme Court has expressed the

opinion that *Massaro* constitutionally mandates a similar state practice and that the Sixth Circuit has

repeatedly upheld the Ohio criminal *res judicata* rule as an adequate and independent state ground

of decision, the Magistrate Judge does not believe this issue is debatable among reasonable jurists

and recommends that a certificate of appealability be denied on this issue.

**2.      Asserted Misapplication of Ohio's *res judicata* doctrine**

Next Raglin asserts the Ohio Court of Appeals misapplied Ohio's criminal *res judicata*

---

[1]The Chief Justice wrote for himself and Justices Scalia, Kennedy, Thomas, and Alito.  The
dissent was on separate and grounds and none of the dissenting Justices suggested that the Massaro
rule was constitutionally mandated to be adopted by the States.

doctrine because his "post-conviction petition was supported by a voluminous amount of extraneous, extra-record evidence." (Motion, Doc. No. 165, PageID 1092.)

The First District Court of Appeals stated what it understood to be the relevant Ohio law:

> A postconviction petition may also be dismissed without a hearing where the claims raised are barred by *res judicata*. *State v. Perry* (1967) 10 Ohio St. 2d 175, 226 N.E. 2d 104.The doctrine of *res judicata* precludes a hearing where the claims raised in the petition were raised or could have been raised at trial or on direct appeal. *Id.* at paragraph nine of the syllabus. *Res judicata* bars a hearing on the petition even where a claim relies on evidence *dehors* the record, unless that evidence shows that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. The evidence *dehors* the record must be more than that evidence which was in existence at the time of trial and which should and could have been submitted at trial if the defendant wished to make use of it. *State v. Mills,* 1995 Ohio App. LEXIS 910 (Mar. 15, 1995), Hamilton App. No. C-930817, unreported; *State v. Hill, supra.*
>
> * * *
>
> Generally, the introduction of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*. *State v. Cole* (1982), 2 Ohio St. 3d 112, 443 N.E.2d 169. An ineffective-assistance-of-counsel claim, however, may be dismissed as *res judicata* where the petitioner was represented by new counsel on direct appeal, that counsel failed to raise the issue of trial counsel's incompetence, and the issue could fairly have been determined without evidence *dehors* the record. *State v. Sowell* (1991), 73 Ohio App. 3d 672, 598 N.E.2d 136.

*State v. Raglin*, 1999 Ohio App. LEXIS 2876, *4-5, 7. (1st Dist. June 25, 1999).

**Asserted misapplications:**

**i.** **Failure to conduct adequate voir dire and remove juror Tara Veesart**

On this sub-claim of ineffective assistance of trial counsel, the First District held:

Raglin contended, in this tenth claim for relief, that his trial counsel

> was ineffective because he failed to challenge a specific juror for cause or to use a peremptory challenge. Because this claim challenged conduct that was evident in the record, it should have been brought on direct appeal. Raglin's attempt to support the claim with evidence *dehors* the record, such as Porter's affidavit and newspaper articles, did not change this fact. Accordingly, the trial court correctly dismissed the claim under the doctrine of *res judicata.*

*State v. Raglin, supra*, at *12-13. Raglin asserts this holding "was clearly erroneous because the extraneous materials Raglin relied upon were essential to his claim." (Motion, Doc. No. 165, PageID 1095.) Raglin does not attempt to support this argument with citations to other Ohio appellate case law with analogous situations. Instead, Raglin's position depends entirely on his counsel's disagreement with the First District Court of Appeals on how much several newspaper articles and the expert opinion of Randall Porter added to the record for deciding this sub-claim. The critical facts about Ms. Veesart's presence at the bar where Michael Bany was performing on the night Raglin murdered him were known to trial counsel and extensively inquired into on voir dire. Thus the Hamilton County Common Pleas Court could reasonably have concluded that the newspaper articles added very little.

With respect to the Porter Affidavit, Randall Porter is a respected Ohio Assistant Public Defender involved, to this Court's knowledge, with actual representation of capital defendants for more than ten years. Also to this Court's knowledge, his expertise is sufficiently advocatory that it is difficult to imagine his testifying in favor of the State's position of an ineffective assistance of trial counsel claim. A trial court considering an affidavit from Mr. Porter on standards for effective representation in a capital case might well regard it as a brief in affidavit form. Moreover, it is not a "fact" affidavit, but an opinion affidavit on questions of legal performance on which the judge is also an expert, although not as experienced as Mr. Porter, does not add sufficient weight to take this

issue outside the established *res judicata* doctrine.

Moreover, Raglin's position on this sub-claim depends on his assertion that the First District Court of Appeals misapplied Ohio law.  It is correct that when a state court's reliance on its own rule of procedural default is misplaced, federal habeas review is not be precluded.  *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005), *citing Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001).  But Raglin has not made that showing.  That is, he has not shown that the First District's conclusion on this sub-claim is contrary to Ohio Supreme Court case law or outside the norm in Ohio courts for applying the doctrine of *res judicata*.

Therefore a certificate of appealability should not be issued on the question whether the First District Court of Appeals misapplied Ohio *res judicata* doctrine to the sub-claim of ineffective assistance of trial counsel arising out of the voir dire of Juror Veesart.

### ii.   Conceding Raglin's guilt during voir dire and then presenting conflicting arguments to the jury.

Raglin claims his trial attorneys were ineffective for conceding guilt and then making contradictory arguments during trial.  The First District affirmed the trial court's *res judicata* dismissal of this claim, holding:

> In his ninth claim for relief, Raglin contended that his trial counsel was ineffective because certain comments made by him during the guilt and mitigation phases of the trial were in conflict. Because this claim was based entirely on matters in the record, Raglin's proffered evidence *dehors* the record was of no consequence and the claim was *res judicata*. Therefore, the trial court correctly dismissed it.

*State v. Raglin, supra*, at *12.

Raglin asserts this holding was clearly erroneous because, as with the prior sub-claim, extraneous materials were a "necessary component" of the claim. (Motion, Doc. No. 165, PageID

1097.)  Here the material *dehors* the record is again Randall Porter's Affidavit along with Raglin's

own affidavit that he did not consent to the concessions his attorneys made.  Raglin's attorneys did

not concede he was guilty, but rather that he shot Michael Baney.  And while Raglin's lack of

consent was not a fact of record on direct appeal, his consent was not necessary for his attorneys to

make the strategic decision to concede a factual point which the State could easily prove and which

the jury might hold against them for not conceding.  In sum, the First District decision on this sub-

claim has not been shown to be a misapplication of Ohio *res judicata* doctrine and no certificate of

appealability should issue on this issue.

### iii. Failing to present evidence to support a jury instruction on involuntary manslaughter as a lesser-included offense.

Despite counsel's request, the trial court refused to instruct the jury on the lesser included

offense of involuntary manslaughter.  In his post-conviction petition, Raglin asserted this was

ineffective assistance of trial counsel.  The First District Court of Appeals held:

> Raglin's twelfth claim for relief, which alleged that his trial counsel
> was ineffective for failing to request a jury instruction on the
> lesser-included offense of involuntary manslaughter until after the
> defense rested, was *res judicata*. The claimed error was evident from
> the record and, thus, should have been raised on direct appeal.
> Raglin's inclusion of Porter's affidavit as evidence *dehors* the record
> was of no assistance under these circumstances. Therefore, the trial
> court correctly dismissed the claim.

*State v. Raglin, supra*, at *13-14.  The only evidence *dehors* the record on this claim was the Porter

Affidavit.  Critically, Petitioner did not present to the post-conviction court any evidence which

would supposedly have been available to present at trial to support the instruction.  For the reasons

already given, Raglin has not established that the First District's decision was a misapplication of

Ohio *res judicata* doctrine and no certificate of appealability should issue on this question.

     **iv.**    **Failure to retain a firearms expert.**

Raglin contends the First District misapplied Ohio *res judicata* doctrine when it affirmed dismissal of this sub-claim. (Motion, Doc. No. 165, PageID 1101.) Here again the only evidence *dehors* the record presented in post-conviction was the Porter Affidavit. On the issue of what a firearms expert would have testified to, the Affidavit is purely speculative; no affidavit from a firearms expert was submitted. There was therefore no misapplication of Ohio *res judicata* doctrine in deciding this claim as the court of appeals did.

In sum, Raglin has not shown any misapplication of Ohio criminal *res judicata* doctrine by the First District and no certificate should be issued on that basis.

**3.**    **Excusing Cause and Prejudice: Ineffective Assistance of Appellate Counsel**

Raglin argues that his failure to raise his claims of ineffective assistance of trial counsel on direct appeal is excused by the ineffective assistance rendered by his direct appeal counsel. (Motion, Doc. No. 165, PageID 1102-1107.)

Ineffective assistance of appellate counsel can constitute excusing cause, but must first be presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Raglin did so by applying to the Ohio Supreme Court for reopening of his direct appeal, but that court denied reopening on the merits. *State v. Raglin*, 706 N.E.2d 789 (1999)(Table).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United

States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

Although conceding the Ohio Supreme Court decided his ineffective assistance of appellate counsel claim on the merits, Raglin argues that § 2254(d)(1) does not apply to question of cause and prejudice, relying on *Joseph v. Coyle*, 469 F.3d 441, 458-459 (6ᵗʰ Cir. 2006), (Motion, Doc. No. 165, PageID 1106.) In *Joseph* the Sixth Circuit held "[a]lthough Joseph must satisfy the AEDPA standard with respect to his independent IAC claim, he need not do so to claim ineffective assistance for the purpose of establishing cause. *See Fischetti v. Johnson,* 384 F.3d 140, 154-55 (3d Cir. 2004)." *Id.* at 459." This point is dictum because the Sixth Circuit went on to find ineffective assistance of appellate counsel as an independent claim. 469 F.3d at 462. Nonetheless, it does represent the opinion of the appellate court and *Hall v. Vasbinder*, 563 F.3d 222 (6ᵗʰ Cir. 2009), is to the same effect. The Magistrate Judge therefore offers no analysis on whether the Ohio Supreme Court decision on the ineffective assistance of appellate counsel claim satisfies 28 U.S.C. § 2254(d)(1).

The assertion of ineffective assistance of appellate counsel as cause and prejudice was deemed abandoned by the Magistrate Judge because prior habeas counsel said he would need an evidentiary hearing to prove ineffective assistance of appellate counsel and then never moved for a hearing. Having no authority for the proposition that an issue cannot be effectively abandoned by not pursuing it, Raglin's present counsel assert "[t]he inequity of precluding an indigent death row inmate from relying on the available record merely because his former counsel failed to file a motion for an evidentiary hearing is self-evident." The proposition is not self-evidence to the Magistrate

Judge.  Certainly claims made in a habeas petition can be abandoned and many were expressly abandoned in this case.  And the Court declines to find that prior counsel "effectively abandoned" Mr. Raglin altogether.

Having asserted that they can show ineffective assistance of appellate counsel as excusing cause on the basis of the existing record, Raglin's counsel then fail to make a convincing demonstration.  Indeed, they offer only one example, to wit, failure to assign as error the prosecutor's demonstration in closing argument of how the shooting took place.  They quote from the Application for Reopening the characterization made there of what the prosecutor did with the murder weapon, deriding him for "theatrics," making a "wild display," "egregious misconduct," conducting a "charade geared to frighten the jurors."  (Motion, Doc. No. 165, PageID 1104, *quoting* Return of Writ, Apx. Vol. XI at 2807).  Nowhere is there any showing that the demonstration mischaracterized or missummarized the testimony of witnesses as to how the shooting took place.  Nor do counsel cite to this Court any authority which characterizes such a demonstration as prosecutorial misconduct or which holds that failure to complain about it on appeal is ineffective assistance, assuming the claim was preserved for appeal by a contemporaneous objection.

Therefore, assuming that the claim of ineffective assistance of appellate counsel as cause has been preserved, contrary to the prior holding that it was abandoned, Raglin has not shown that he received ineffective assistance of appellate counsel by this one example.


**4.**     **Excusing Cause and Prejudice: Ineffective Assistance of Post-Conviction Counsel**

As Raglin implicitly acknowledges, neither the Supreme Court nor the Sixth Circuit has ever held that deficient performance by counsel in post-conviction proceedings can constitute excusing

cause for a procedural default.  That is because the Sixth Amendment right to effective assistance

of counsel only applies to a first appeal of right.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987);

*Ross v. Moffitt*, 417 U.S. 600 (1974).  The United States Supreme Court has under submission

*Martinez v. Ryan*, Case No. 10-1001, which presents this issue.  On this issue,

> Raglin specifically asserts that he had a right under the Federal
> Constitution to the effective assistance of counsel in his state
> post-conviction proceedings, that his state post-conviction counsel
> performed deficiently, that he was prejudiced by the deficient
> performance, and that the ineffective assistance of his state
> post-conviction counsel constitutes cause and prejudice for any
> procedural defaults in his First Ground for Relief.

(Motion, Doc. No. 165, PageID 1108.)  Raglin's counsel, however, point to no place in the record

where these assertions have previously been made.  Raglin has not preserved this claim for appeal.


**Merits of Ground One**

Raglin also argues at length the merits of Ground One for Relief (Motion, Doc. No. 165,

PageID 1108-1124).  The Magistrate Judge has not recommended an alternative disposition of the

First Ground for Relief on the merits (See Report and Recommendations, Doc. No. 89, PageID 374).

If District Judge Barrett rejects the recommendation on the First Ground for Relief, this Court will

then proceed to consider the merits of this Ground for Relief.  At this time, however, no hypothetical

merit analysis is warranted.

The Magistrate Judge agrees with Petitioner that the Ohio courts did not render a decision

on the merits of his claim of ineffective assistance of trial counsel and thus there is no state court

decision to defer to under 28 U.S.C. § 2254(d)(1) if this Court were to reach the merits of that claim.

-16-

**Second Ground for Relief**


In his Second Ground for Relief, Raglin pled ineffective assistance of trial counsel at the mitigation phase of his trial. Sub-claims A, B. and C were abandoned. The First Amended Petition, added sub-part D as follows:

> **Ground Two:** "Walter Raglin was denied his right to the effective assistance of counsel at the mitigation phase of his capital trial in violation of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments [in that] Trial Counsel failed to adequately investigate and present significant evidence of remorse." (Amended Petition, Doc. No. 76, at 30).

The Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), intervened between the Magistrate Judge's granting permission to file an amended petition and the District Court's consideration of that case. After the decision came down, the Court ordered Petitioner to show cause why it did not require dismissal of Grounds Two, Thirty-Seven, and Thirty-Eight in the First Amended Petition (Doc. No. 85). Petitioner filed no response, the Magistrate Judge recommended dismissal of those Grounds on that basis (Doc. No. 86), Petitioner filed no objections, and the District Court adopted the recommendation on August 5, 2005 (Doc. No. 87). In the original Report and Recommendations, the Magistrate Judge wrote "[t]he Second Ground for Relief has been abandoned in part and dismissed in part as barred by the statute of limitations." (Merits R&R, Doc. No. 89, PageID 374.) In his Objections on Ground Two, Petitioner argued for the first time since *Mayle v. Felix* was handed down that sub-part D of his Second Ground for Relief related back to the original filing date because it relied "on evidence of the same time and type" as Grounds Two and Twenty-three of the original Petition (Objections, Doc. No. 95, PageID 444). In the Supplemental Report and Recommendations, the Magistrate Judge recommended that this argument was forfeited

-17-

by Petitioner's failure to object to the Report and Recommendations recommending the Warden's

Motion to Dismiss on this basis be granted (Supp. R&R, Doc. No. 99, PageID 503, *citing United

States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); and *Thomas v. Arn*, 474 U.S. 140 (1985)).  In the

interest of completeness, the Magistrate Judge added an alternative analysis of the merits of sub-part

D:

> Here, the facts relied upon in the Third and Twenty-Third Grounds
> were trial counsel's failure to object at two points in the closing
> argument which argued lack of remorse. The new second ground
> alleges failure to investigate and present other evidence which would
> have shown remorse. While all three claims are ineffective assistance
> of trial counsel claims and relate to the issue of remorse or lack of it,
> they rely on different trial facts – what the trial attorneys did not do
> at different stages of the case – and different evidentiary facts –
> purported evidence from some witnesses of remorse versus purported
> evidence from other witnesses of lack of remorse.

*Id.*  at PageID 505.

Petitioner now argues this conclusion is debatable among reasonable jurists.  He asserts "the

common core of operative facts is trial counsel's failure to do anything with Raglin's demonstration

of remorse following the crime."  (Motion, Doc. No. 165, PageID 1130).  "The Second Ground for

Relief," he says, " merely clarifies the ineffective-assistance-of-counsel theory already in the

original petition." *Id.  citing Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).

The Magistrate Judge agrees.  *Woodward*, the only authority cited by Raglin, was decided

several years before *Mayle v. Felix*.  In *Mayle* the Supreme Court commented favorably on that part

of *Woodward* which allowed relation back as follows:

> And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (CA10 2001),
> the appeals court upheld relation back where the original petition
> challenged the trial court's admission of recanted statements, while
> the amended petition challenged the court's refusal to allow the
> defendant to show that the statements had been recanted. See also 3

> J. Moore et al., Moore's Federal Practice § 15.19[2], p 15-82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

545 U.S. at 664, n. 7. The Magistrate Judge continues to believe the facts relied on to prove the added claim – that trial counsel did not investigate remorse – are different for purposes of relation back analysis than the facts relied on for the original claims – that trial counsel did not object to alleged prosecutorial misconduct claiming lack of remorse. However, the breadth of concept of operative facts is sufficiently undefined in the case law that reasonable jurists could debate whether sub-part D of Ground Two satisfies that standard.

However, it is not debatable among reasonable jurists that Raglin defaulted in making this argument. He did not oppose the Warden's Motion to Dismiss, he did not respond to the Court's Order to Show Cause, and he made no objections to the Report and Recommendations on the Motion to Dismiss. In his current Motion, Raglin does not present any argument that this waiver conclusion is debatable.

Raglin also asserts that the merits of sub-part D are debatable among reasonable jurists (Motion, Doc. No. 165, PageID 1130-1133). There is no pending recommendation on the merits of sub-part D. It would therefore be premature to consider whether any conclusion the Court might reach on this claim is debatable.

Finally, Raglin asserts that because the sub-part D claim was raised for the first time in federal court, the limitations of 28 U.S.C. § 2254(d) do not apply. The Magistrate Judge agrees that there is no state court decision on the merits of this sub-claim.

**Third Ground for Relief**

-19-

In his Third Ground for Relief, Petitioner asserts he was denied effective assistance of trial counsel "when his attorneys failed to object and properly preserve numerous errors." (Merits R&R, Doc. No. 89, PageID 361.) The Magistrate Judge recommended dismissal with prejudice, writing in full:

> This Ground for Relief is barred by procedural default on the same basis as the First Ground for Relief. That is, it was not presented on direct appeal, but only in the petition for post-conviction relief, where it was held barred by Ohio's criminal *res judicata* rule. The analysis given with respect to the First Ground for Relief is fully applicable here.

*Id.* at PageID 375. Petitioner objected on two bases, to wit, that he had not procedurally defaulted this claim because he had raised it in his application to reopen the direct appeal and in any event he could show excusing cause and prejudice from the ineffective assistance of his appellate counsel. In the Supplemental Report and Recommendations, the Magistrate Judge recommended overruling these objections because (1) an application for reopening does not effectively present on the merits the originally omitted assignments of error and (2) Raglin had abandoned his claim of ineffective assistance of appellate counsel by not moving for the evidentiary hearing his counsel had said was necessary to prove that claim (Am.Supp. R&R, Doc. No. 100, PageID 527).

The Supplemental Report and Recommendations were filed June 29, 2006. Raglin's prior counsel filed Objections on July 18, 2006 (Doc. No. 101). No objection was made that the Magistrate Judge's reliance on a state court finding of *res judicata* (the same finding made as to Ground for Relief 1) was in error. More than two years later substitute counsel was appointed (Doc. No. 117 and notation order). Nearly four months later, on December 15, 2008, new counsel moved to supplement the objections previously made (Doc. No. 131). That Motion was granted and counsel filed new Objections on February 6, 2009 (Doc. No. 142). Nothing is said in those

-20-

Objections about Ground for Relief Three.

In the instant Motion, Raglin argues the Magistrate Judge's recommendation on Ground Three is not only debatable but clearly wrong because it relies on a factual error, to wit, that the state court of appeals rejected this ground for relief on *res judicata* grounds (Motion, Doc. No. 165, PageID 1135).

Raglin admits that he "never raised a separate claim in his **initial** petition that his attorneys had been ineffective in failing to object to the instances of misconduct which are identified in his Third Ground for Relief." (Motion, Doc. No. 165, PageID 1136, emphasis added.) He now points out that this claim was first raised in "his *second* petition for post-conviction relief that was filed in state court in 2003." *Id.,* emphasis sic. He also notes that both the trial court and the First District Court of Appeals denied the claim because Raglin had failed to satisfy the requirements of Ohio Revised Code § 2953.23 for a successive post-conviction petition. *Id.*

Raglin has waived his right to rely on this error by failing to raise it for more than five years after it was first made (February 2, 2006 - October 3, 2011) and by failing to object to it on the numerous prior occasions when he filed Objections, both with prior and present counsel. That waiver is not debatable among reasonable jurists.

However, the Magistrate Judge acknowledges the error. In the event the District Judge does not adopt the recommendation in the previous paragraph to find this error waived, the Magistrate Judge withdraws his prior recommendations as to Ground for Relief Three and substitutes the following:

Raglin's Third Ground for Relief is procedurally defaulted. He raised it for the first time in a successive post-conviction petition in state court and the state courts refused to consider it because

he previously filed a post-conviction petition under Ohio Revised Code § 2953.21 had not satisfied the requirements for a successive petition set forth in Ohio Revised Code § 2953.23. Applying the analysis required by *Maupin, supra,* the Court finds that Ohio has a procedural rule proscribing successive petition for post-conviction relief unless certain criteria are met, that Raglin did not meet those criteria, and that his failure to do so was held against him by the First District Court of Appeals. Ohio has a legitimate interest in placing limits on successive post-conviction petitions, the same interest in finality reflected in adoption of a similar (but more restrictive) limitation on successive habeas corpus petitions under 28 U.S.C. § 2254 by the United States Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The enforcement of the Ohio limitation in this case was plainly independent of the federal ground for relief pled in the successive petition. Raglin has not offered any excusing cause and prejudice.

Raglin claims, however, that Respondent has waived any possible reliance on this procedural default because, although this default was pled in the original Return of Writ, it was omitted from the Amended Return of Writ (Motion, Doc. No. 165, PageID 1137). This is because, according to Raglin, filing an amended pleading renders the original pleading "null and void" and "of no effect." *Id.*, relying on *ABB, Inc., v. Reed City Power Line Supply Co.*, 2007 U.S. Dist. LEXIS 69097 (W.D. Mich. Sept. 18, 2007). What Judge Maloney actually held in *ABB, Inc.*, was that the filing of an amended complaint renders a motion to dismiss the original complaint moot. *Id.* at *3.

A procedural default may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc)(*citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). On the other hand, it is not inappropriate for the Court to

raise a procedural default defense *sua sponte*. *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§2255 case).

While Raglin is correct that the Warden did not re-plead his procedural default claim on Ground Three when he filed his Amended Return of Writ, the Court declines to read that as a waiver of the default. The Warden pled nothing respecting Ground Three in the Amended Return, yet at every other occasion in the case has insisted that Ground Three was procedurally defaulted. Petitioner can hardly claim surprise since he did not raise the Magistrate Judge's mistake in relying on an incorrect finding until the case had been pending for more than ten years and he had missed numerous prior opportunities to make that argument.

On this substituted analysis, the Magistrate Judge recommends that Ground Three for Relief be dismissed as procedurally defaulted. Because that conclusion would not be disputed among reasonable jurists, Petitioner should be denied a certificate of appealability on Ground Three.

Raglin also asserts that reasonable jurists could conclude that his Ground Three for Relief is meritorious. Because the Magistrate Judge has not rendered a recommendation on the merits of this claim, any recommendation on a certificate of appealability on the merits would be premature. If Judge Barrett rejects the procedural default recommendation and either remands the case for a recommendation on the merits or reaches a decision on the merits himself, it will be appropriate to consider the appealability question at that time.

**Fourth Ground for Relief**

In his Fourth Ground for Relief, Raglin asserts that he was denied effective assistance of counsel on direct appeal. The First Amended Petition contains eight sub-claims for this Ground for Relief (Amended Petition, Doc. No. 76, PageID 57-58). The Magistrate Judge has recommended that the sixth sub-claim be dismissed as procedurally defaulted and also barred by the statute of limitations because it was added in the Amended Petition and does not relate back to the original claims of ineffective assistance of appellate counsel. (Merits R&R, Doc. No. 89, PageID 376-377.) As to the remaining sub-claims, although they were preserved for merit determination in this Court, Raglin made no argument as to why these seven omitted assignments of error were more meritorious than the assignments actually raised. It was therefore recommended they be dismissed. *Id.* at PageID 379.

Raglin now argues that "prevailing professional norms at the time of Raglin's direct appeal dictated that appellate counsel should raise every arguably meritorious issue on direct appeal." (Motion, Doc. No. 165, PageID 1147.) He argues that some of the omitted assignments of error were strong without trying to show how they are stronger than the assignments actually raised. Finally, while conceding the Ohio Supreme Court's decision on the application to reopen is a decision on the merits entitled to deference under *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011), Raglin notes that there is no indication of any actual analysis by that court.

Except for the conclusions on the sixth sub-claim, the Magistrate Judge agrees that his conclusions on the Fourth Ground for Relief are debatable among reasonable jurists. Therefore, if District Judge Barrett dismisses the other seven sub-claims on the merits as recommended, he should grant a certificate of appealability on those sub-claims.

-24-

## Sixth Ground for Relief

The Magistrate Judge has recommended dismissal of the Sixth Ground for Relief on the merits, but agrees with Petitioner that that conclusion is debatable among reasonable jurists. Therefore a certificate of appealability should issue on this Ground for Relief if Judge Barrett accepts the recommendation on the merits.

## Seventh Ground for Relief

The Magistrate Judge has recommended dismissal of the Seventh Ground for Relief on the merits, but agrees with Petitioner that that conclusion is debatable among reasonable jurists. Therefore a certificate of appealability should issue on this Ground for Relief if Judge Barrett accepts the recommendation on the merits.

## Ninth Ground for Relief

The Magistrate Judge has recommended dismissal of the Ninth Ground for Relief on the merits, but agrees with Petitioner that that conclusion and the conclusion that the Ohio Supreme Court's decision on this point was a decision entitled to deference under 28 U.S.C. § 2254(d)(1) are debatable among reasonable jurists.  Therefore a certificate of appealability should issue on this Ground for Relief if Judge Barrett accepts the recommendation on the merits.

### Twenty-Third Ground for Relief

In his Twenty-Third Ground for Relief, Raglin asserts he was denied due process by repeated instances of prosecutorial misconduct during both phases of his trial.

The Magistrate Judge agrees his conclusion that the following instances of asserted misconduct were procedurally defaulted is arguable:

• The prosecutors frequently stated their opinion as to Raglin's state of mind during the shooting, without any evidentiary foundation (citing [ROW Tr. Vol. XVIII at] 1450, 1457); and

• The prosecutors sarcastically mischaracterized Raglin's statement as stating that the gun went off accidentally (citing [id. at] 1451).

If Judge Barrett accepts the conclusion that these claims were procedurally defaulted, he should grant a certificate of appealability on that question.

The Magistrate Judge remains persuaded that his evaluation of the asserted instances of prosecutorial misconduct, taken as a whole, did not deprive Petitioner of a fair trial. Nonetheless, that is a matter of judgment on which reasonable jurists could disagree and Raglin should be granted a certificate of appealability to present this claim to the court of appeals.

### Thirtieth Ground for Relief

In his Thirtieth Ground for Relief, Raglin claims trial court error in allowing the admission of certain rebuttal evidence. The Magistrate Judge recommended dismissing this claim on the merits

because the Ohio Supreme Court's decision that the evidence was relevant to rebut Raglin's unsworn statement to the jury that he was remorseful was not an objectively unreasonable application of clearly established Supreme Court law.

While the Magistrate Judge remains persuaded of his conclusion, there is sufficient Supreme Court precedent which can plausibly be argued to apply and a certificate of appealability should be issued on this Ground for Relief if Judge Barrett accepts the merits recommendation.

## Thirty-Second and Thirty-Sixth Grounds for Relief

These are two cumulative error claims which the Magistrate Judge recommended be denied on the merits. The Magistrate Judge agrees that this issue deserves encouragement to proceed. If the District Judge adopts the recommendation on these two claims, he should also issue a certificate of appealability.

## Thirty-Eighth Ground for Relief

In his Thirty-Eighth Ground for Relief, Raglin claims the prosecutor knowingly presented false testimony that he lacked remorse. To the contrary, he says, Natasha Lowery and Ronnell Mumphrey gave statements to the police about their observations of Raglin immediately after the shooting which indicated his remorse.

This claim was added to the case by the Amended Petition and the Magistrate Judge recommended it be dismissed as barred by the statute of limitations in that it did not relate back to

the timely-made claims in the case.  While the relation back issue is debatable among reasonable jurists, Raglin's waiver of any objection to the Magistrate Judge's recommendation in that regard is not.

## Motions to Reopen Discovery

After present counsel substituted for prior counsel in this case, they sought to reopen discovery to obtain, *inter alia,* the bench notes of the state's firearm examiner and further testing on the firearm and shell casings.

One possible use of the results of such discovery would be, Raglin now asserts, to return to the state courts and seek a new trial, a possibility suggested by Justice Breyer's concurrence in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011).

Whether or not to grant discovery in a habeas proceeding is a matter of discretion.  The Magistrate Judge remains persuaded that denying this particular piece of discovery was not an abuse of discretion.  However, the contours of discovery post-*Pinholster* are sufficiently undeveloped that Petitioner should be allowed a certificate of appealability to present his question to the Court of Appeals.

## Conclusion

The Motion for Certificate of Appealability should be granted in part and denied in part as set forth above.

January 9, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).