# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WALTER RAGLIN,

      Petitioner,

-vs-

BETTY MITCHELL, Warden,

      Respondent.

:

:

:

Case No. 1:00-cv-767

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

---

This capital habeas corpus case is pending on Petitioner's Objections (Doc. No. 170) to the Magistrate Judge's Report and Recommendations recommending that Petitioner's Motion for Certificate of Appealability (the "COA Motion") be granted in part and denied in part (Doc. No. 169). On March 30, 2012, Petitioner filed a Notice of Supplemental Authority, advising the Court of the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. ___, 2012 U.S. LEXIS 2317 (Mar. 20, 2012), and suggesting it supports Petitioner's position in several respects.

Petitioner asserted in his COA Motion that "he had a right under the Federal Constitution to the effective assistance of counsel in his state post-conviction proceedings." *Id.* at PageID 1108. The Supreme Court declined to extend the Sixth Amendment constitutional right to counsel to collateral relief proceedings. It did, however, hold:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral

> proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Martinez,* 2012 U.S. LEXIS 2317, at 22-23.

In Arizona, the State from which *Martinez* arose, ineffective assistance of trial counsel claims can only be raised in a collateral attack on the judgment. *Id.* at *7. In Ohio, in contrast, ineffective assistance of trial counsel claims which can be shown from the appellate record must be raised on direct appeal or they are barred by Ohio's criminal *res judicata* doctrine from being presented later in post-conviction proceedings under Ohio Revised Code § 2953.21. *State v. Perry*, 10 Ohio St. 2d 175 (1967). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970). Of course, claims of ineffective assistance of trial counsel which depend on material *dehors* the record and and must be raised by petition for post-conviction relief. Ohio Revised Code § 2953.21(I)(1) mandates appointment of counsel for filing a post-conviction petition in a case in which a death sentence has been imposed. Unless that mandate was not followed in this case, counsel was appointed.

Because the record in this case was filed before adoption of the CM/ECF filing system, the record has not been filed electronically. The paper record is not presently housed in Dayton, Ohio,

so the Magistrate Judge cannot examine that portion of the record which would indicate who represented Petitioner in the post-conviction proceedings. He was represented on appeal from denial of post-conviction relief by the Ohio Public Defender.

As best the Magistrate Judge can tell, the only claim of ineffective assistance of trial counsel which was not raised in post-conviction is claim D.3 in Ground One: failure to object to prosecutorial mis-conduct (See Report and Recommendations on Certificate of Appealability, Doc. No. 169, PageID 1216.) Petitioner has not made any actual argument as to how he could satisfy the *Martinez* standard as to this claim.

Petitioner's second point in the Notice of Supplemental Authority is that:

> *Martinez* supports Raglin's allegation that Ohio's *res judicata* rule is not an adequate and independent state ground as applied to claims of ineffective assistance of counsel. *See Martinez*, 2012 WL 912950 at *8. *Martinez* suggests that claims of ineffective assistance of counsel cannot be fairly adjudicated on direct appeal unless there is time given for an adequate investigation into trial counsel's performance, along with a mechanism for expanding the record to include extraneous evidence in support of the claim. *See id.* Ohio does not provide a process of this nature.

(Doc. No. 174, PageID 1287).

The relevant language from Martinez reads:

> This is not to imply the State acted with any impropriety by reserving the claim of ineffective assistance for a collateral proceeding. *See Massaro v. United States,* 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim. Ibid. Abbreviated deadlines to expand the record on direct appeal may not allow adequate time for an attorney to investigate the ineffective-assistance claim. See Primus, Structural Reform in Criminal Defense, 92 Cornell L.Rev. 679, 689, and n. 57 (2004) (most rules give between 5 and 30 days from the time of conviction to file a request to expand the record on appeal).

> Thus, there are sound reasons for deferring consideration of ineffective-assistance-of-trial-counsel claims until the collateral-review stage, but this decision is not without consequences for the State's ability to assert a procedural default in later proceedings. By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims. It is within the context of this state procedural framework that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default.

*Martinez*, 2012 WL 912950 at *8.

The Magistrate Judge reads this passage as actually supportive of the Ohio process of allowing evidence *dehors* the record to be supplied on ineffective assistance of trial counsel claims in the trial court, so long as that process is properly implemented. The judge who tried the case is in a much better position to evaluate ineffective assistance of trial counsel claims which depend on additional evidence, particularly on the question of prejudice, the second prong of the Strickland v. Washington test. Reasons of that sort have pushed ineffective assistance of trial counsel claims in the federal courts into § 2255 proceedings. *See Massaro v. United States,* 538 U.S. 500 (2003). However, as already noted in the Report and Recommendations on Certificate of Appealability, there is no suggestion from the Supreme Court that *Massaro* is constitutionally mandated.

Nothing in the Notice of Additional Authority persuades the Magistrate Judge that changes are needed in the recommendation already made.

April 3, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).