# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

    Petitioner,

Case No. 1:00-cv-767

-vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

## ORDER GRANTING STAY; REPORT AND RECOMMENDATIONS

    This capital habeas corpus case is before the Court on Petitioner's Motion to Stay Consideration of his Lethal Injection Claims (Doc No. 200) until sixty days after the next (after December 4, 2013) execution (Doc No. 200, PageID 2373). As grounds therefor, Raglin notes that Ohio has replaced the execution protocol which formed the basis of Raglin's Thirty-Ninth and Fortieth Grounds for Relief with a new execution protocol which Raglin asserts will give rise to new but as yet unformulated habeas claims. *Id.* at PageID 2372.

    The Warden opposes the stay (Doc. No. 201), but the Magistrate Judge is persuaded by the decision in *Sheppard v. Robinson*, Case No. 13-3900 (6th Cir. Nov. 5, 2013) that a stay is appropriate.

    Because Raglin concedes that his Thirty-Ninth and Fortieth Grounds for Relief "are no longer viable," (*Id.*), it is respectfully recommended that those claims be dismissed without prejudice as moot.

1

Further consideration of Raglin's lethal injection claims is STAYED to and including March 17, 2014, the sixtieth day after the execution of Dennis McGuire. Not later than that date, Raglin must move to amend to add any claims cognizable in habeas corpus which he has regarding Ohio's current lethal injection protocol. The Court expressly rejects, as it has before in other capital habeas cases, Raglin's argument that he can postpone any such motion to amend until the statute of limitations runs on any new claims.

February 7, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).