# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

:

    Petitioner,                           Case No. 1:00-cv-767

:        District Judge Michael R. Barrett

   -vs-                                Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

    Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Renewed Motion to Extend the Stay of his Lethal-Injection Claims and to Extend the Time to File his Motion for Leave to Amend his habeas Petition with Amended Lethal-Injunction Claims (Doc. No. 211). The Warden opposes the extension (Doc. No. 213) and Raglin has filed a Reply in support (Doc. No. 214).

**Relevant Procedural History**

On September 28, 2013, District Judge Barrett adopted the Magistrate Judge's Report and Recommendations (Doc. No. 89) and Amended Supplemental Report and Recommendations (Doc. No. 100) dismissing with prejudice the claims made in Raglin's First Amended Petition (Doc. No. 198, PageID 2366).  At the same time he granted a certificate of appealability on a

1


number of Raglin's claims and overruled Respondent's Objections to the Magistrate Judge's order allowing Raglin to amend to add his proposed Thirty-Ninth and Fortieth Grounds for Relief challenging Ohio's lethal injection protocol. *Id.* at PageID 2367. Consistent with Judge Barrett's Order, Raglin had already filed his Second Amended Petition including the lethal injection claims (See Doc. Nos. 178, 199).

Thereafter the Magistrate Judge granted, over Respondent's opposition, Raglin's Motion to Stay consideration of his lethal injection claims in light of Ohio's replacement of the lethal injection protocol which formed the basis of Grounds for Relief Thirty-Nine and Forty (Doc. No. 203). At the same time the Magistrate Judge recommended dismissing the now-moot Grounds for Relief Thirty-Nine and Forty (Doc. No. 204). Respondent did not appeal the stay and Raglin did not object to the dismissal. Thereafter Raglin filed several unopposed motions for extension of the stay which were all granted (Doc. Nos. 206, 208, 209). The last of the unopposed extensions expired October 2, 2014. To protect both parties rights to be heard on the matter, the Magistrate Judge *sua sponte* suspended the deadline to "a date to be set by the Court in ruling on the pending Motion" (Order, Doc. No. 212, PageID 2495).

**The Parties' Positions**

Raglin now seeks extension of his time to file amended lethal injection claims until April 13, 2015, on the same rationale as before, updated to deal with the problematic execution of Dennis McGuire on January 16, 2014 (Doc. No. 211).[1] The date of April 13, 2015, was chosen

---

[1] Raglin also seeks an extension to the same date of the Court's consideration of his lethal injection claims; however,

because it is approximately sixty days after the scheduled execution of Ronald Phillips, presently set for February 11, 2015.

The Warden opposes the extension on the basis of *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014)(Response, Doc. No. 213, PageID 2496). The Warden reads *Scott* as "clarify[ying] that method-of-execution claims should be pursued through Title 42 U.S.C. Section 1983 litigation." *Id.* The Warden notes that Raglin, like Scott, is a plaintiff in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, pending before District Judge Frost. Respondent concludes: "Because there is no merit to the assertion that a lethal-injection sentence violates the Constitution, this claim is not cognizable in habeas and the Warden asks that this Court deny Raglin's request to further delay the habeas proceedings." *Id.* at PageID 2497.

Raglin offers a lengthy Reply (Doc. No. 214), essentially arguing that *Scott* does not overrule *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), in which the Sixth Circuit held lethal injection claims were cognizable in habeas corpus.

**Analysis**

A number of capitally sentenced persons with habeas corpus petitions pending before this Court have sought relief similar to that sought by Raglin on the same rationale. See, e.g. *Turner v. Hudson*, Case No. 2:07-cv-595(TSB); *Bays v. Warden*, Case No. 3:08-cv-076 (TMR); *Smith v. Warden*, Case No. 1:12-cv-196(TMR); *Chinn v. Warden*, Case No. 3:02-cv-512(EAS); and *Sheppard v. Warden*, Case No. 1:12-cv-198(GLF).

---

no such claims are currently pending.

While similar relief is sought and opposed in these cases on the same rationales by both Petitioners and the Attorney General, considerations of judicial economy suggest treating the cases individually rather than with a blanket decision. The Magistrate Judge has been granting extensions in all these cases for the last year, but almost always without opposition by the State of Ohio. Now that the State has opposed an extension and thereby reasserted, at least implicitly, its interest in finality in these cases, reexamination of a blanket approach is called for.

There are good reasons for delaying adjudication of habeas corpus lethal injection claims pending the outcome of *In re Ohio Execution Protocol Litigation*. Judge Frost has consolidated in that case the § 1983 injunctive relief claims about Ohio's lethal injection protocols of many of Ohio's death row inmates. He is also managing very extensive discovery in that case which the Sixth Circuit expects will provide death row petitioners with the facts they may need to support habeas corpus lethal injection claims. *Scott*, 760 F.3d at 512. The Sixth Circuit has also expressed its confidence in that litigation process. "We are assured that Scott's death sentence will not be carried out if, and so long as, a federal court determines that Ohio is incapable of doing so in accordance with the law." *Id.*

However, delaying adjudication of habeas corpus lethal injection claims pending § 1983 decision(s) by Judge Frost does not require postponing decisions on other claims raised by capital habeas petitioners. In cases such as this one, where all other claims have been finally decided, there is no pressing reason to delay appeal and consideration by the Sixth Circuit. Notably, circuit court adjudication of death penalty habeas appeals is not always speedy. For example, Scott's appeal was filed in the Sixth Circuit in 2011 but decided in 2014. *Moore v. Mitchell,* 708 F.3d 760 (6th Cir. 2013), had been appealed in 2008. *Moreland v. Bradshaw*, 699 F.3d 908 (6th

4

Cir. 2012), had been appealed in 2009.  Some cases are resolved more quickly; McGuire's appeal was filed and resolved during 2013.  See *McGuire v. Warden,* 738 F.3d 741 (6th Cir. 2013).  On the other hand, *Byrd v. Collins,* 209 F.3d 486 (6th Cir. 2000), was appealed to the Sixth Circuit in 1996.  Presumably that court faces the same difficulties deciding these death penalty habeas corpus cases that the district courts face:  large records, rapidly developing law from the Supreme Court, scarcity of law clerk assistance, and the desire for legal certainty when human life is at stake.  Given those considerations, which are unlikely to change, it is unwise to postpone consideration of all claims in these cases until after the lethal injection claims are ripe.

Of course, different judges will weigh considerations of judicial economy differently.  In *Turner v. Hudson*, Case No. 2:07-cv-595, 2014 U.S. Dist. LEXIS _____ (S.D. Ohio, Oct. 30, 2014), the Magistrate Judge, in granting the same requested extension to April 13, 2015, noted that Judge Black had already mooted the pending Reports and Recommendations on the merits. Other district judges may take a different position.  Absent direction from other district judges, the Magistrate Judge must act on his own best judgment of the matter.

The Sixth Circuit itself may eventually disavow splitting the lethal injection and non-lethal injection claims.  However, the Sixth Circuit's recent decision in *Scott* supports this approach by dismissing Scott's *per se* lethal injection claim and declining a remand for factual development of the claim, leaving Scott's factual development to the § 1983 action.  This approach is also supported by the Sixth Circuit's decision in *Frazier v. Jenkins*, ___ F.3d ___, 2014 U.S. App. LEXIS 20645 (6th Cir. Oct. 27, 2014), where a different panel[2] of the circuit court reached a decision parallel to *Scott*: affirming denial of habeas corpus relief on a lethal injection claim and

---

[2]  *Scott* was decided by Circuit Judges Cole (now Chief Judge), Griffin, and Kethledge; *Frazier* was decided by Circuit Judges Moore, Gibbons, and Sutton.

denying remand for factual development in deference to the § 1983 action. *Id.* at *44-45. Raglin is certainly correct that *Scott* did not overrule *Adams v. Bradshaw*, nor did it purport to do so, but that does not mean *Scott* (and *Frazier*) are irrelevant in deciding how to apply *Adams*.

Raglin argues that it is "premature at this pleading stage" to sort out the interactions between Raglin's lethal-injection habeas corpus claims and his § 1983 claims, relying on the Magistrate Judge's prior decision granting the Motion to Amend (Reply, Doc. No. 214, PageID 2500, citing Decision and Order, Doc. No. 177). However, the cited Order was filed April 6, 2012, two and one-half years ago. In the meantime, Judge Barrett has adopted the Reports on the merits and ruled on the certificate of appealability issues, the State of Ohio has gone through several lethal injection protocols, and the Sixth Circuit has offered the additional guidance provided by *Scott* and *Frazier*. It has become anomalous to speak of this case as at the "pleading amendment stage" when the merit issues have been decided and the claims added in 2012 have been dismissed as moot.

Just as there was no need to remand Scott's or Frazier's lethal injection habeas corpus claims for further factual development, there is no need to extend Raglin's time for leave to amend to April 13, 2015, or some later date when there is in place the actual lethal injection protocol under which the State proposes to execute Walter Raglin. Rather, entering judgment now on the claims already adjudicated will make this case ripe for appeal on the non-lethal injection claims. Raglin will be able to do what his counsel say Scott can do: file a second-in-time habeas petition limited to lethal injection claims within one year from the date on which the offending protocol is adopted.

It is accordingly respectfully RECOMMENDED that the Court enter final judgment on its

Order of September 29, 2013 (Doc. No. 198, PageID 2367)

(1)    dismissing with prejudice all claims in the First Amended Petition except Grounds Thirty-Nine and Forty;

(2)    granting a certificate of appealability as set forth in that Order; and

(3)    certifying under Fed. R. Civ. P. 54 that the judgment is final.

And it is ORDERED that Raglin's Motion for an extension of time to and including April 13, 2015, to move for further amendment to add new lethal injection claims be DENIED.

November 3, 2014.

<div style="text-align:right">s/ *Michael R. Merz*<br>United States Magistrate Judge</div>