# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

   Petitioner,

  -vs-

BETTY MITCHELL, Warden,

   Respondent.

:

:

:

Case No. 1:00-cv-767

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

# DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File a Third Amended and Supplemental Petition for Writ of Habeas Corpus (ECF No. 240). The Warden opposes the Motion (ECF No. 241) and Raglin has filed a Reply in support (ECF No. 242).

Motions to amend under Fed. R. Civ. P. 15 are non-dispositive under 28 U.S.C. § 636(b)(1)(A) and thus come within the decisional authority of Magistrate Judges in the first instance, in referred cases.

A habeas corpus petition may be amended as provided in the Rules of Civil Procedure. 28 U.S.C. § 2242. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

**Procedural History**

The murder involved in this case occurred December 29, 1995. Walter Raglin filed his original Petition in this case on September 13, 2000 (ECF No. 14). After a return to state court for exhaustion purposes, he filed an Amended Petition March 8, 2005 (ECF No. 76). On March 2, 2006, the Magistrate Judge recommended the Amended Petition be dismissed with prejudice (ECF No. 89). On April 6, 2012, Raglin was permitted to amend to add Grounds for Relief Thirty-Nine and Forty as follows:

> **Thirty-Ninth Ground for Relief**: Raglin's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Fortieth Ground for Relief**: Raglin's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Quoted in Decision and Order, ECF No. 177, PageID 1304.) The Warden asserted the claims were barred by the statute of limitations, but the Court accepted Petitioner's argument that these claims arose "when the lethal injection protocol being challenged was adopted by the State as of September 18, 2011." *Id.* The Warden objected that the new claims were not cognizable in habeas corpus, but acknowledged *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). *Id.* at PageID 1305. The Warden also noted Raglin was a plaintiff in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, pending before Judge Gregory Frost of this Court and raising challenges to Ohio's lethal injection protocol. Without explaining how, Petitioner insisted these new lethal injection claims were different from his § 1983 claims and the Magistrate Judge declined "to attempt to sort out at the pleading amendment stage the question(s) of the interactions of these two proceedings." *Id.* at PageID 1305. Raglin then filed his Second

3

Amended Petition (ECF No. 178). Judge Barrett adopted the Report and Recommendations and Amended Supplemental Report and Recommendations on the First Amended Petition and ruled on requests for a certificate of appealability on September 29, 2013 (ECF No. 198), disposing of all claims except Grounds 39 and 40.

On Raglin's Motion, the Court stayed consideration of Raglin's Thirty-Ninth and Fortieth Grounds for Relief on February 10, 2014 (ECF No. 214). As a basis for the stay, Raglin noted that his Thirty-Ninth and Fortieth Grounds were no longer viable because Ohio had adopted a new lethal injection protocol. *Id.* Based on that statement, the Magistrate Judge recommended those claims be dismissed without prejudice. *Id.* Neither party objected and Judge Barrett dismissed those claims March 3, 2014 (ECF No. 205).

On April 13, 2015, Raglin again "request[ed] leave to file an amended petition raising newly ripe lethal injection claims," noting that "{I]t is by now well-established that a change in Ohio's lethal-injection protocol gives rise to new claims and thus warrants amendment of a habeas petition." (ECF No. 234, PageID 2768, 2770), citing *Chinn v. Robinson*. No. 3:02-cv-512, Doc. No. 96 at PageID 1493 (Mar. 25, 2014)(Judge Sargus); *Lindsey v. Bradshaw*, No. 1:03-cv-702, Doc. No. 115 at PageID 1651 (Mar. 26, 2014)(Judge Sargus); *Robb v. Ishee*, No. 2:02-cv-535, Doc. No. 151 at PageID 1523 (Apr. 7, 2014)(Judge Marbley); and *Sheppard v. Robinson*, Sixth Circuit Case No. 13-3900 (Order, Dec. 17, 2013). Raglin then cited the new execution protocol adopted by the State of Ohio on January 9, 2015, and quoted Judge Frost as holding "method-of-execution challenges in habeas actions 'begin[] anew any time Ohio adopts a new written protocol.'" (ECF No. 234, PageID 2771, quoting *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 U.S. Dist. LEXIS 5560, at 20 (S.D. Ohio Jan. 14, 2013). He also asserted

> Numerous judges concur on this point as well. *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at 13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by* 2012 U.S.

4

>>Dist. LEXIS 154037, at 2-4 (S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at 2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at 8-9 (S.D. Ohio July 5, 2012) (Sargus, J.); *see also Phillips v. Robinson*, No. 5:12-cv-2323, 2013 U.S. Dist. LEXIS 108820, 44-45 (N.D. Ohio Aug. 2, 2013) (Lioi, J.).

*Id.* That Motion to Amend was granted but no third amended petition was filed. On June 29, 2015, Ohio again amended its lethal injection protocol and Raglin was granted until August 3, 2015, to move again to amend. The instant Motion followed.

**The Parties' Positions on the Motion to Amend**

### Raglin's Motion

In the Order extending Raglin's time to move to amend, the Court directed that he address the impact of *Glossip v. Gross,* 576 U.S. ___,  135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015)," on the Sixth Circuit precedent on which this Court has continually relied for authority to allow lethal injection claims to be pursued in habeas corpus, to wit, *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)" (ECF No. 239, PageID 2908).

Relying on the law of the case doctrine, Raglin asserts "all the reasons that previously supported amendment and supplementation of Raglin's lethal-injection habeas claims [footnote omitted] after the State previously changed its execution protocol likewise support granting Raglin's instant Motion"  (Motion, ECF No. 240, PageID 2912).  Furthermore, *Glossip*, he concludes, changes nothing – it neither "overrules or otherwise negatively affect[s]" *Adams* and indeed "confirms the conclusion that the lethal-injection claims alleged in Raglin's habeas

5

proceedings are cognizable in habeas." *Id.*

The one concession Raglin makes to the impact of *Glossip* is found in the footnote omitted above:

> As explained in Part III of this brief, language from *Glossip v. Gross,* 135 S. Ct. 2726, 2015 U.S. LEXIS 4255 (June 29, 2015), demonstrates that Raglin has been using imprecise terminology. Until now, Raglin has used the terms "method-of-execution claim" and "lethal-injection habeas claim" interchangeably. *Glossip* now clarifies they are not interchangeable. Accordingly, Raglin will be more precise going forward, by using the terms "LI-habeas claim" or "LI-habeas challenge" or similar language to reference the claims raised in his habeas petition, and confining his use of the term "method-of-execution claim" to those claims raised in § 1983 that would not bar an inmate's execution entirely.

*Id.* at n. 1.

In Part II of his Motion, Raglin reminds the Court that it has previously granted leave to amend in this case when Ohio's lethal injection protocol was previously amended (ECF No. 240, PageID 2913-15, citing the authority referenced above). He argues he should be allowed to add these claims to his pending case, rather than filing a new case, because of the risk he might face a "second or successive" hurdle under 28 U.S.C. § 2244(b) on a new petition. *Id.* at PageID 2917-19.

In Parts III, IV, and V, he elaborates his argument that *Glossip* changes nothing.

**Respondent's Opposition**

Opposing the Motion to Amend, the Warden argues Raglin's proposed new claims are all method-of-execution claims that, pursuant to *Glossip*, must be brought in a § 1983 action.

6

(Memo in Opp. ECF No. 3207, PageID 3207-09). He asserts *Adams, supra*, cannot be reconciled with *Glossip*. *Id.* at PageID 3210-11. He notes that Raglin has refused to provide an available alternative method of execution as he asserts is required by *Glossip*. *Id.* at 3211, citing Motion, ECF No. 240, PageID 2932. He argues Glossip applies to all method-of-execution claims, not just those made under the Eighth Amendment. *Id.* at 3212-13. Finally, he asserts amendment should not be permitted because the merits of Raglin's other claims have all been decided and amendment would cause substantial further delay. *Id.* at PageID 3213-16, citing *Coe v. Bell,* 161 F.3d 320 (6th Cir. 1998).

### Raglin's Reply

In reply, Raglin argues *Glossip* confirms *Hill v. McDonough,* 547 U.S. 573 (2006), rather than overruling it and claims his own position is perfectly consistent with *Hill* (Reply Memo., ECF No. 242. PageID 3220-21. He then asserts the Warden misunderstands his new habeas claims.[1] He recognizes "a critical distinction between § 1983 and habeas corpus challenges to lethal injection by <u>the type of remedy available to a successful litigant</u>." *Id.* at PageID 3222 (emphasis sic). He repeats that he "does not concede that the State can ever execute him by any alternative protocol or procedure" and that success on his lethal injection habeas corpus claims would render his death sentence invalid. *Id.* at PageID 3224. He notes that his own habeas claims are "factually related to, but legally distinct from, the challenges that he is litigating in

---

[1] Raglin begins at this point in his Reply Memorandum to use the clumsy neologism "LI-habeas" claims which he threatened in footnote 1 of the Motion. The Court pleads with counsel to abjure this usage. It is merely created jargon which adds nothing to the analysis and is poor use of the English language.

[the § 1983 action, where Raglin] necessarily concedes that Ohio can, if it makes certain changes and improvements, execute him constitutionally." *Id.* at PageID 3225, adopting and applying to himself Judge Frost's language in *Sheppard v. Warden*, 2013 WL 146634, at *7 (S.D. Ohio Jan. 14, 2013). Conceding that he is requesting to plead claims that reference Ohio's current execution protocol, he nonetheless asserts those claims "attack the validity of his sentence. . ." *Id.* at PageID 3226, 3227.

## ANALYSIS

In *Glossip* Oklahoma death row inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008). Because sodium thiopental and a substitute, pentobarbital, have become unavailable, Oklahoma substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

> For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. See *Baze v. Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that

8

> Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill v. McDonough,* 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006):

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

Id. at 2738.

In *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), the circuit court was faced with Ohio's claim, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The court held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser,* 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States,* 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, *Nelson's* statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id.* at 483 (parallel citations omitted).  Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2013).

In opposing the Motion to Amend, the Warden argues that he has won in *Glossip* what he lost in *Adams*.  "In *Glossip*," he says, "the Supreme Court stated categorically that 'method of execution' claims must be brought in a civil action under § 1983.  That interpretation of *Hill* is reasonable, unambiguous, authoritative, and binding. . . . A simple play on words cannot save Raglin's attack on Ohio's protocol from its demise due to *Glossip's* reasonable, and binding, interpretation of *Hill*."  (Memo. in Opp. ECF No. 241, PageID 3209.)

This Court's former application of *Adams* to allow death row inmates such as Raglin to proceed simultaneously in § 1983 and habeas cannot stand in light of *Glossip*. Putting the label "lethal injection habeas claims" on whatever claims happen to have been filed in a habeas corpus case and the label "method-of-execution" claims on whatever claims happen to have been made in a § 1983 case is not a substitute for analysis. Indeed, Michael Turner, a co-plaintiff in the lethal injection § 1983 litigation and habeas petitioner has acknowledged "the focus must remain on the substance of the claim and the remedy sought, rather than the name ascribed to it." (Quoted in *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 *8 (S.D. Ohio 2105).

10

The same imprecision of language which Raglin concedes he has used in the past is also present in *Adams* where the court held that some method-of-execution claims which can be brought in 1983 can also be brought in habeas. This Court has concluded it can no longer read *Adams* that expansively:

> *Glossip* at the very least renders that statement of the law inexact. Under *Glossip's* reading of Hill, a method-of-execution claim must be brought under § 1983 if, but only if, (1) success on the claim would not invalidate the death sentence and (2) the prisoner can "identify a known and available alternative method of execution that entails a lesser risk of pain."

*Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914, *7 (S.D. Ohio 2015).

Raglin asserts that "his new proposed claims based on the State's current protocol were not ripe when Raglin filed his previous claims and … the State's adoption of the new protocol made his previously alleged claims newly ripe again." (Motion, ECF No. 240, PageID 2915.) Thus although he admits the new claims somehow relate to the June 29, 2015, iteration of Ohio's lethal injection protocol, he also asserts they are valid habeas claims because they attack the validity of his death sentence rather than the method of its proposed execution.

Raglin's proposed new grounds related to lethal injection are Proposed Grounds for Relief Forty through Fifty. (Proposed Third Amended and Supplemental Petition, ECF No. 240-1, PageID 2949-51.)  These Grounds for Relief, as pled, speak to how Ohio will carry out Raglin's execution sometime in the future.  For example, Ground Forty-One speaks of actions the Ohio Department of Rehabilitation and Correction ("ODRC") will take in the future in obtaining importing, purchasing, possessing, dispensing, distributing, and/or administering execution drugs will violate the federal Controlled Substances Act and therefore the Supremacy Clause of the United States Constitution.  None of those actions has yet happened with respect to

Walter Raglin.  All of them, if unconstitutional, would be amenable to cure by injunction in the § 1983 action.

In Ground Forty-Two, Raglin intends to plead that no execution drug ODRC can obtain will be constitutional to use in his execution because its use will constitute cruel and unusual punishment.  Again, injunctive relief forbidding the use of the drugs presently specified in the lethal injection protocol would be available as a remedy.  In Grounds Forty-Four and Forty-Six, he proposes to plead claims related to the legal availability of appropriate drugs.  Injunctive relief could address that difficulty and, conversely, the present unavailability of appropriate drugs does not, in itself, render the death sentence invalid because it speaks to present circumstances rather than permanent circumstances.

While Raglin's proposed Grounds for Relief Forty through Fifty state in conclusory fashion that the pled circumstances render the death sentence invalid, as this Court said in the Landrum case, "the conclusions do not follow from the premises." *Landrum, supra,* at *10.

The Motion to Amend is accordingly DENIED.  Raglin may move again to amend not later than October 5, 2015.  If he does so, he must state plainly how the claims he wishes to plead here differ from the claims he has pled in *In re Ohio Lethal Injection Protocol Litig*., Case No. 2:11-cv-1016.

September 15, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
