# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

       Petitioner,    :    Case No. 1:00-cv-767

                            :    District Judge Michael R. Barrett
  -vs-                              Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

                            :

       Respondent.

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Renewed Motion for Leave to File a Third Amended and Supplemental Petition for Writ of Habeas Corpus (ECF No. 247). The Warden opposes the Motion (ECF No. 248) and Raglin has filed a Reply in support (ECF No. 250).

Motions to amend under Fed. R. Civ. P. 15 are non-dispositive under 28 U.S.C. § 636(b)(1)(A) and thus come within the decisional authority of Magistrate Judges in the first instance, in referred cases.

A habeas corpus petition may be amended as provided in the Rules of Civil Procedure. 28 U.S.C. § 2242. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman,supra*; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

**Procedural History**

The murder involved in this case occurred December 29, 1995. Walter Raglin filed his

2

original Petition in this case on September 13, 2000 (ECF No. 14).  After a return to state court for exhaustion purposes, he filed an Amended Petition on March 8, 2005 (ECF No. 76).  On March 2, 2006, the Magistrate Judge recommended the Amended Petition be dismissed with prejudice (ECF No. 89).  On April 6, 2012, Raglin was permitted to amend to add Grounds for Relief Thirty-Nine and Forty as follows:

> **Thirty-Ninth Ground for Relief:** Raglin's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Fortieth Ground for Relief:** Raglin's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Quoted in Decision and Order, ECF No. 177, PageID 1304.)  The Warden asserted the claims were barred by the statute of limitations, but the Court accepted Petitioner's argument that these claims arose "when the lethal injection protocol being challenged was adopted by the State as of September 18, 2011." *Id.*  The Warden objected that the new claims were not cognizable in habeas corpus, but acknowledged *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). *Id.* at PageID 1305.  The Warden also noted Raglin was a plaintiff in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, pending before Judge Gregory Frost of this Court and raising challenges to Ohio's lethal injection protocol.  Without explaining how, Petitioner insisted these new lethal injection claims were different from his § 1983 claims and the Magistrate Judge declined "to attempt to sort out at the pleading amendment stage the question(s) of the interactions of these two proceedings." *Id.* at PageID 1305.  Raglin then filed his Second Amended Petition (ECF No. 178). Judge Barrett adopted the Report and Recommendations and Amended Supplemental Report and Recommendations on the First Amended Petition and ruled on requests for a certificate of appealability on September 29, 2013 (ECF No. 198), disposing of

all claims except Grounds Thirty-Nine and Forty.

On Raglin's Motion, the Court stayed consideration of Raglin's Thirty-Ninth and Fortieth Grounds for Relief on February 10, 2014 (ECF No. 204). As a basis for the stay, Raglin noted that those grounds were no longer viable because Ohio had adopted a new lethal injection protocol. *Id.* Based on that statement, the Magistrate Judge recommended those claims be dismissed without prejudice. *Id.* Neither party objected and Judge Barrett dismissed those claims March 3, 2014 (ECF No. 205).

On April 13, 2015, Raglin again "request[ed] leave to file an amended petition raising newly ripe lethal injection claims," noting that "[I]t is by now well-established that a change in Ohio's lethal-injection protocol gives rise to new claims and thus warrants amendment of a habeas petition." (ECF No. 234, PageID 2768, 2770), *citing Chinn v. Robinson*. No. 3:02-cv-512, Doc. No. 96 at PageID 1493 (Mar. 25, 2014)(Sargus, J.); *Lindsey v. Bradshaw*, No. 1:03-cv-702, Doc. No. 115 at PageID 1651 (Mar. 26, 2014)(Sargus, J.); *Robb v. Ishee*, No. 2:02-cv-535, Doc. No. 151 at PageID 1523 (Apr. 7, 2014)(Marbley, J.); and *Sheppard v. Robinson*, Sixth Circuit Case No. 13-3900 (Order, Dec. 17, 2013). Raglin then cited the new execution protocol adopted by the State of Ohio on January 9, 2015, and quoted Judge Frost as holding "method-of-execution challenges in habeas actions 'begin[] anew any time Ohio adopts a new written protocol.'" (ECF No. 234, PageID 2771, *quoting Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 U.S. Dist. LEXIS 5560, at *20 (S.D. Ohio Jan. 14, 2013)). He also asserted

> Numerous judges concur on this point as well. *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at 13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by* 2012 U.S. Dist. LEXIS 154037, at 2-4 (S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at 2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at 8-9 (S.D. Ohio July 5, 2012) (Sargus, J.); *see also Phillips v. Robinson*, No. 5:12-cv-2323, 2013 U.S. Dist. LEXIS 108820, 44-45 (N.D. Ohio Aug. 2, 2013) (Lioi, J.).

*Id.* That Motion to Amend was granted but no third amended petition was filed. On June 29, 2015, Ohio again amended its lethal injection protocol and Raglin was granted until August 3, 2015, to move again to amend, which he did (ECF No. 240).

On September 15, 2016, the Court denied that Motion (ECF No. 243), reported at *Raglin v. Mitchell,* 2015 U.S. Dist. LEXIS 125768 (S.D. Ohio Sept. 15, 2015). Noting that it had previously relied on an expansive reading of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), to allow death row inmates to proceed simultaneously in § 1983 and habeas, the Court held that its "former application of *Adams* . . . cannot stand in light of *Glossip* [*v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015)]." (ECF No. 243, PageID 3244.) The Court concluded:

> While Raglin's proposed Grounds for Relief Forty through Fifty state in conclusory fashion that the pled circumstances render the death sentence invalid, as this Court said in the Landrum case, "the conclusions do not follow from the premises." *Landrum* [*v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio 2015)] at *10.
>
> The Motion to Amend is accordingly DENIED. Raglin may move again to amend not later than October 5, 2015. If he does so, he must state plainly how the claims he wishes to plead here differ from the claims he has pled in *In re Ohio Lethal Injection Protocol Litig.*, Case No. 2:11-cv-1016.

*Id.* at PageID 3245. The instant Motion followed.

5

**Raglin's Argument**

Raglin asserts the claims he proposes to make in his Third Amended and Supplemental Petition differ from parallel claims made in the Protocol Case because in that case he must identify, as *Glossip* requires, an alternative method of execution which is constitutional, whereas he does not do so in his claims in this case (ECF No. 247, PageID 3264). A second distinction, he argues, is that his death sentence could be declared void in a habeas corpus case and that could not happen in a § 1983 case. *Id.* at PageID 3264-65. Most importantly, he says, victory here would mean Ohio could never execute him without violating his constitutional rights. *Id.* at PageID 3265.

> Summarizing, Raglin argues
>
>> An injunction [in § 1983] prohibiting the State from applying the current execution protocol to Raglin will not remedy the broader problem that the State simply cannot carry out Raglin's lethal-injection execution in compliance with the law, regardless of the protocol in place at that time, and thus cannot execute him at all under Ohio law. . . . [I]njunctive relief in habeas would, in addition to enjoining the state from unlawfully obtaining and using manufactured or compounded or imported thiopental sodium or pentobarbital in violation of Raglin's constitutional rights, also preclude the state from using other drugs and from obtaining any execution drugs by unlawful means, including those drugs Ohio has used before but which are not in the current protocol, or any other drugs Ohio might use.

*Id.* at PageID 3269-70. And again

> The nature of Raglin's lethal-injection invalidity claims, challenging the implementation of any Ohio lethal-injection protocol against him, including the use of any drug or combination of illegally obtained drugs, differ substantially from the narrow challenge in Raglin's § 1983 method-of-execution claims which

6

>     target Ohio's current execution protocol and leave open the
>     possibility of execution by some other method of lethal-injection.

*Id.* at PageID 3271.

## Analysis

Upon consideration of Raglin's arguments, both in the Motion and his Reply to the Warden's Response, the Court finds they are not significantly different from the arguments considered in the case of Ohio death row inmate Michael Turner in Case No. 2:07-cv-595. The Court has rejected those arguments and found Turner's proposed new habeas corpus lethal injections claims are not cognizable in habeas corpus. *Turner v Hudson*, 2016 U.S. Dist. LEXIS 6019 (S.D. Ohio Jan. 19, 2016). On that authority, the Renewed Motion for Leave to File a Third Amended and Supplemental Petition (ECF No. 247) is DENIED.

February 26, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
