# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

:

    Petitioner,　　　　　　　　　　Case No. 1:00-cv-767

:　　　　　　District Judge Michael R. Barrett
-vs-　　　　　　　　　　　　　　　Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

    Respondent.

# DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of Ground [for Relief] 27(A)(ECF No. 254) and Motion for Leave to File an Amended Petition and To Stay These Proceedings and Hold Them in Abeyance (ECF No. 255). The Warden has filed a combined Memorandum in Opposition (ECF No. 258). Petitioner has filed a Reply (ECF No. 261) and a Notice of Supplemental Authority (ECF No. 262).

Raglin's Ground for Relief 27(A) reads as follows

> Walter Raglin's constitutional rights as guaranteed by the Fifth, Sixth, Seventh, Eighth, Ninth and Fourteenth Amendments were violated when the trial court, in its decision to impose a sentence of death, improperly considered and weighed valid or improper aggravating circumstances; failed to specify the reasons why aggravation outweighs mitigation beyond a reasonable doubt; and failed to consider and weigh valid mitigating factors presented by the defense.
>
> A. The trial court improperly considered an uncharged and unproven statutory aggravating factor in

1

>sentencing Mr. Raglin to death.

(Amended Petition, ECF No. 76-1, PageID 83.)

The undersigned recommended dismissing Ground for Relief Twenty-Seven, writing:

> In his Twenty-Seventh Ground for Relief, Petitioner asserts the trial judge improperly considered and weighed invalid or improper aggravating circumstances, failed to specify the reasons why the aggravating circumstances outweighed the mitigating factors, and failed to consider and weigh valid mitigating factors (First Amended Petition, Doc. No. 76 at 62).
>
> This claim was, as Respondent concedes, properly presented to the Ohio Supreme Court as Petitioner's Proposition of Law No. 1 (*See* Appellant's Brief, Joint Appendix, Vol.VI at 828). In denying relief on this Proposition, the Ohio Supreme Court wrote:
>
>> The trial court, in its sentencing opinion, considered and weighed an R.C. 2929.04(A)(3) aggravating circumstance even though appellant was neither charged with nor convicted of an R.C. 2929.04(A)(3) death penalty specification. However, this error in the trial court's sentencing opinion, and all other allegations of error raised by appellant in Proposition of Law No. 1, can be readily cured by our independent review of appellant's death sentence. See, generally, *State v. Lott* (1990), 51 Ohio St.3d 160, 170- 173, 555 N.E.2d 293, 304-307. See, also, *State v. Reynolds* (1998), 80 Ohio St.3d 670, 684-685, 687 N.E.2d 1358, 1373; *State v. Gumm* (1995), 73 Ohio St.3d 413, 424, 653 N.E.2d 253, 265; and *State v. Fox* (1994), 69 Ohio St.3d 183, 191-192, 631 N.E.2d 124, 131.
>
> *State v. Raglin*, 83 Ohio St. 3d at 257. The Ohio Supreme Court thus recognized the weighing error which the trial judge made, but reweighed the proper aggravating circumstances against the mitigating factors and reached the same conclusion that the trial court had. That reweighing is constitutionally sufficient to eliminate the impact of the invalid aggravating circumstance. *Fox v.Coyle*, 271 F.3d 658, 667 (6th Cir. 2001)(citing *Wainright v. Goode*, 464 U.S. 78 (1983), and *Barclay v. Florida*, 463 U.S. 939 (1983)). Petitioner's Twenty-Seventh Ground for Relief is therefore without merit.

(Report and Recommendations, ECF No. 89, PageID 409-10, filed February 2, 2006.)  After

nearly four months of extensions of time, Petitioner filed Objections, but did not object to the proposed disposition of Ground Twenty-Seven (ECF No. 95). Approximately two and one-half years later, new counsel for Petitioner moved to revive abandoned claims (ECF No. 130) and to supplement his Objections on certain grounds for relief (ECF No. 131). Ground Twenty-Seven was not included in either Motion.

In an Order of September 29, 2013, the District Judge adopted the recommendation dismissing Ground Twenty-Seven, noting that no objection had been made (Opinion and Order, ECF No. 198, PageID 2310). No judgment was entered at that time because consideration of Raglin's claims related to Ohio's lethal injection protocol was stayed (ECF No. 203). With various permutations, that stay remains in place pending issuance of the mandate in *Adams v. Bradshaw*, ___ F.3d ___, 2016 U.S. App. LEXIS 10630 (6th Cir. June 13, 2016). On July 12, 2016, the Sixth Circuit stayed its mandate pending certiorari proceedings in the Supreme Court.

Petitioner asserts and the Warden does not deny that this Court has authority to reconsider its disposition of Ground 27(A) because it remains interlocutory, no judgment having been entered as yet.

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio

1998)(Marbley, J.). Petitioner relies on *Hurst v. Florida,* 136 S. Ct. 616 (2016), as intervening authority.

Walter Raglin murdered Michael Bany on December 29, 1995. The Ohio Supreme Court affirmed his conviction and death sentence on September 30, 1998. *State v. Raglin,* 83 Ohio St. 3d 253 (1998). His conviction became final on direct appeal when the United States Supreme Court denied certiorari March 1, 1999. *Raglin v. Ohio,* 525 U.S. 1180 (1999). *Hurst* was decided January 12, 2016.

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). The *Teague* analysis is normally a threshold issue. *Caspari v. Bohlen*, 510 U.S. 383 (1994).

> Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari*. at 396. A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). The rule in *Crawford v. Washington,* 541 U.S. 36 (2004), for example, is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v.*

4

*Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court had identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963). It has identified none since.

Petitioner asserts the holding in *Hurst* comes within the watershed procedural exception[1] in *Teague*, but the Magistrate Judge is unpersuaded. Certainly it is nowhere near the magnitude of *Gideon*. It appears to be somewhat of the same magnitude as *Ring v. Arizona,* 536 U.S. 584 (2002), which the Supreme Court itself has held to be not retroactively applicable to cases pending on collateral review. *Schriro v. Summlerin*, 542 U.S. 348 (2004).

As supplemental authority for his position that *Hurst* is applicable retroactively, Raglin cites *State v. Kirkland,* 145 Ohio St. 3d 1455 (2016). The entire ruling in *Kirkland* is "On application for reopening under S.Ct.Prac.R. 11.06. Application denied. On motion for order or relief. Motion granted. Cause remanded for new mitigation and sentencing hearing." The decision was made without published opinion and over three dissenting votes. The argument of Kirkland's counsel in that case did not address the *Teague* retroactivity question (See attachment to ECF No. 262). Before an opinion from a state court can be persuasive authority on a question of federal law, there must at least be an opinion. There is none in *Kirkland* and counsel's speculation that the Ohio Supreme Court must have thought about the *Teague* question and decided it *sub silentio* is not persuasive.

Raglin also contends this Court should hold the case in abeyance and allow the Ohio courts to decide *Teague* retroactivity in the first instance, relying on *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016). Petitioner reads *Montgomery* to hold "that the retroactivity framework set out in *Teague v. Lane*, 489 U.S. 288 (1989), represents a constitutional

---

[1] Plainly the holding in *Hurst* is not a new "substantive" rule within the meaning of *Teague*; Petitioner does not argue to the contrary.

5

requirement that the state courts are obliged to apply in their own collateral proceedings." (ECF No. 254, PageID 3508, citing *Montgomery*, 136 S. Ct. at 731-32).  That is not an accurate reading of the case.  *Montgomery* requires state courts to apply new substantive constitutional rights when they are exercising collateral review jurisdiction.  Justice Kennedy expressly disclaimed any decision regarding procedural rights:  "This holding is limited to *Teague's* first exception for substantive rules; the constitutional status of *Teague's* exception for watershed rules of procedure need not be addressed here."  136 S. Ct. at 729.

Petitioner's Motions to Amend and to Stay are DENIED.

July 28, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
