# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

     Petitioner,                        Case No. 1:00-cv-767

                                  District Judge Michael R. Barrett
   -vs-                                Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

     Respondent.

## REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Motion to Expand the Certificate of Appealability in this case to include the issues related to *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), and *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), that he raised in his motion to amend the petition (ECF No. 264). Respondent opposes the Motion (Memo in Opp., ECF No. 265) and Raglin has filed a Reply in Support (ECF No. 266).

Because denial of a certificate of appealability can be tantamount to denying an appeal, it is properly treated as a dispositive motion under 28 U.S.C. § 636(b), requiring a recommended decision from an assigned Magistrate Judge. Compare *Hanson v. Mahoney*, 433 F.3d 1107 (9th Cir. 2006).

Petitioner's Motion to Amend to add a claim under *Hurst* was filed March 24, 2016 (ECF No. 255). After briefing, the Magistrate Judge denied the Motion on July 28, 2016, concluding

that *Hurst* did not come within either of the narrow categories recognized in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application of new Supreme Court law to cases pending on collateral review (Decision and Order, ECF No. 263). Petitioner took no appeal to Judge Barrett of that decision, but instead filed the instant Motion to Expand the Certificate of Appealability.

The test for whether to grant a certificate of appealability is whether reasonable jurists would disagree with the District Court's conclusion. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That test must be applied on a claim-by-claim basis. *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Although the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") requires circuit judges to make the appealability decision, district courts have the power to issue certificates of appealability under the AEDPA in § 2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under § 2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

Petitioner asserts this Court's conclusion on retroactivity is debatable among jurists of reason on the basis of *Guardado v. Jones*, No. 4:15-cv-256, 2016 U.S. Dist. LEXIS 69976 (N.D. Fla. May 27, 2016). Petitioner also asserts that *Guardado* has been followed in another Florida case, *Archer v. Jones*, No. 3:06-cv-312 (N.D. Fla. June 3, 2016)(unreported; copy at ECF No. 264, PageID 3628, et seq.).

On the retroactivity of *Hurst*, Judge Hinkle, in allowing habeas counsel to represent Guardodo in state court proceedings to exhaust a *Hurst* claim, stated:

> Third, the respondent says any *Hurst* claim is futile, because *Hurst*
> is not retroactive. But one can reasonably argue both sides of this

2

> issue; the claim is not futile. The line of decisions that spawned *Hurst* shows why this is so. The line goes back at least to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and was first applied to the death penalty in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002). Under this line of decisions, a defendant has this right: any fact (other than a prior conviction) that increases the maximum sentence that can be imposed on the defendant must be found by a jury on proof beyond a reasonable doubt. The Supreme Court has held a jury-right decision—indeed, *Ring* itself—not retroactive. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). But *Schriro* did not address the requirement for proof beyond a reasonable doubt. *See id.* at 351 n.1. The Supreme Court has held a proof-beyond-a-reasonable-doubt decision retroactive. *See Ivan V. v. City of New York*, 407 U.S. 203, 92 S. Ct. 1951, 32 L. Ed. 2d 659 (1972).

*Id.* at *3-4. In *Arche*r, Chief Judge Rodgers merely followed Judge Hinkle's decision, finding his "reasoning persuasive . . . ." (See ECF No. 264, PageID 3630.)

Judge Hinkle himself conclude *Hurst* is retroactively applicable on collateral review, but merely that the issue is debatable – "one can reasonably argue." On the side of that question on which the undersigned came down, he cites the case this Court relied on *Schriro v. Summlerin*. On the other hand, he cites *Ivan v. New York*, 407 U.S. 203 (1972), a case in which the Supreme Court retroactively applied *In re Winship*, 397 U.S. 358 (1970), to a conviction which had become final two months before *Winship* was decided. Thus Judge Hinkle arrived at his decision by the orthodox judicial reasoning process – analogizing the case before him to two contrasting but arguably applicable Supreme Court decisions. His conclusion is no mere *ipse dixit*.

The Court that gave us *Ivan* also decided, less than three weeks later, that every then-extant death sentence in America was unconstitutional. *Furman v. Georgia*, 408 U.S. 238 (1972). Things have obviously changed since then, particularly with the decision in *Teague.* But the Court cannot say that reliance on *Ivan* is irrational.

3

**Conclusion**

Because, as Judge Hinkle found, reasonable jurists could disagree on the retroactivity of *Hurst* and the applicability of *Montgomery*, the Magistrate Judge respectfully recommends that Petitioner's Motion to Expand the Certificate of Appealability be GRANTED.

December 2, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).