# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

:

    Petitioner,

Case No. 1:00-cv-767

:

    -vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

    Respondent.

---

# DECISION AND ORDER VACATING PRIOR DECISION AND DENYING MOTION TO AMEND

---

This capital habeas corpus case is before the Court *sua sponte* to correct an order pending on objections before District Judge Barrett. In light of the Sixth Circuit's decision in *In re Campbell,* ___ F.3d ___, 2017 U.S. App. LEXIS 21094 (6th Cir. Oct. 25, 2017), the Magistrate Judge's prior Decision and Order allowing Mr. Raglin to file a Third Amended Petition pleading lethal injection invalidity claims (ECF No. 275) is clearly mistaken as a matter of law and is hereby VACATED. The following is substituted in its place.

**Litigation History**

On September 29, 2013, District Judge Barrett dismissed all Grounds for Relief in Petitioner Raglin's First Amended Petition and ordered him to file his Second Amended Petition within fourteen days, limited to two lethal injection invalidity claims (ECF No. 198). Raglin did

1

not file at that time, but sought a stay in light of Ohio's adoption of a new lethal injection protocol "due to the need to amend his habeas petition to plead his newly-ripe lethal-injection claims." (ECF No. 200, PageID 2373). Dennis McGuire was executed on January 16, 2014. While the implications of that execution were considered by all parties, Raglin's date to move to amend was repeatedly extended to March 17, 2014 (ECF No. 203), June 11, 2014 (ECF No. 206), June 27, 2014 (ECF No. 208), October 2, 2014 (ECF No. 209), April 13, 2015 (ECF No. 227), July 1, 2015 (ECF No. 237), October 5, 2015 (ECF No. 243), November 4, 2015 (ECF No. 245), April 1, 2016 (ECF No. 253), and finally to thirty days after issuance of the mandate in *Adams v. Bradshaw* (ECF No. 260). The relevant Motion to Amend (ECF No. 272) was granted April 10, 2017 (ECF No. 275), but the obligation of Petitioner to actually file his Third Amended Petition was stayed until after the Warden's objections to amendment would be resolved by Judge Barrett (ECF No. 278).

In the Decision now vacated, the Magistrate Judge recited the history of this Court's treatment of lethal-injection-invalidity claims in habeas corpus which was based on its reading of the set of decisions by the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw,* 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II,* and *Adams III* respectively.

In *Adams I*, the Sixth Circuit held, over Ohio's objection, that a challenge to a method of execution could be brought in habeas corpus as well as in an action under 42 U.S.C. § 1983. This Court followed *Adams I* until the Supreme Court decided *Glossip v. Gross*, 135 S.Ct. 2726 (2015). In *Glossip*, Justice Alito interpreted *Hill v. McDonough,* 547 U.S. 573 (2006), as holding "a method of execution claim must be brought under § 1983 . . . ." 135 S.Ct. at 2738.

After *Glossip*, this Court reversed course. Judge Frost put it succinctly: "This Court and other courts within this District have since relied on *Adams* in accepting the proposition that method-of-execution claims properly sound in habeas corpus. *Glossip* now undeniably upends that practice." *Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015).

Then, in March 2016, came *Adams II* in which the Sixth Circuit held that "The Supreme Court's decision in *Glossip* does not alter our precedent." 817 F.3d at 297. The State sought "clarification" of *Adams II* and the Sixth Circuit published *Adams III* in June 2016, again recognizing a category of lethal-injection-invalidity claims which could be brought in habeas. Offered a chance to clarify what it had meant in *Glossip*, the Supreme Court denied certiorari in *Adams III*. *Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 602 (2017). After certiorari was denied, the Sixth Circuit issued its mandate in *Adams III* and this Court understood it was back where it had been under *Adams I* in 2011, to wit, that there was a class of lethal injection invalidity claims which, if successful, would render a particular petitioner's death sentence invalid. It was on that reading of *Adams III* that the Magistrate Judge granted in part the instant Motion to Amend (ECF No. 275, PageID 3993).

*Campbell* again changes the analysis. Interpreting *Glossip*, the circuit court held:

> *Glossip* therefore closed the hypothetical door left open by *Nelson, Hill*, and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738.
>
> Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

3

*Campbell*, 2017 U.S. App. LEXIS 21094 at *11-12 (emphasis in original). The *Campbell* court noted the language in *Adams III* on which capital petitioners and this Court have relied to justify pleading lethal-injection-invalidity claims in habeas and declared that language to be non-binding dictum. *Id.* at *15. It concluded further:

> [T]o the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip's* holding directly addressed that question, it is binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive as a per se rule. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

*Campbell, supra*, at *15.

In allowing amendment to add lethal injection invalidity claims, this Court was attempting to follow *Adams III* faithfully. Because *Adams III* was written to clarify *Adams II* at the request of one of the parties, this Court assumes the added language in *Adams III* was carefully chosen. Moore's Federal Practice notes, however, that "it is not always clear what the holding is in a particular case" because "[h]oldings may be given broad or narrow interpretations." 18 James Wm. Moore et al., Moore's Federal Practice §134.03[2] (3d ed. 1999). Even language that is dictum may be carefully chosen. In any event, if the relevant language in *Adams III* does not, per *Campbell*, bind subsequent Sixth Circuit panels, it does not bind this Court. *Campbell* does, particularly because it interprets the language the Supreme Court used in *Glossip*: "a method-of-execution claim must be brought under §1983." Raglin's Motion to Amend (ECF No. 272) to the extent it seeks to add lethal-injection-invalidity claims is

DENIED because those claims are not cognizable in habeas corpus. Therefore the amendment would be futile because it could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Foman v. Davis*, 371 U.S. 178 (1962).[1]

In part the prior Decision and Order denied leave to amend to add Ground Forty-Five, a claim based on *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016)(ECF No. 275, PageID 3997, citing *Campbell v. Jenkins*, 2017 U.S. Dist. LEXIS 49085 (S.D. Ohio Mar. 31, 2017); *Fears v, Jenkins,* 2017 U.S. Dist. LEXIS 47901 (S.D. Ohio Mar. 29, 2017); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 21946 (S.D. Ohio Feb. 15, 2017) and 2017 U.S. Dist. LEXIS 45633 (S.D. Ohio Mar. 27, 2017)). This Court's view that *Hurst* does not apply retroactively has now been endorsed by the Sixth Circuit. *In re Coley*, 871 F.3d 455 (6th Cir. 2017).

The Motion to add a claim under *Hurst* is therefore also DENIED.

**Conclusion**

All of Petitioner's proposed claims which would have reopened for further adjudication under this Court's prior order are now rejected. The Court should enter final judgment based on its decision of September 29, 2013. Denial of leave to add lethal injection invalidity claims should be without prejudice to Raglin's pursuing them in *In re Ohio Execution Protocol Litig.*,

---

[1] In a Notice of Supplemental Authority, Petitioner has called the Court's attention to *Davis v. Jenkins*, No. 2:10-cv-107, 2017 U.S. Dist. LEXIS 161152 (S.D. Ohio Sep. 29, 2017) where the Court allowed lethal injection invalidity claims despite *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017). But *Davis* was decided before *Campbell* was handed down.

Case No. 2:11-cv-1016, where he is a plaintiff.

November 13, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge