# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

    Petitioner,

-vs-

BETTY MITCHELL, Warden,

    Respondent.

Case No. 1:00-cv-767

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL OPINION ON MOTION TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 289) of the Magistrate Judge's Decision Denying Petitioner's Motion to Amend (ECF No. 287). The Warden has responded to the Appeal (ECF No. 291) and District Judge Barrett has recommitted the matter for a supplemental opinion (ECF No. 290).

Petitioner agrees that a motion to amend is non-dispositive under 28 U.S.C. § 636(b) and therefore it was proper for the Magistrate Judge to decide the motion rather than recommending a decision (Appeal, ECF No. 289, PageID 4115). Raglin notes that all of his objections involve questions of law on which the Magistrate Judge's Decision is to be reviewed *de novo*. *Id.* at PageID 4116 and the Magistrate Judge agrees.

1

**The Impact of *In re: Campbell***


The Decision appealed from concluded that *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017), requires this Court to cease its practice of allowing lethal injection invalidity claims to be pleaded in habeas corpus cases. Rather, the *Campbell* court, applying the Supreme Court's decision in *Glossip v. Gross,* 135 S. Ct. 2726 (2015), concluded those claims can only be brought in an action for injunctive relief under 42 U.S.C. § 1983. Raglin himself is a plaintiff in just such a case, *In re Lethal Injection Protocol Litig.*, 2:11-cv-1016 (the "Protocol Case"), with most other Ohio death row inmates. They seek injunctive relief in that case on constitutional bases parallel to those in the lethal injection invalidity claims he seeks to add here. (Compare Proposed Grounds in ECF No. 272-1 with the Fourth Amended Omnibus Complaint in the Protocol Case, ECF No. 1252.)

Raglin first objects (Appeal, ECF No. 289, PageID 4116) that *Campbell* cannot be followed here because "*Campbell* is in conflict with the earlier binding precedent *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016) ("*Adams III*"), and *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011) ("*Adams I*")."

What remedy does a death-sentenced inmate have for an unconstitutional method of execution – habeas corpus, 42 U.S.C. § 1983, or both?

A civil rights action under 28 U.S.C. § 1983 offers the capital litigant many advantages over a habeas corpus action. Among other things, it is not subject to the second-or-successive limitation or the limits on discovery in habeas corpus. Because it is forward looking instead of focused on what happened in the state courts, it is not limited in the introduction of evidence imposed in habeas by § 2254(d) as interpreted in *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Even before the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") vastly increased the procedural restrictions on habeas corpus, the Supreme Court held a district court could not grant release from confinement in a § 1983 action because to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). It was in *Nelson v. Campbell*, 541 U.S. 637 (2004), that the Supreme Court first held that a means or method of execution claim could be brought in a § 1983 case, over the objection of state officials who insisted that such a claim had to be brought in habeas corpus and would, in Nelson's case, have been subject to the second-or-successive requirement imposed by 28 U.S.C. § 2244(b). The Court unanimously concluded that, because Nelson's challenge to the method of execution (a vein cut-down procedure) did not challenge his actual death sentence, it could be brought in a § 1983 action.

*Cooey v. Taft*, Case No. 2:04-cv-1156, a § 1983 action which is the direct predecessor of the Protocol Case, was filed December 8, 2004, and references an even earlier filing in Case No. 2:04-cv-532 on June 10, 2004, less than a month after *Nelson* was decided. As consolidated in the Protocol Case, *Cooey* remains pending. The same organizations of attorneys who provide representation to plaintiffs in that case – the Capital Habeas Units of the Offices of the Federal Public Defender for the Southern and Northern Districts of Ohio and the Ohio Public Defender's Office – also represent most of the capital habeas corpus petitioners in this Court. Thus the litigation context provides maximal opportunities for coordination of strategy. To this Court's eye, those opportunities are never missed; if there are internal disagreements among the capital petitioners' bar, they are not apparent to this Court.

Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate and raising substantively

parallel claims. Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I*, *Adams II*, and *Adams III* respectively.

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of habeas petitions to add lethal injection claims.

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.,* at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738(emphasis added). Changing course, this Court concluded the "must be brought" language precluded what it had been doing under *Adams I*. As Judge Frost put it "*Glossip* now undeniably upends that practice." *Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015).

4

Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I*. *Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S. Ct. 814, 196 L. Ed. 2d 602 (2017). By denying certiorari, the Supreme Court passed up a chance to clarify the meaning of *Glossip*. This Court then changed course again and began allowing lethal injection invalidity claims in habeas. It was on that basis that the Magistrate Judge granted leave to amend in April 2017.

But on October 25, 2017, the Sixth Circuit decided *Campbell*.

Based on the history just recited, the Magistrate Judge wholeheartedly agrees with Raglin that *Campbell* conflicts *Adams I* and *Adams III*, both of which are published decisions of Sixth Circuit panels that pre-date *Campbell*. The *Campbell* panel dealt with that conflict directly.

> Notwithstanding the procedural default [that the *Adams* panel found barred merits relief], the panel proceeded to speculate in dicta about the viability of a psychological-torment claim. *Adams III*, 826 F.3d at 320. It ultimately found the claim unsupported by the substantive law. Even then, the panel proceeded to discuss—again in dicta—the holding of *Adams II* in light of *Glossip*. *Id.* at 321. It reiterated that "Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and that his claim 'could render his death sentence effectively invalid.'" *Id.* at 321 (quoting *Hill*, 547 U.S. at 580). Therefore, "to the extent that [a petitioner] challenges the constitutionality of lethal injection in general and not a lethal-injection protocol, his claim is cognizable in habeas." *Id.*
>
> We think this dictum mischaracterizes both *Adams II* and *Glossip*. And, of course, dictum in a prior decision—as opposed to a *holding*—does not bind future panels, including this one. 6th Cir. R. 32.1(b); *United States v. Turner*, 602 F.3d 778, 785-86 (6th Cir. 2010) (explaining that statements which are "not necessary to the outcome" are not binding on later panels). The *Adams III* panel had already concluded that the petitioner's claim was both procedurally defaulted *and* forfeited. *Adams III*, 826 F.3d at 320. And although we may choose to excuse forfeiture in an exceptional case, we cannot ignore procedural default absent an express finding of cause and prejudice. *Wainwright*, 433 U.S. at 86-87. Thus, the statements

5

> "necessary" to the decision in *Adams III* ended when the panel acknowledged the default and forfeiture without any indication that an exception was present. *Adams III*, 826 F.3d at 320.
>
> Thus, to the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip*'s holding directly addressed that question, it *is* binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive *as a per se rule*. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

874 F.3d at 463-64. In sum, the *Campbell* panel held that the language in *Adams I* and *Adams III* on which this Court had relied was dictum and therefore not binding on future panels of the Sixth Circuit and, *a fortiori,* not binding on the District Courts.

Raglin objects that, in *Davis v. Jenkins*, No. 2:10-cv-107, 2017 U.S. Dist. LEXIS 161152 (S.D. Ohio Oct. 2, 2017), Chief Judge Sargus wrote "*Adams III* is binding on this Court." (Appeal, ECF No. 289, PageID 4117). As this Magistrate Judge noted in the Decision, *Davis* was filed three weeks before *Campbell* where a panel of the Sixth Circuit held that *Adams III* was not binding.

Raglin argues that his "claims remain cognizable under *Adams III* until the *en banc* Sixth Circuit or the United States Supreme Court says otherwise." (Appeal, ECF No. 289, PageID 4117). That is true only if the *Adams III* language this Court had been relying on was a **holding** of the Sixth Circuit. It is indeed well established that a later panel of the circuit court cannot overrule the holding of a prior panel. See, e.g., *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014); *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001); *Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985). But Raglin cites no precedent for the proposition that a later

panel cannot authoritatively determine that language used by a prior panel was dictum. That is precisely what the *Campbell* panel did. And the Supreme Court passed up an opportunity to declare that wrong when it denied certiorari in *Campbell* just as it had passed up an opportunity to decide if *Adams III* correctly interpreted *Glossip* when it denied certiorari in *Adams III*.

Raglin next objects that "the language from *Glossip v. Gross*, 135 S. Ct. 2726 (2015), that the *Campbell* majority relied on was dicta . . . ." Whether or not that is so from an academic perspective, the Sixth Circuit *en banc* has treated *Glossip* as binding in more than its precise holding. In reversing this Court's grant of preliminary injunctive relief in *Fears v. Morgan (In re: Ohio Execution Protocol),* 860 F.3d 881 (6th Cir. Jun 28, 2017), Judge Kethledge wrote for the court: "[N]either, as plaintiffs suggest, is *Glossip* irrelevant here. Quite the contrary: the Court's opinion contains plenty of reasoning that was not confined to the record there—and which therefore binds us just as much as the reasoning in any other opinion of the Supreme Court." *Id.* at 886. If the Sixth Circuit finds language in a Supreme Court opinion to be binding – holding or dictum – that conclusion is binding on us.

Raglin objects that his claims were cognizable under *Adams I* (PageID 4117). Yes, but *Adams I* is flatly contradicted by *Campbell* and by *Glossip* as the *Campbell* majority reads it.

Finally, Raglin objects that "the *Campbell* majority's reading of *Glossip* was also highly questionable." *Id.,* citing Judge Moore's dissent from denial of a stay of execution. *In re Campbell*, 2017 U.S. App. LEXIS 22575 (Nov. 9, 2017). That was an argument to be made on appeal[1], and not to a trial court which is obliged to follow the majority's reading of *Glossip*.

Raglin asserts that a ruling under § 2244(b) declining permission to proceed on a second-or-successive habeas application is "not a decision on the merits of the underlying claim."

---

[1] Presumably it was made by Alva Campbell in seeking certiorari. Of course, denial of certiorari tells us nothing about what the Supreme Court may think on the merits of that point.

7

(Appeal, ECF No. 289, PageID 4117). He cites several cases from other jurisdictions supporting the same proposition. id at PageID 4118. While that is accurate, it is beside the point. What the *Campbell* court decided was that the "underlying merits" of Raglin's constitutional claims could not be reached in a habeas corpus case.

**Raglin's "Statutory" Claim**

> Raglijn's Proposed Forty-Fourth Ground for Relief reads:
>
> The State of Ohio cannot constitutionally execute Raglin because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 272-1, PageID 3883). The federal laws in question are the Controlled Substances Act and the Food, Drug, and Cosmetic Act and regulations adopted by the administering federal agencies. Raglin does not expressly say why Ohio's purported violation of those laws would render his execution unconstitutional, the Court presumes he intends to alleged a violation of the Supremacy Clause, Article VI, Section 2 of the Constitution.

Raglin is correct that federal habeas corpus is available to assert claims for certain violations of federal laws in the course of state criminal prosecutions. "We have stated that habeas review is available to check violations of federal laws when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994), *citing Hill v. United States*, 368 U.S. 424, 428 (1962); accord, *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *Davis v. United States*, 417 U.S. 333, 346 (1974).

8

Because Proposed Ground 44 is also a lethal-injection-invalidity claim, it is not cognizable in habeas corpus, per *Glossip* and *Campbell*. Raglin objects, however, that "[t]he decision in *Campbell* appears to have limited its cognizability analysis to Eighth Amendment claims. . . " (Appeal, ECF No. 289, PageID 4119).

However, the decision in *Campbell* was not limited to Eighth Amendment claims. Alva Campbell pleaded a claim substantially identical to Raglin's proposed Ground 44. (See First Ground for Relief in Petition, ECF No. 1, Case No. 2:14-cv-1702, PageID 3.[2]) In *Campbell*, the Sixth Circuit dismissed the entire Petition, including the Supremacy Clause/preemption claim.

**Claim under *Hurst v. Florida,* 136 S. Ct. 616 (2016)**

Raglin's Forty-Fifth Proposed Ground for Relief reads:

> Walter Raglin's Sixth Amendment Right To Trial By Jury Was Violated When The Trial Court, In Its Decision To Impose The Death Penalty, Improperly Considered And Weighed An Invalid Aggravating Circumstance And When The Appellate Court Reweighed The Aggravating Circumstances And Mitigating Factors And Imposed A Sentence Of Death After Its Own Factual Findings That Were Necessary To Make Raglin Eligible For The Death Penalty.

(ECF No. 272-1, PageID 3912.) This claim purportedly arises under *Hurst v. Florida, supra*.

The Magistrate Judge denied an amendment to add this claim, relying on *In re Coley,* 871 F.3d 455 (6th Cir. 2017). Raglin objects that Coley was a decision under 28 U.S.C. § 2244(b) on whether a second-or-successive petition could proceed and that framework is considerably more restrictive than general retroactivity analysis under *Teague v. Lane*, 489 U.S. 288 (1989), which must apply to retroactivity questions in a first habeas application such as Raglin's.

---
[2] Campbell expressly pleaded this as a violation of the Supremacy Clause.

The Magistrate Judge agrees that *Teague* provides the proper framework for analysis. Under Teague, a new rule of constitutional law is not applicable to cases on collateral review unless it is (1) a new "substantive" constitutional rule (e.g., those announced in *Atkins v. Virginia,* 536 U.S. 304 (2002), and *Johnson v. United States*, 135 S. Ct. 2551 (2015)) or (2) a new "watershed" criminal procedure rule. The rule announced in Hurst is new because the Supreme Court had to explicitly overrule two of its precedents to reach the result, *Spaziano v. Florida*, 468 U.S. 447 (1984 ), and *Hildwin v. Florida*, 490 U.S. 638 (1989). The result is not substantive in that it does not place a category of persons or conduct beyond the possibility of criminal punishment, but instead constitutionalizes the procedure to be used in reaching a death sentence. It is surely not a "watershed" change: it is nowhere as significant as *Gideon v. Wainwright*, 372 U.S. 335 (1963), the only case the Supreme Court has said would qualify for this classification.

To the knowledge of the Magistrate Judge, every decision in the Southern District to consider the question has found *Hurst* is not retroactive. *Smith v. Pineda,* 2017 WL 631410 (S.D. Ohio Feb. 16, 2017) and *McKnight v. Bobby,* 2017 U.S. Dist. LEXIS 21946 (S.D. Ohio Feb. 15, 2017); *Gapen v. Robinson*, 2017 U.S. Dist. LEXIS 130755 (S.D. Ohio Aug. 15, 2017)(Rice, J.)[3]; *Davis v. Bobby*, 2017 U.S. Dist. LEXIS 157948 (S.D. Ohio Sep. 25, 2017)(Sargus, J.), *Lindsey v. Jenkins*, Case No. 1:03-cv-702 (S.D. Ohio Sep. 25, 2017)(Sargus, J.); *Myers v. Bagley*, Case No. 3:04-cv-174 (S.D. Ohio Sep. 12, 2017)(Marbley, J.)(unreported; available in that case at ECF No. 126), and *Robb v. Ishee,* Case No. 2:02-cv-535 (S.D. Ohio Sep. 12, 2017)(unreported; available in that case at ECF No. 213)(Marbley, J.).

---

[3] Judge Rice does not agree that *Hurst* announces a new rule, but agrees on the issue of retroactivity. Gapen, supra, at *11.

**Conclusion**

Having reconsidered the matter as directed in the Recommittal Order, the Magistrate Judge remains of the opinion that Raglin should be denied permission to add his proposed Grounds for Relief 41, 42, 43, 44, and 45.

December 29, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge