# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Walter Raglin,

       Petitioner,

   v.

Betty Mitchell, Warden

       Respondent.

Case No.: 1:00-cv-767

Judge Michael R. Barrett

## OPINION & ORDER

This capital habeas case is before the Court on the Magistrate Judge's November 13, 2017 Decision and Order Vacating Prior Decision and Denying Motion to Amend. (Doc. 287). Petitioner filed objections to the Decision and Order (Doc. 289), and Respondent filed a Response in Opposition to those objections (Doc. 291). Following an order recommitting the matter, the Magistrate Judge entered his December 29, 2017 Supplemental Opinion on Motion to Amend. (Doc. 292). Petitioner filed objections to the Supplemental Opinion. (Doc. 293), and Respondent filed a Response in Opposition to those objections (Doc. 294).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b) (explaining that a judge of the court may reconsider any pretrial ruling by the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

In his November 13, 2017 Decision and Order (Doc. 287), the Magistrate Judge *sua sponte* corrected a previous order pending on objections. The Magistrate Judge concluded that in light of the Sixth Circuit's decision in *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), the Magistrate Judge's prior Decision and Order allowing Petitioner to file a Third Amended Petition pleading lethal injection invalidity claims (Doc. 275) is clearly mistaken as a matter of law and vacated that Order. The December 29, 2017 Supplemental Opinion on Motion to Amend (Doc. 292) reaches the same conclusion.

The Magistrate Judge's November 13, 2017 Decision and Order and December 29, 2017 Supplemental Opinion address two issues: (1) whether *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins*, 199 L.Ed. 2d 350 (2017) bars lethal injection invalidity claims to be pleaded in habeas corpus cases; and (2) whether Petitioner's claim under *Hurst v. Florida*, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016) is barred by *In re Coley*, 871 F.3d 455 (6th Cir. 2017).

With regard to the first issue, this Court has already adopted the Magistrate Judge's analysis in dismissing similar claims in two other capital habeas cases. *McKnight v. Bobby*, No. 2:09-cv-059, 2018 WL 524872, at *2 (S.D. Ohio Jan. 24, 2018); *Bays v. Warden, Ohio State Penitentiary*, No. 3:08-cv-76, 2017 WL 6731493, *1 (S.D. Ohio Dec. 29, 2017). The Court finds no reason for a different outcome in this case, and concludes there is no error in the Magistrate Judge's ruling.

As to the second issue, the Magistrate Judge explained that the analysis in *Teague v. Lane*, 489 U.S. 288 (1989) governs whether *Hurst* applies retroactively. The Magistrate Judge concluded that *Hurst* does not apply retroactively, and explains that this conclusion is confirmed by *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017). The

Magistrate Judge acknowledges that the main issue in *Coley* was whether another Ohio death row inmate should be permitted to file second-or-successive habeas petition raising a claim under *Hurst* -- an issue which is not present in this case because this is Petitioner's first habeas application. However, the Magistrate Judge notes that in denying the inmates application under 28 U.S.C. § 2244(b)(2)(A), the Sixth Circuit noted that the Supreme Court had not made *Hurst* retroactive to cases on collateral review. *See In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) ("But even if we assume that Hurst announced 'a new rule of constitutional law,' the Supreme Court has not 'made [Hurst] retroactive to cases on collateral review.'") (quoting *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001)). The Magistrate Judge also noted that this conclusion was in keeping with other decisions within this district. *See*, *e.g.*, *Gapen v. Robinson*, No. 3:08-cv-280, 2017 WL 3524688, at *4 (S.D. Ohio Aug. 15, 2017) ("Amendment would also be futile because *Hurst* does not apply retroactively to cases on collateral review."); *Davis v. Bobby*, No. 2:10-CV-107, 2017 WL 4277202, at *4 (S.D. Ohio Sept. 25, 2017) (finding amendment based on *Hurst* would be futile). The Court sees no error in the Magistrate Judge's conclusion that *Hurst* does not apply retroactively to cases on collateral review.

Based on the foregoing, Petitioner's objections to the Magistrate Judge's November 13, 2017 Decision and Order Vacating Prior Decision and Denying Motion to Amend (Doc. 287); and December 29, 2017 Supplemental Opinion on Motion to Amend (Doc. 292) are **OVERRULED**. Accordingly, Petitioner is denied leave to add lethal injection invalidity claims, but that denial is without prejudice to Petitioner pursuing them in *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, where he is a plaintiff.

Based on this Court's decision of September 29, 2013 (Doc. 198), this matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                  JUDGE MICHAEL R. BARRETT