IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

    Petitioner,

    -vs-

BETTY MITCHELL, Warden,

    Respondent.

:    Case No. 1:00-cv-767

:    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

:

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This capital habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 297). The Warden opposes the Motion (ECF No. 209) and Petitioner has filed a Reply in support (ECF No. 299).

As a post-judgment motion, this matter is deemed referred t the Magistrate Judge for report and recommendations under 28 U.S.C. § 636(b)(3).

Petitioner requests that the Court grant him a certificate of appealability "with respect to the denial of his motion to amend to include lethal injection claims." (ECF No. 297, PageID 4155.) The Motion is brought under Fed. R. Civ. P. 59(e). Petitioner asserts that the failure of the Court to address a claim that is properly before it is a permissible basis for seeking relief under Rule 59(e).

The Warden argues that this is not a proper subject for Rule 59(e) treatment, but should instead have been brought under Rule 11(a) of the Rules Governing (Memo in Opp., ECF No.

1

298).  The Warden reminds the Court that it previously dealt with certificate of appealability questions in Judge Barrett's Order and Opinion of September 29, 2013 (ECF No. 198, PageID 2357-67).  However, no judgment was entered on that Order.  Rather, Judge Barrett gave Petitioner two weeks thereafter to file his Second Amended Petition pleading his Thirty-Ninth and Fortieth Grounds for Relief which were Eighth Amendment and Equal Protection Clause claims directed to Ohio's lethal injection protocol.  *Id.* at PageID 2367.  There ensued several years of to-and-fro, in this and other capital habeas cases in this Court, over whether method of execution claims were going to be cognizable in habeas corpus.

On November 13, 2017, the Magistrate Judge denied Petitioner's most recent motion to amend in light of *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 138 S.Ct. 466, 199 L. Ed. 2d 350 (2017)(Decision and Order, ECF No. 287).  Objections to this Decision were overruled by Judge Barrett on March 22, 2018, resulting in the entry of judgment (Order, ECF No. 295, Clerk's Judgment, ECF No. 296).  Neither the Magistrate Judge's Decision nor that of District Judge Barrett discussed whether a certificate of appealability should be issued on the claims sought to be added by amendment.

The first time Raglin expressly sought a certificate of appealability on the lethal injection invalidity grounds was in his "Objections to and Appeal from the Magistrate Judge's December 29, 2017[,] Supplemental Opinion on Motion to Amend" (ECF No. 293, PageID 4142).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice.  *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3.  *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

2

> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

While Petitioner's Motion does not fit neatly within the *Gencorp* standard, it does point out an omission from the final judgment which this Court has authority to remedy. Rule 11 of the Rules Governing § 2254 Proceedings provides:

> **Rule 11. Certificate of Appealability; Time to Appeal**
>
> **(a) Certificate of Appealability**. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Although the Court granted a certificate of appealability in 2013 as to the grounds for relief then before the Court, it has not explicitly ruled on the appealability of the lethal injection grounds for relief. The better practice would be to amend the judgment to deal expressly with that issue. The Court could treat the request as implicitly denied by its March 22, 2018, Order, but that would

3

leave determination of appealability of this issue for the Sixth Circuit in the first instance. Although the AEDPA places this decision in the hands of the appellate courts, the Sixth Circuit has held district courts are to be the initial decisionmakers on certificates of appealability. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Rule 11 codifies that choice of initial decisionmaker.

Petitioner's Rule 59(e) Motion was filed within the required time after the first order in the case that was actually appealable to the circuit court. No notice of appeal has been filed and this Court therefore retains jurisdiction to decide the Motion. The Warden notes that Rule 11 provides that a motion for reconsideration of denial of a certificate of appealability decision does not extend the time for appeal. But Rule 11(b) expressly incorporates Fed. R. App. P. 4(a) which provides that the time for appeal does not begin to run until after decision on a motion to alter or amend under Rule 59. Fed. R. App. P. 4(a)(4)(A)(iv).

On the merits of the request for a certificate of appealability Petitioner relies on the grant of a certificate in another capital habeas corpus case, *Bays v. Warden*, 2017 WL 6731493 (S.D. Ohio, Dec. 29, 2017), adopting 2017 WL 6035231 (S.D. Ohio Dec. 6, 2017).[1] At issue in *Bays* were four Grounds for Relief attacking Ohio's lethal injection protocol as violating, respectively the Eighth Amendment (Ground 16), the Privileges or Immunities Clause of the Fourteenth Amendment (Ground 17), the Equal Protection Clause of the Fourteenth Amendment (Ground 18), various federal laws dealing with controlled substances (Ground 19). In the adopted report, the undersigned recommended granting a certificate of appealability on Grounds 16, 17, 18, and 19 "because of the changes of course by the Sixth Circuit on the cognizability of lethal injection claims in habeas corpus." 2017 WL 6035231 at *10. In *Bays*, the undersigned had found

---

[1] The Court notes that an appeal from this decision was filed in the Sixth Circuit on January 29, 2018, Case No. 18-3101, and that it appears from the docket in that case that briefing was completed on April 16, 2018.

*Campbell, supra,* displaced the *Adams v. Bradshaw* line of cases[2] in which the Sixth Circuit had permitted litigating method-of-execution claims in habeas corpus as well as under 42 U.S.C. § 1983. Petitioner in *Bays* had offered cogent, albeit unpersuasive, reasons why *Campbell* did not displace *Adams v. Bradshaw*. Moreover, Judge Karen Nelson Moore has dissented in *Campbell*, showing that a reasonable jurist not only could but had disagreed with this Court's conclusion.[3]

The Warden does not argue the merits of Raglin's request. The Magistrate Judge concludes as a simple matter of *stare decisis* that, following *Bays*, the request should be granted. Therefore it is respectfully recommended that the certificate of appealability previously granted in this case be expanded to allow appeal on the question of whether Raglin's lethal injection invalidity claims are cognizable in habeas corpus.[4]

May 24, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub. nom. Adams v. Jenkins*, 137 S.Ct. 814, 106 L. Ed. 2d 602 (2017).

[3] Campbell was before the circuit court on capital habeas his motion to remand his case to this Court which had transferred his second-in-time petition as second-or-successive.

[4] The relevant grounds are quoted at ECF No. 275, PageID 3982-86.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).