IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

    Petitioner,

Case No. 1:00-cv-767

  -vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

    Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This capital habeas corpus case is before the Court on the Warden's Objections (ECF No. 302) to the Magistrate Judge's Report and Recommendations (ECF No. 301) recommending that the Court grant Petitioner's Motion to Amend the Judgment by expanding the certificate of appealability (ECF No. 297). District Judge Barrett has recommitted the matter for reconsideration in light of the Objections (ECF No. 303), and Petitioner has responded to the Objections (ECF No. 4).

Most of Petitioner's claims in this case were dealt with on the merits in Judge Barrett's Opinion and order of September 29, 2013 (ECF No. 198), which also dealt with the certificate of appealability question for the then-pending claims. However, final resolution of the case was delayed by the controversy, involving this and other capital habeas cases, of whether lethal injection invalidity claims could be heard in habeas as well as in the 42 U.S.C. § 1983 case challenging methods of execution, *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016,

1

in which Raglin is a plaintiff. Once that controversy was settled by *In re Campbell*, 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 138 S.Ct. 466, 199 L.Ed.2d 350 (2017), this Court denied leave to amend to add lethal injection invalidity claims (R&R, ECF No. 287; adopted ECF No. 295).

Neither the Magistrate Judge's Report and Recommendations nor the adoption Order discussed whether a certificate of appealability should be granted on the exclusion of lethal injection invalidity grounds. Petitioner moved to expand the certificate to include that question. Because judgment had already been entered, Petitioner had to use a procedural vehicle that could result in an amendment of the judgment and chose Fed. R. Civ. P. 59(e).

The Magistrate Judge found Rule 59(e) was an appropriate procedural vehicle and the question on which a certificate was sought was debatable among jurists of reason, given Judge Moore's dissent in *Campbell* and the contrary opinions of other Sixth Circuit judges in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), *cert. denied sub. nom. Adams v. Jenkins,* 137 S.Ct. 814, 196 L.Ed.2d 60 (Jan. 17, 2017). The undersigned had recommended a certificate of appealability on the same question in *Bays v. Warden*, 2017 WL 6035231 (S.D. Ohio Dec. 6, 2017), adopted 2017 WL 6731493 (S.D. Ohio Dec. 29, 2017), and noted that *stare decisis* was also an appropriate basis for certifying the question in this case (ECF No. 301, PageID 4178).

The Warden does not argue the merits of the appealability question either in her original Memorandum in Opposition (ECF No. 209) or her Objections (ECF No. 302). Thus there is no dispute between the parties about whether the cognizability of lethal injection claims in habeas corpus is debatable among jurists of reason. Instead, the Warden objects only to the method of getting that question before the circuit court.

The Warden cites no authority in point for the proposition that a Rule 59(e) motion cannot be used to correct an omission in a judgment on an appealability question. Her citations from other contexts make little procedural sense in this context.

When Congress enacted the AEDPA, it imposed the certificate of appealability requirement on unsuccessful habeas applicants and made its issuance the work of the circuit courts. See 28 U.S.C. § 2253(c)(1): "Unless a circuit justice or judge issues a certificate of appealability . . . ." The circuit courts of appeals, however, made quick work of what would appear to be the plain language of that statute by declaring that the certificate of appealability decision would be made in the first instance by the district courts. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), decided within a year of AEDPA's adoption.

It is true, as Respondent notes (ECF No. 302, PageID 4183), that a district court decision to grant or deny a certificate of appealability is not itself appealable. *Sims v. United States*, 244 F.3d 509 (6th Cir. 2001). Because of that, a habeas appellant can move to grant or expand a certificate of appealability in circuit court itself. *Id.* But the *Sims* court did not hold that that was the only available remedy. After *Sims*, the Supreme Court codified the preference for initial district court decision of the appealability question by amending Habeas Rule 11 to provide district courts "must" decide the appealability question at the time of a final adverse order. This Court did not do that in the final order in this case. Nothing prevents us from correcting that omission by granting the Motion to Amend.

**Conclusion**

Accordingly, the Magistrate Judge adheres to his prior recommendation that the certificate of

appealability in this case be expanded to include the question whether this Court was correct in denying Petitioner leave to amend to add lethal injection invalidity claims.

June 21, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).