# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Walter Raglin,

    Petitioner,

v.

Betty Mitchell, Warden,

    Respondent.

Case No.: 1:00-cv-767

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's May 24, 2018 Report and Recommendation ("R&R") on Petitioner's Motion to Alter or Amend the Judgment. (Doc. 85). Respondent filed Objections. (Doc. 302). Upon recommittal, the Magistrate Judge entered a Supplemental R&R on June 21, 2018. (Doc. 305).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this capital habeas corpus action pursuant to 28 U.S.C. § 2254. In this Court's Order and Opinion dated September 29, 2013, this Court dismissed all of

Petitioner's grounds for relief, but permitted Petitioner fourteen days to file his Second Amended Petition for the purpose of setting forth grounds for relief based on Ohio's lethal injection protocol. (Doc. 198). The Court issued a certificate of appealability on certain grounds.

Thereafter, a there were a number of rulings as the result of Ohio's changes to its lethal injection protocol and shifts in the law governing the issue of whether a method-of-execution claims could be pursued through 42 U.S.C. §1983 litigation.

On March 22, 2018, this Court issued an opinion, order and final judgment. The Court overruled Petitioner's objections to the decisions of the Magistrate Judge denying Petitioner's Motions for Leave to Amend his petition to include challenges to Ohio's procedures for conducting executions by lethal injection. (Doc. 295). The Court did not address whether a certificate of appealabilty should issue. Therefore, this Court granted a certificate of appealability in 2013 as to the grounds for relief then before the Court, but it has not ruled on the appealability of the denial of leave to amend the lethal injection grounds for relief.

Petitioner moves to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Petitioner maintains that the Court erred in not granting a certificate of appealability on the denial of leave to amend. Respondent only argues that this is not a proper subject for Rule 59(e); but takes no position on whether the certificate of appealability should be expanded to include the denial of leave to amend the lethal injection grounds for relief.

In his May 24, 2018 R&R, the Magistrate Judge recommends "that the certificate of appealability previously granted in this case be expanded to allow appeal on the

question of whether Raglin's lethal injection invalidity claims are cognizable in habeas corpus." (Doc. 301). In the Magistrate Judge's Supplemental R&R, the Magistrate Judge adhered to his prior recommendation that the certificate of appealability in this case be expanded to include the question whether this Court was correct in denying Petitioner leave to amend to add lethal injection invalidity claims. The Magistrate Judge also concluded that Rule 59(e) is the proper procedure for bringing the issue before the Court. The Court finds no error in this conclusion. As the Sixth Circuit has explained: "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir.1988)).

Based on the foregoing, the Magistrate Judge's May 24, 2018 R&R (Doc. 301) and June 21, 2018 Supplemental R&R (Doc. 305) are **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion to Alter or Amend the Judgment (Doc. 297) is **GRANTED**;

2. The certificate of appealability previously granted in this case is expanded to allow appeal on the question of whether Petitioner's lethal injection invalidity claims are cognizable in habeas corpus; and

3. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT