# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

           Petitioner,

      -vs-

BETTY MITCHELL, Warden,

           Respondent.

:

:

:

:

Case No. 1:00-cv-767

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

---

# REPORT AND RECOMMENDATIONS ON PETITIONER'S SECOND MOTION TO ALTER OR AMEND THE JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT

---

The Court entered final judgment in this case on March 22, 2018, (Decision and Order, ECF No. 295; Clerk's Judgment ECF No. 296) and modified that judgment on March 22, 2019, when District Judge Michael R. Barrett expanded the Certificate of Appealability to include the issue of whether the Court erred in concluding that his method-of-execution claims are not cognizable in habeas corpus (Order, ECF No. 308).

On April 16, 2019, Raglin filed his Second Motion to Alter or Amend Judgment under Fed.R.Civ.P. 59(e) ("59(e) Motion," ECF No. 309). On April 19, 2019, Raglin filed a Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) ("60(b) Motion," ECF No. 310) and a Notice of Appeal of the final judgment as modified (ECF No. 311, citing ECF Nos. 295-96, 308). The Warden has filed a memorandum in opposition to both the 59(e) and 60(b) Motions (ECF No. 316), to which Raglin has filed a Reply (ECF No. 319).

Because these are post-judgment motions, they are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a recommendation rather than a decision in the first instance.

# Analysis

### 1. This Court has jurisdiction

In her memorandum *contra*, the Warden argues "that the district court has jurisdiction to consider a Rule 60(b) motion when a notice of appeal has not been timely filed. However, the district court cannot issue a final ruling on the motion until after the appeal has been dismissed for lack of jurisdiction." (ECF No. 316, PageID 4247, citing Fed.R.Civ.P. 62.1(a); *United States v. Garcia-Robles*, 562 F.3d 763 (6th Cir. 2009); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). While the Warden has filed a Motion to Dismiss the Appeal (Case No. 19-3361, ECF No. 7), she argues that this Court cannot consider either the 59(e) or 60(b) Motion until and unless the United States Court of Appeals for the Sixth Circuit grants her Motion (Memo. in Opp., ECF No. 316, PageID 4247-48), which is still pending.

The Warden's argument ignores the plain language of Appellate Rule 4(a)(4)(A) and *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, in which the Sixth Circuit held a timely motion contemplated under that Rule "render[s] a notice of appeal effective only after the district court enters an order disposing of such motion. 782 F.3d 712, 716 (6th Cir. 2015) (internal quotation marks omitted), citing *Kusens v. Pascal Co.*, 448 F.3d 349, 360 (6th Cir. 2006); Fed.R.App.P. 4(a)(4)(A). In effect, "the notice of appeal becomes temporarily ineffective." *Id*. at 717-18 (internal quotation marks omitted), quoting 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3950.4 (4th ed. 2014).

Motions under Civil Rules 59 and 60 are among those that tolls the time for filing a notice of appeal, Fed.R.App.P. 4(a)(4)(A)(iv-vi), and:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed.R.App.P. 4(a)(4)(B)(i). As there is no dispute that Raglin's 59(e) and 60(b) Motions were timely filed within twenty-eight days of the modified judgment's being entered, jurisdiction currently rests with this Court, rather than the Sixth Circuit. Thus, the Court may properly adjudicate the merits of the 59(e) and 60(b) Motions.

## 2. *Bucklew* is not grounds for Rule 59(e) Relief

Raglin notes that he had "previously requested leave to file an amended petition raising newly ripe lethal injection claims[,]" which this Court did not grant because it read (correctly) the Sixth Circuit case of *In re Campbell* as precluding method-of-execution claims in habeas corpus and requiring such claims to be brought under 42 U.S.C. § 1983 (59(e) Motion, ECF No. 309, PageID 4208, citing *In re Campbell*, 874 F.3d 454, 462 (6th Cir. 2017); *Raglin v. Mitchell*, No. 1:00-cv-767, 2017 WL 6629102 (S.D. Ohio Dec. 29, 2017) (Merz, Mag. J.). In so holding, *Campbell* differed from *Adams v. Bradshaw (Adams I),* 644 F.3d 481, 483 (6th Cir. 2011), and *Adams v. Bradshaw (Adams III)*, 826 F.3d 306, 321 (6th Cir. 2016), which had not barred method-of-execution claims from being raised in habeas. *Id*. at PageID 4208-09.[1] Raglin cites the Supreme

---

[1] *See also In re Smith*, No. 17-4090, 2018 U.S. Dist. LEXIS 8083, at *5 (6th Cir. Mar. 29, 2018) (citing *In re Campbell*, 876 F.3d at 464; *Adams III*, 826 F.3d at 320; *Williams v. Anderson*, 460 F.3d 789, 811 (6th Cir. 2006) (Discussion of the conclusion of the *In re Campbell* panel that, because the *Adams III* panel first found Adams's claims precluded for failure to present in earlier state and federal proceedings before proceeding to discuss the merits of the petitioner's claims, the *Adams III* discussion of potential cognizability was merely dicta, and thus, "the rule that prevents

Court's recent decision in *Bucklew v. Precythe*, in which that Court stated that "existing state law might be relevant to determining the proper procedural vehicle for the inmate's claim." 139 S.Ct. 1112, 1128 (2019). For example, the *Bucklew* Court noted, "if the relief sought in a 42 U.S.C. § 1983 action would 'foreclose the State from implementing the [inmate's] sentence under present law,'" then "'recharacterizing a complaint as an action for habeas corpus might be proper[.]'" *Id.* (brackets in original), quoting *Hill v. McDonough*, 547 U.S. 573, 582, 583 (2006). Raglin argues that, through this language, *Bucklew* abrogated *Campbell*, essentially returning Sixth Circuit law to its pre-*Campbell* status. That intervening change in law, he claims, is sufficient cause to grant the motion. (59(e) Motion, ECF No. 309, PageID 4210-11, citing *Campbell*, 874 F.3d at 463-64; *Adams III*, 826 F.3d at 321; *Adams I*, 644 F.3d at 483; *Leisure Caviar v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).

*Bucklew* did not mention *Campbell* or any other case in which a sister circuit may have held that method of execution claims were not cognizable in habeas, as that issue was not considered or ruled on by the Court; after all, "Bucklew filed this action under 42 U.S.C. § 1983[.]" *Bucklew v. Precythe*, 883 F.3d 1087, 1089 (8th Cir. 2018). Further, the portion of *Bucklew* quoted by Raglin is the only reference to habeas law in the entire opinion. The language used— "recharacterizing . . . as an action for habeas corpus *might* be proper" and "existing state law *might* be relevant[,]" *Bucklew*, 139 S.Ct. at 1128 (internal quotation marks and citation and omitted, emphasis added)—is conditional and hypothetical. This Court cannot reasonably infer, from such language and context, that the *Bucklew* Court intended to resurrect an avenue of relief for death row inmates, as Raglin claims.

Moreover, Raglin's reading of *Bucklew* is at odds with the holding and other language in

---

holdings . . . against invasion by later panels" of Sixth Circuit judges did not invalidate the holding in *In re Campbell*.)

the opinion, in which the majority repeatedly expressed frustration at repeated challenges and

delays to death sentences.  *See, e.g.*, 139 S.Ct. at 1134 (internal quotation marks and citation

omitted) ("[T]he long delays that now typically occur between the time an offender is sentenced

to death and his execution are excessive. . . . Courts should police carefully against attempts to use

such challenges as tools to interpose unjustified delay."); see also *Connors v. Sellers*, 136 S.Ct.

2440, 2441 (Mem.) (2016) (Breyer, J., dissenting from denial of certiorari) (Collecting cases in

which Justice Breyer has noted the decades-long waits between death sentence and execution for

many inmates).  Moreover, as the Warden points out, *Bucklew* did not address, much less abrogate,

the Supreme Court's holdings in *Hill* and *Glossip v. Gross* that method-of-execution claims must

be brought under 42 U.S.C. § 1983 unless the claim is tantamount to an attack on the validity of

the death sentence itself (Memo. in Opp., ECF No. 316, PageID 4248, citing *Glossip*, 135 S.Ct.

2726, 2738 (2015); *Hill*, 547 U.S. at 579-80).  As both *Glossip* and *Hill* predated the decision in

*Campbell*, they were and remain binding authority upon the Sixth Circuit and this Court, and

*Bucklew*'s passing reference to *Hill* may not reasonably be read as the "intervening change in the

controlling law" required for relief under Civil Rule 59(e).

　　　　Yet, even if *Bucklew* had abrogated *Campbell* in the limited circumstances described *supra*,

Raglin still would not be able to raise his method-of-execution claims in habeas.  Raglin argues in

his Reply that:

> The question for habeas corpus consideration is whether Raglin can
> demonstrate that Ohio is incapable of carrying out his execution
> under the present law.  If so, then his sentence is an illegal sentence,
> because it is impossible to carry out.  The present law permits
> execution in Ohio only via lethal injection.

(ECF No. 319, PageID 4285, citing Ohio Rev. Code § 2949.22).  Raglin and the Warden appear

to agree that the language of Ohio's death penalty statute, Ohio Rev. Code § 2949.22, controls as

to the cognizability of his claims in habeas (Memo. in Opp., ECF No. 316, PageID 4248-49, quoting Ohio Rev. Code § 2949.22(C)). "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000), quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989). In light of this fundamental canon, Raglin's argument is unavailing for two reasons. *First*, while Raglin is correct that lethal injection is the only statutorily permissible method of execution, Ohio Rev. Code § 2949.22(A), the statute does not specify a particular means of lethal injection that must be used. Thus, it does not follow that if the current protocol were found to be unconstitutional, it would render *any* lethal injection unconstitutional or illegal under the statute. *Second*, Raglin does not argue that his death warrant specifies that he may only be executed by lethal injection; nor does he claim that he has any medical or other restriction that would render it impossible for him to be executed by a method other than lethal injection (e.g., nitrogen hypoxia, firing squad). Thus, Raglin does not have a colorable argument that the "backstop" provision of Ohio Revised Code § 2949.22(C) would not apply to him, and contrary to his claim above, his death sentence is not an "illegal sentence"—a conclusory claim with which he does not support by statute or caselaw.

Finally, Raglin relies upon *Adams III* for the proposition that lethal injection claims were cognizable in habeas in the Sixth Circuit, even after *Glossip* "arguably called the issue into question[.]" (59(e) Motion, ECF No. 309, PageID 4210, citing *Glossip*, 135 S.Ct. 2726; *Adams III*, 826 F.3d at 321; *Adams I*, 644 F.3d at 483). In his Motion for Leave to Amend, Raglin concedes that his:

> [P]etition is not so broad as to be construed as raising a *per se* "lethal injection is always unconstitutional" claim. Raglin's habeas claims are not *per se* challenges because the claims depend on later-arising facts related to Raglin's health conditions, facts relevant to Ohio's particular execution protocols, and facts

6

regarding Ohio's (non)adherence to the law in carrying out those protocols. Raglin has not pled his claims with "factual particularity directed" solely to Ohio's current execution protocol. . . .

Raglin is not asserting "a challenge to *any possible execution* by lethal injection" of anyone, anywhere. Raglin is not claiming that lethal injection as an execution method is always (*per se*) unconstitutional regardless of the inmate or State involved and thus *any* death sentence using *l*ethal injection is unconstitutional. Instead, Raglin is alleging *his* death sentence is invalid because the State of Ohio, by operation of its own state law, can *only* use lethal injection to carry out Raglin's sentence, but Ohio cannot constitutionally carry out a lethal injection execution *on Raglin* due to his unique, individual characteristics and Ohio's inability to adopt or implement any constitutionally sufficient execution protocol.

(ECF No. 272, PageID 3678, 3679 (emphasis in original), citing *United States v. Taley*, 431 F.3d 784, 786 (11th Cir. 2005), abrogated on other grounds by *Rita v. United States*, 551 U.S. 338 (2007); *Landrum v. Robinson*, No. 2:12-cv-859, Supp. R&R and Transfer Order, ECF No. 24, PageID 289 (S.D. Ohio Oct. 28, 2015) (Merz, Mag. J.), adopted at ECF No. 37 (S.D. Ohio Feb. 16, 2016) (Rose, J.)). While the Sixth Circuit held that Adams "can bring this [method-of-execution] claim in a § 2254 proceeding[,]" its holding was quite narrow:

[T]o the extent that Adams *challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol*, his claim is cognizable in habeas. However, as the Supreme Court observed in *Glossip*, *a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure* is properly brought in a § 1983 action.

*Id*. (emphasis added), citing *Glossip*, 135 S.Ct. at 2738; *Adams I*, 644 F.3d at 483. Based on Raglin's own Motion, his claim is not so broad as to be cognizable in habeas under *Adams III*.

Yet, in spite of the legal deficiencies identified above, Raglin is asking the Court, in essence, to vacate its prior judgment and invalidate a duly enacted Ohio statute, at least as it applies to him. Even if *Bucklew* was generally "an intervening change in controlling law," *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), there is no indication that that the change in law would apply to him. Accordingly, his 59(e) Motion is not well-taken, and should be denied.

### 3. Raglin has not demonstrated cause for relief under Rule 60(b)

While the 59(e) Motion was pending, Raglin filed the 60(b) Motion "out of an abundance of caution and in order to ensure that Raglin has preserved all available remedies[.]" (60(b) Motion, ECF No. 310, PageID 4216). To that extent, the 60(b) Motion is proper. However, he does not argue that the gravamen of the 60(b) Motion meaningfully differs from that of the 59(e) Motion. Nor could he reasonably do so. Consequently, to the extent the motion is based on *Bucklew's* purportedly abrogating *Campbell*, and thus making his method-of-execution claims viable in habeas, it should be denied for the same reasons that the Court should deny the 59(e) Motion. Further, Raglin concedes that the "extraordinary circumstances" required for relief under Rule 60(b)(6) "'will rarely occur in the habeas context,'" *id*. at PageID 4220, quoting *Buck v. Davis*, 137 S.Ct. 759, 772 (2017), and he has offered no other argument, aside from those set forth in the 59(e) Motion, as to why such circumstances exist. Similarly, Raglin has not "show[n] '*a significant change* either in factual conditions or *in law*[,]" *id*. at PageID 4221 (emphasis in original), quoting *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 847 (6th Cir. 2017), as applied to him. Thus, contrary to his argument, *id*., relief from judgment is not available to him under Civil Rule 60(b)(5), either, and his 60(b) Motion should be denied as well.[2]

---

[2] Raglin's ancillary argument that the Rule 60(b) Motion is not tantamount to a second-or-successive habeas petition (60(b) Motion, ECF No. 310, PageID 4219 n.2 (citations omitted), is immaterial in light of the failure of the motion on the merits. Because the motion fails on its merits, the Court need not address Raglin's argument that offensive non-mutual collateral estoppel may be applied against the Warden as to her argument regarding the impropriety of relief under Rule 60(b)(5) (Reply, ECF No. 319, PageID 4286-89 (citations omitted)). Nonetheless, the Court is dubious that such estoppel can be applied against the Warden, as other courts have repeatedly held that such estoppel may not be applied against a government, *United States v. Mendoza*, 464 U.S. 154, 159-60 (1984); *Sun Towers v. Heckler*, 725 F.2d 315, 323 (5th Cir. 1984); *Keenan v. Bagley*, No. 1:01-cv-2139, ECF No. 234, PageID 1834 (N.D. Ohio Sep. 21, 2010), and Raglin has failed to cite a case in which a court actually *has* applied the doctrine against a governmental entity.

**CONCLUSION**


Walter Raglin remains an active Plaintiff in In re Ohio Execution Protocol Litig., Case No. 2:11-cv-1016, a consolidated case under which the constitutionality of Ohio's past, current, and future lethal injection methods of execution are being aggressively litigated.  For this and the foregoing reasons, Raglin's Second Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 309) and Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 310) should be DENIED.


June 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  .  A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).