# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

:

    Petitioner,                                        Case No. 1:00-cv-767

:       District Judge Michael R. Barrett
  -vs-                                     Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

:

    Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY

This capital habeas corpus case is before the Court on Petitioner's Motion to Hold Proceedings in Abeyance which Petitioner advises the Warden opposes (ECF No. 323).

Petitioner asks that these proceedings be held in abeyance pending a decision by the Sixth Circuit Court of Appeals in *In re Kenneth Smith*, Case No. 17-4090, another capital habeas corpus case on appeal from this Court. In a July 25, 2019, Order, the circuit court vacated its March 29, 2018, Order in Smith's case and granted reconsideration of Smith's request to add four lethal injection invalidity claims to his petition in this Court. This Court had held Smith's motion to amend was effectively a second-or-successive habeas application and transferred the case to the Sixth Circuit for a determination whether Smith could proceed. In the order now vacated, the circuit court concluded Smith's proposed lethal injection invalidity claims could not be brought in a habeas corpus action by virtue of *In re Campbell*, 874 F.3d 454 (6th Cir.), c*ert denied,* 138 S. Ct. 466 (2017).

1

Smith asserts *Campbell* has been abrogated by *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019), and the circuit court has ordered briefing on that issue (ECF No. 323-1, PageID 4318.) Raglin seeks a stay of these proceedings pending a decision by the Sixth Circuit on reconsideration in *Smith*.

The Magistrate Judge has already recommended rejection of Petitioner's reading of *Bucklew* as abrogating *Campbell* (Report and Recommendations, ECF No. 320). Petitioner has sought and obtained an extension of time to August 2, 2019, to object to that Report (ECF Nos. 321, 322). There are no other pending proceedings in this case. To the extent other proceedings besides review of that Report are impending, Petitioner has given no notice of what they might be or justification for staying them.

On September 29, 2013, Judge Barrett adopted recommendations for dismissal of the thirty-eight claims made in Petitioner First Amended Petition, issued a certificate of appealability, and allowed the filing of a Second Amended Petition to plead two lethal injection invalidity claims (ECF No. 198). Because of sparring over whether lethal injection invalidity claims can be brought in habeas as well as under 42 U.S.C. § 1983, no judgment was entered until four and one-half years later, March 22, 2018 (ECF Nos. 295, 296). However, because of serial motions to amend the judgment under Fed.R.Civ.P. 59(e), the March 2018 judgment has still not become final and appealable.

Granting Petitioner's Motion to Hold In Abeyance would yet again delay finality. Conversely, if Petitioner must file his objections by August 2, 2019, this Court will have an opportunity to assess his argument that *Bucklew* abrogates *Campbell*. Should the Court decide that it does not, Petitioner will have his argument before the Sixth Circuit at the same time as Kenneth Smith and the circuit court can coordinate the decisions as they see fit.

2

The Motion to Stay and Hold in Abeyance is DENIED.

July 27, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge