# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WALTER RAGLIN,

       Petitioner,

-vs-

BETTY MITCHELL, Warden,

       Respondent.

:

:

:

Case No. 1:00-cv-767

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON RULE 59(E) AND 60 MOTIONS

---

This case is before the Court on Petitioner's Objections (Doc. No. 325) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 320) recommending denial of Petitioner's Motions to Amend the Judgment (ECF No. 309) and for Relief from Judgment (ECF No. 310). District Judge Barrett has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, ECF No. 326).

Raglin seeks to reopen or amend the March 22, 2018, judgment in this case so that he can again move to amend his Petition to add allegedly newly ripe lethal injection invalidity claims. His previous motion to that effect (ECF No. 289) was denied on the basis of *In re Campbell*, 874 F.3d 454 (6th Cir. 2017) (ECF No. 292, reported at *Raglin v. Mitchell*, 2017 WL 6629102 (S.D. Ohio Dec. 29, 2017).

1

Raglin claims that *Campbell* has been "abrogated" by *Bucklew v. Precythe,* 139 S.Ct. 1112 (2019). The Report rejected that argument:

> *Bucklew* did not mention *Campbell* or any other case in which a sister circuit may have held that method of execution claims were not cognizable in habeas, as that issue was not considered or ruled on by the Court; after all, "Bucklew filed this action under 42 U.S.C. § 1983[.]" *Bucklew v. Precythe,* 883 F.3d 1087, 1089 (8th Cir. 2018). Further, the portion of *Bucklew* quoted by Raglin is the only reference to habeas law in the entire opinion. The language used— "recharacterizing . . . as an action for habeas corpus might be proper" and "existing state law might be relevant[,]" *Bucklew*, 139 S.Ct. at 1128 (internal quotation marks and citation and omitted, emphasis added)—is conditional and hypothetical.

(ECF No. 320 at PageID 4299.)

Raglin objects that the Supreme Court's silence on this point does not mean that it did not abrogate *Campbell* because in *Campbell* itself the Sixth Circuit held that its prior precedent (*Adams v. Bradshaw* (*Adams I*), 644 F.3d 481, 483 (6th Cir. 2011), and *Adams v. Bradshaw* (*Adams III*), 826 F.3d 306, 321 (6th Cir. 2016)) was abrogated by *Glossip*. However, the *Campbell* court never uses either the word "abrogate" or the word "overrule." Instead, it says "*Glossip* held that a *Baze* challenger [an inmate challenging a method of execution under 42 U.S.C. § 1983] has no claim unless he can identify a constitutional means by which he can be executed. Notice that this closes the final path into habeas court left open by *Hill [v. McDonough*, 547 U.S. 573 (2006)] and *Adams II*." 874 F.3d at 462. The *Campbell* Court noted that *Adams III* was decided after *Glossip*, but, having found Adams's claim procedurally defaulted, still thought a proper method of execution claim could be brought in habeas. The *Campbell* court reacted:

> Notwithstanding the procedural default, the panel proceeded to speculate in dicta about the viability of a psychological-torment claim. *Adams III*, 826 F.3d at 320. It ultimately found the claim unsupported by the substantive law. Even then, the panel proceeded to discuss—again in dicta—the holding of *Adams II* in light of *Glossip. Id.* at 321. It reiterated that "Adams's case is distinguishable

2

> from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and that his claim 'could render his death sentence effectively invalid.'" *Id.* at 321 (quoting *Hill*, 547 U.S. at 580). Therefore, "to the extent that [a petitioner] challenges the constitutionality of lethal injection in general and not a lethal-injection protocol, his claim is cognizable in habeas." *Id.*
>
> We think this dictum mischaracterizes both *Adams II* and *Glossip*. And, of course, dictum in a prior decision—as opposed to a *holding*—does not bind future panels, including this one. 6th Cir. R. 32.1(b); *United States v. Turner*, 602 F.3d 778, 785-86 (6th Cir. 2010) (explaining that statements which are "not necessary to the outcome" are not binding on later panels). The *Adams III* panel had already concluded that the petitioner's claim was both procedurally defaulted *and* forfeited. *Adams III*, 826 F.3d at 320. And although we may choose to excuse forfeiture in an exceptional case, we cannot ignore procedural default absent an express finding of cause and prejudice. *Wainwright* [*v. Sykes*], 433 U.S. [72,] 86-87 [(1977)]. Thus, the statements "necessary" to the decision in *Adams III* ended when the panel acknowledged the default and forfeiture without any indication that an exception was present. *Adams III*, 826 F.3d at 320.

874 F. 3d at 463-64. Before *Adams III* but after *Glossip*, this Court followed *Adams I* and allowed lethal injection invalidity claims in habeas even from those inmates simultaneously pursuing *Baze* claims in § 1983. But then we treated *Glossip* as "upending" that practice. *Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015)(Frost, D.J.). Then came *Adams III* and, at the urging of Petitioner's counsels' firm,[1] we reverted to our practice of allowing those claims in habeas. Then came *Campbell*.

In *Glossip*, the Supreme Court stated that "*Hill* 'held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence.'" 135 S.Ct. at 2738. In *Henderson* the petitioner had characterized that sentence from *Glossip* as "mere dictum." Judge Frost disagreed because the sentence was a portion of *Glossip* necessary to the result and therefore binding. 136 F. Supp. 3d at 851, citing

---

[1] The Capital Habeas Unit of the Federal Defender Office for the Southern District of Ohio.

3

*Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996). Moreover, even if the sentence were dictum,

> [I]t carries with it an important part of the majority's rationale for the result the majority reaches and is thus entitled to greater weight than a stray aside tagged onto a decision. *See Seminole Tribe of Florida*, 517 U.S. at 67 (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 490, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986)). The unavoidable fact is that a majority of the Supreme Court has now stated in unmistakable language that "[w]e held [in *Hill]* that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. Justice Kennedy, the author of *Hill*, in fact joined the majority in *Glossip* without writing separately to dispute that characterization of the former case. In light of these circumstances, it is not for this Court or any other lower court to say *Hill* means otherwise than what *Glossip* said it means. Regardless of how this Court or other courts read *Hill* in the past, it is the obligation of the lower courts to comply with the teachings of a Supreme Court majority.

*Id.*

Thus, even though the **holding** in *Glossip* did not compel this Court, the logic/rationale as embodied in the Supreme Court's interpretation of *Hill* was compelling, as the Sixth Circuit eventually held in *Campbell*.

As the Report points out, there is nothing in the *Bucklew* opinion which is even as remotely in point as the *Hill* language interpreted in *Glossip*. More to the point, the Sixth Circuit has not found that *Bucklew* abrogates *Campbell*. Thus, while the Magistrate Judge agrees it is possible for a Supreme Court decision to effectively negate a lower court precedent, nothing said in *Bucklew* supports that inference.

Justice Gorsuch's language in *Bucklew* relied on by Raglin is as follows:

> [E]xisting state law might be relevant to determining the proper procedural vehicle for the inmate's claim. See *Hill v. McDonough*, 547 U.S. 573, 582-583, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) (if the relief sought in a 42 U.S.C. §1983 action would "foreclose the

4

> State from implementing the [inmate's] sentence under present law," then "recharacterizing a complaint as an action for habeas corpus might be proper").

*Bucklew*, 139 S.Ct. at 1128. Nothing in this language, itself a quotation from *Hill*, suggests that the Court was re-thinking its interpretation of *Hill* in *Glossip*. And "recharacterizing" a complaint filed in a § 1983 case as a habeas petition, is very far from authorizing a lethal injection invalidity claim to be pleaded both in § 1983 and habeas corpus simultaneously.

Raglin objects to the Magistrate Judge's citation to the *Bucklew* majority's expression of frustration at long delays in finality in capital cases, characterizing it as dictum (Objections, ECF No. 325, PageID 4325). Raglin cites Justice Sotomayor's dissent referring to this portion of the majority opinion (Part IV) as "troubling dicta" and then proceeds for five pages to discuss how the delay which would be occasioned by reopening the judgment here would be completely different from the delay criticized in Part IV.

The Magistrate Judge agrees that Part IV of the majority opinion in *Bucklew* is dicta. Therefore the extent to which it should control this Court's decisions in this and other capital cases is debatable, as is always the case for applying appellate decisions in subsequent trial court cases. This section of the Objections concludes, "Raglin objects to the Magistrate Judge's determination that the avoidance of delay is an appropriate justification for denying his motions." (ECF No. 325, PageID 4331.) But avoidance of unnecessary delay is always a proper consideration in deciding a motion to amend under Fed.R.Civ.P. 15. *Foman v. Davis*, 371 U.S. 178, 182 (1962)(stating that in the absence of any undue delay, the leave sought should be freely given); see also *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)(death penalty case identifying undue delay as factor to be considered in determining whether amendment should be granted), quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). The Report concluded that even if *Bucklew* had abrogated

*Campbell*, "Raglin still would not be able to raise his method-of-execution claims in habeas."

(ECF No. 320, PageID 4300.) Raglin objects:

> Raglin has argued, however, at least for the purposes of his habeas corpus proceedings, "[t]he State of Ohio is not capable of using lethal injection to execute Raglin without violating federal law and committing federal constitutional violations of Raglin's rights," and "Ohio will never be able to adopt a lethal-injection protocol that will operate on him in a legal or constitutional manner." (Proposed Amended Petition, ECF No. 272-1, PageID 3728.) That is, Raglin's claims recognize that Ohio might change its lethal injection protocol, but he alleges Ohio cannot lawfully (including constitutionally) carry out a lethal injection execution on him regardless of what other lethal injection protocol it adopts. It does not matter what lethal injection protocols Ohio may or may not adopt in the future, and the Magistrate Judge's analysis fails to account for this point.

(Objections, ECF No. 325, PageID 4332.)

The United States Supreme Court has never held that execution by lethal injection is *per se* unconstitutional. In his Proposed Amended Petition, Raglin would assert

> 88. Raglin's lethal-injection invalidity claims are not per se unconstitutionality challenges; they are challenges that the evidence now shows *Ohio* is unable to constitutionally execute Raglin using lethal injection and thus there is no manner of execution authorized under Ohio law by which Ohio can execute him.

(ECF No. 272-1, PageID 3729, emphasis in original.) Raglin then goes on at great length in the proposed amended petitionto list problems that have occurred in lethal injection executions, both in Ohio and in other States, in the past. He catalogues the expected difficulties in using compounded drugs. *Id.* at PageID 3749-55. He asserts that "importation of drugs to executive Raglin via lethal-injection would violate federal law." *Id.* at PageID 3755-58. He further asserts "DRC's consistent deviations from execution protocols preclude Ohio from carrying out a lethal-injection execution without violating the law and his constitutional rights." *Id.* at PageID 3758-62. Raglin argues his "individual characteristics preclude Ohio from carrying out a lethal injection

6

execution on him without violating the law and his constitutional rights." *Id.* at PageID 3762-63.

These claims are not properly heard in habeas corpus. Problems in past executions do not make future executions unconstitutional. Violations of federal law other than the Constitution are not cognizable in habeas corpus. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Raglin's argument about his individual characteristics rendering lethal injection unconstitutional is precluded by *Bucklew* (the holding, not any dicta). Raglin has not proposed to plead any **facts** which, if proved, would render his sentence unconstitutional.

**Motion for Relief from Judgment**

In addition to his Motion to Amend the judgment under Fed.R.Civ.P. 59(e), Raglin made a Motion for Relief from Judgment under either Fed.R.Civ.P. 60(b)(6) or (b)(5). The Report concluded he had not shown the extraordinary circumstances required for relief under Rule 60(b)(6). (ECF No. 320, PageID 4303.)

In his Objections, Raglin claims that the extraordinary circumstance necessary to grant relief is the decision in *Bucklew* which he says changes the law by abrogating *Campbell*. Of course, the Magistrate Judge does not agree that the law has changed. But even if it had, the Sixth Circuit has repeatedly held that a change in decisional law is usually not, by itself, an extraordinary circumstance. *Landrum v. Anderson*, 813 F.3d 330, 335 (6th Cir. 2016)(capital case); *Wright v. Warden*, 793 F.3d 670 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014)(capital case), quoting *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013)(capital case), citing *Stokes v. Williams*, 475 F.3d 732, 734-35 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997);

*Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Similarly, the Report held that there had not been a significant change in the law so as to justify relief under Fed.R.Civ.P. 60(b)(5). In his Objections, Raglin reiterates his argument about the purported abrogation of *Campbell* by *Bucklew*. No further analysis on this point is warranted.

**Conclusion**

Having reconsidered the matter, the Magistrate Judge remains of the opinion that Raglin's Motions for Amend and for Relief from Judgment should be denied.

August 13, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).