UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter Raglin,

        Petitioner,

v.

        Case No. 1:00-cv-767

        Judge Michael R. Barrett

Betty Mitchell, Warden,

        Respondent.

### ORDER

This matter is before the Court on the Magistrate Judge's June 10, 2019 Report and Recommendation ("R&R") on Petitioner's Second Motion to Alter or Amend the Judgment and Motion for Relief from Judgment (Doc. 320); and the Magistrate Judge's August 13, 2019 Supplemental Recommendations on Rule 59(e) and 60 Motions (Doc. 327). Petitioner filed Objections. (Docs. 325, 333). Respondent filed a Response to those Objections. (Doc. 334).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this capital habeas corpus action pursuant to 28 U.S.C. § 2254. On March 22, 2018, this Court issued an opinion, order and final judgment. (Docs. 295, 296). Petitioner seeks to reopen or amend the judgment in order to move to amend his Petition to add lethal injection invalidity claims. This Court previously denied a similar motion on the basis of *In re Campbell*, 874 F.3d 454 (6th Cir. 2017). (Doc. 292). Petitioner maintains that *Campbell* was subsequently abrogated by *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019). The Magistrate Judge concluded that that there was nothing in *Bucklew* which abrogates *Campbell,* and Petitioner's claims are not properly heard in habeas corpus.

The Sixth Circuit has recently ruled that *Campbell* was not abrogated by *Bucklew*. *In re Smith*, No. 17-4090, 2020 WL 2732228, at *3 (6th Cir. May 26, 2020) (holding that the petitioner's proposed as-applied method-of-execution claim are not cognizable in habeas in light of *Campbell*). Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's Motions for Amend and for Relief from Judgment should be denied.

Based on the foregoing, the Magistrate Judge's June 10, 2019 R&R on Petitioner's Second Motion to Alter or Amend the Judgment and Motion for Relief from Judgment (Doc. 320); and the Magistrate Judge's August 13, 2019 Supplemental Recommendations on Rule 59(e) and 60 Motions (Doc. 327) are **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Second Motion to Alter or Amend the Judgment (Doc. 309) is **DENIED**;

2. Petitioner's Motion for Relief from Judgment (Doc. 310) is **DENIED**; and

3. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT